UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHOULEE CONES, et al,<br><br>                              Plaintiffs,<br><br>v.<br><br>PAREXEL INTERNATIONAL CORPORATION,<br><br>                              Defendant. | Case No.:  3:16-cv-03084-L-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION [Doc. 11] TO DISMISS** |

Pending before the Court is Defendant Parexel International Corporation LLC's ("Defendant") motion to dismiss portions of Plaintiffs'[1] First Amended Complaint. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1).  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.

---

[1] This is a putative class/collective action.  The named plaintiffs are Schoulee Cones and Dexter Pasis.

## I. BACKGROUND

Plaintiffs in this action are former employees of Defendant. During their employment, Plaintiffs were classified as exempt salaried employees and worked in excess of eight hours a day and forty hours a week. Plaintiffs contend that their classification as exempt was improper. As a result of this misclassification, Plaintiffs allege they were wrongfully denied overtime pay, meal and rest periods, properly itemized wage statements, and prompt payment of all wages upon termination. Plaintiffs filed a First Amended Class Action Complaint on February 15, 2017 alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201; California Labor Code Sections 201, 202, 203, 226, 226.7, 510, 512, and 1198; and California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §17200 et seq. (FAC [Doc. 8].) Defendant now moves to dismiss portions of the FAC. (MTD [Doc. 11].) Plaintiffs Oppose. (Opp'n [Doc. 12].)

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.2d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegation in the complaint "must be enough to

raise a right to relief above the speculative level." *Id*. at 1965.  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

### III. PUNITIVE DAMAGES

Defendant's motion seeks dismissal of Plaintiffs' prayer for punitive damages on the grounds that none of the claims alleged in the FAC can trigger a punitive damages award.  The authority cited by Defendant does clearly establish that, in the context of statutory wage and hour claims under the FLSA and the California Labor Code, punitive damages are not available.  *Brewer v. Premier Golf Properties*, 168 Cal. App. 4th 1243, 1252 (2009) (punitive damages not available for violations of California Labor Code provisions that govern only where an employment contract exists); *Dittmar v. Costco Wholesale Corp.*, 2015 WL 7106636 at *5 (S.D. Cal. 2015) (same); *Madrigal v. Tommy Bahama Grp., Inc.*, 2010 WL 4384235 at *7–8 (C.D. Cal. 2010) (no punitive damages available for FLSA violations).  Tellingly, Plaintiffs do not contest Defendant's arguments that punitive damages are unavailable on the presently alleged claims.  Rather, Plaintiffs' opposition argues only that a Fed. R. Civ. P. 12(b)(6) motion is a procedurally improper method by which to attack a prayer for relief.  This argument is unpersuasive because it flatly contradicts binding Ninth Circuit authority cited in Defendant's original motion.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2014) (holding that a motion under Fed. R. Civ. P. 12(b)6 or 56 is the proper pre-trial mechanism to attack a prayer for relief contained in a complaint).  Accordingly, the Court **GRANTS** Defendant's motion as to the prayer for punitive damages.

### IV. CAL. LABOR CODE § 226 AND THE UCL

Defendant seeks dismissal of Plaintiffs' UCL claim to the extent it is predicated on Defendant's alleged failure to provide properly itemized wage statements in violation of

Cal. Labor Code §226.  The only remedies the UCL provides for private plaintiffs are restitution and injunctive relief.  *Pineda v. Bank of America, N.A.*, 50 Cal. App. 4th 1389, 1401 (2010) (*citing* Cal. Bus. & Prof. Code § 17203).  "The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003).  Thus, the California Supreme Court has held that Labor Code penalties for failure to pay wages are recoverable under the UCL because "[o]nce earned,… unpaid wages [become] property to which … employees [are] entitled."  *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 168 (2000).  By contrast, the California Supreme Court has held that Labor Code penalties for the late payment of wages following termination are not recoverable under the UCL because such penalties do not serve to "restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest."  *Pineda*, 50 Cal. 4th at 1401.

Labor Code penalties for failure to provide properly itemized wage statements are much more similar to penalties for the late payment of wages than they are to penalties for failure to pay wages at all.  To wit, as with penalties for late payment of wages, a plaintiff has no vested interest in penalties for failure to provide properly itemized wage statements unless and until awarded by a relevant body.  *See Pineda*, 50 Cal. 4th at 1402 (an employee has no vested interested in penalties for late payment of wages unless and until a relevant body awards such penalties.)  Because Plaintiffs therefore have no vested ownership interest in penalties for the late payment of wages, they cannot seek these penalties as restitution.

That said, the UCL also provides for injunctive relief.  *Pineda*, 50 Cal. App. 4th at 1401 (citing Cal. Bus. & Prof. Code § 17203).  Further, Plaintiffs' First Amended Complaint can be construed as including a request for an injunction requiring Defendant to issue Labor Code complaint wage statements.  (FAC ¶ L.)  Defendant presents no argument as to why Plaintiffs could not feasibly obtain such relief.  Accordingly, the

Court **DENIES** Defendant's motion as to the inclusion of the wage statement violation in Plaintiffs' sixth claim for relief.

### V. ATTORNEYS' FEES AND THE UCL

Defendant also seeks dismissal of Plaintiffs' request under California Code of Civil Procedure § 1021.5 for attorneys' fees stemming from prosecution of the UCL claim. §1021.5 provides that

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Cal. Civ. P. Code § 1021.5. Defendant argues that class action statutory employment litigation such as the present case cannot trigger § 1021.5 because the potential recovery provides adequate incentive for parties to bring this type of suit. Plaintiffs oppose, arguing that the issue of § 1021.5 attorney's fees is not ripe for consideration at the pleading stage.

The Court agrees with Plaintiffs that the issue of attorney's fees is not ripe for adjudication. To recover attorney's fees under § 1021.5, a plaintiff need not even include a prayer in any pleadings. *Snatchko v. Westfield LLC*, 187 Cal. App. 4th 469, 497 (2010). Rather, a plaintiff can raise the issue for the first time via a post judgment motion. *Id.* Furthermore, determining whether awarding attorneys' fees under § 1021.5 is appropriate requires a factor based analysis that seems impossible to properly undertake at the pleading stage. *See Madrigal v. Tommy Bahama Grp., Inc.*, 2010 WL 4384235 (C.D. Cal. 2010) (denying a motion to dismiss a prayer for attorneys' fees on materially identical facts). Accordingly, the Court **DENIES** Defendant's motion as to the prayer for § 1021.5 attorneys' fees.

## VI. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's motion to dismiss as follows:

- Plaintiff's prayer for punitive damages is dismissed.

**IT IS SO ORDERED.**

Dated: July 6, 2017

_____
Hon. M. James Lorenz
United States District Judge