Patrick N. Keegan, Esq. (SBN 167698)
pkeegan@keeganbaker.com
**KEEGAN & BAKER, LLP**
6156 Innovation Way
Carlsbad, CA 92009
Tel: (760) 929-9303
Fax: (760) 929-9260

Walter Haines, Esq. (SBN 71075)
walter@whaines.com
**THE UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Ste 201
Huntington Beach, CA 92649
Tel: (310) 234-5678
Fax: (562) 256-1006

Attorneys for Plaintiffs
SCHOULEE CONES and DEXTER PASIS

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

SCHOULEE CONES, an individual, and DEXTER PASIS, an individual, on behalf of themselves and all others similarly situated,

Plaintiff,

vs.

PAREXEL INTERNATIONAL CORPORATION, a Massachusetts corporation licensed to do business in the State of California; and PAREXEL INTERNATIONAL, LLC, a Massachusetts limited liability company licensed to do business in the State of California,

Defendants.

Case No. 16-cv-3084-L-BGS

Assigned to: Hon. M. James Lorenz

**DECLARATION OF PATRICK N. KEEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION UNDER FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b); AND FOR CLASS CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23**

Date: May 14, 2018

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

I, Patrick N. Keegan, declare as follows:

1. I am an attorney at law duly authorized to practice law in the State of California. I am a member of the law firm of Keegan & Baker, LLP, counsel for Plaintiffs Schoulee Cones and Dexter Pasis ("Plaintiffs"). I have personal knowledge of the following facts and if called upon as a witness I could and would competently testify to the matters stated herein.

2. This declaration is made in support of Plaintiffs' motion for (1) conditional certification of Plaintiffs' First Claim for Relief for violations of the FLSA, 29 U.S.C. § 201 *et. seq*., SAC (Dkt. No. 26) ¶¶ 54–59, and (2) pursuant to Federal Rule of Civil Procedure 23, an order certifying Plaintiffs' Second Claim for Relief for failure to pay overtime compensation, Third Claim for Relief for failure to provide rest breaks and meal periods, Fourth Claim for Relief for failure to provide accurate itemized wage statements, Fifth Claim for Relief for late pay and waiting time penalties, and Sixth Claim for Relief for unfair business practices. Specifically, Plaintiffs seek conditional certification of Plaintiffs' First Claim for Relief for violations of the FLSA, 29 U.S.C. § 201 *et. seq*., Second Amended Complaint ("SAC") (Dkt. No. 26) ¶¶ 54–59, on behalf of a class of similarly situated employees, as an opt-in collective action under 29 U.S.C. § 216(b), defined as follows:

> **FLSA Class:** All persons employed by Defendants as a Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate I (CMA I)," a "Clinical Monitoring Associate II (CMA II)," "Senior Clinical Monitoring Associate (Sr. CMA)," a "Clinical Research Associate I (CRA I)," a "Clinical Research Associate II (CRA II)," and/or a "Senior Clinical Research Associate (Sr. CRA)" within the United States at any time since December 22, 2013 to December 31, 2017 ("Class Period"), and who file their consent to join this collective action as a party plaintiff pursuant to 29 U.S.C. § 216(b).

Plaintiffs also seek, pursuant to Federal Rule of Civil Procedure 23, an order certifying Plaintiffs' Second Claim for Relief for failure to pay overtime compensation, SAC (Dkt. No. 26) ¶¶ 60–72; Third Claim for Relief for failure to provide rest breaks and meal periods, id. ¶¶ 73–83; Fourth Claim for Relief for failure to provide accurate itemized wage statements, id. ¶¶ 84–92; Fifth Claim for Relief for late pay and waiting time penalties, id. ¶¶ 93–100; and Sixth Claim for Relief for unfair business practices, id. ¶¶ 101–108, on behalf of a class of similarly situated employees defined as follows:

> **California Sub-Class:** All persons employed by Defendants as a Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate I (CMA I)," a "Clinical Monitoring Associate II (CMA II)," "Senior Clinical Monitoring Associate (Sr. CMA)," a "Clinical Research Associate I (CRA I)," a "Clinical Research Associate II (CRA II)," and/or a "Senior Clinical Research Associate (Sr. CRA)" within the State of California at any time since December 22, 2012 to December 31, 2017

("Class Period").

3. This class action arises from Defendants Parexel International Corporation and Parexel International, LLC's ("Defendants" or "Parexel") violations of the Fair Labor Standards Action (FLSA), the California Labor Code, California Industrial Welfare Commission Order No. 4-2001, and the California Business and Professions Code § 17200, *et seq*., alleged in the SAC on behalf of Plaintiffs, and all others similarly situated current and former employees of Parexel, seeking damages and restitution, including the unpaid balance of earned overtime wages, premium wages for missed meal and rest periods, civil penalties, and interest, as well as reasonable attorney's fees and costs of this litigation.

4. On <u>December 22, 2016</u>, Plaintiff Schoulee Cones filed her original Class Action Complaint for Damages and Injunctive Relief (Dkt. No. 1). On January 25, 2017, Defendant Parexel International Corporation filed a Motion to Dismiss (Dkt. No. 4). On February 13, 2017, Plaintiff Shoulee Cones filed a Notice of Intent to File First Amended Class Action Complaint (Dkt. No. 6). On <u>February 15, 2017</u>, Plaintiffs Schoulee Cones and Dexter Pasis filed a First Amended Class Action Complaint for Damages and Injunctive Relief (Dkt. No. 8). On March 1, 2017, Defendant Parexel International Corporation filed a Motion to Partially Dismiss Amended Complaint (Dkt. No. 11). On March 27, 2017, Plaintiffs' filed an Opposition to the Motion to Partially Dismiss Amended Complaint (Dkt. No. 12). On April 3, 2017, Defendant Parexel International Corporation filed a Reply in Support of Motion to Partially Dismissed Amended Complaint (Dkt. No. 13). On July 7, 2017, the Court entered an Order Granting in Part and Denying in Part Defendant's Motion [Doc. 11] to Dismiss (Dkt. No. 17). On July 28, 2017, Defendant Parexel International Corporation Answered Plaintiffs' First Amended Complaint (Dkt. No. 22). On August 14, 2017, Plaintiffs' filed a Notice of Motion for Leave to Amend and to Filed Plaintiffs' Second Amended Class Action Complaint (Dkt. No. 23). On September 7, 2017, the Court issued an Order Granting Motion for Leave to Filed amended Complaint (Dkt. No. 25). On

September 11, 2017, Plaintiffs' filed a Second Amended Class Action Complaint for Damages and Injunctive Relief (Dkt. No. 26).

5. I was admitted to the California Bar in 1993. I received my Bachelor of Arts degree in Political Science from California State University, Long Beach in 1989 and my Juris Doctor degree from California Western School of Law in 1993. From 1993 through 2002, I was an associate of Krause & Kalfayan, a firm specializing in antitrust, consumer, and securities fraud class action litigation. In 2003, I became a founding member of Keegan & Baker, LLP (formally Keegan, Macaluso & Baker, LLP) a San Diego-based law firm with a concentration in complex civil litigation in the areas of antitrust, consumer fraud, employment, corporate, partnership, real estate, and securities law.

6. Throughout my career, I have specialized in complex commercial and class action litigation. I have been involved in every stage of class action litigation. In connection with these prior class actions, I have conducted discovery, argued motions, drafted pleadings, drafted class notices, examined witnesses, represented class members at settlement conferences, deposed defendants and third party witnesses, defended class representative depositions and participated in final disposition hearings. I have also tried class action cases. In 2003, I, acted as co-lead counsel and co-trial counsel, in an class action entitled *Jason A. Park v. Cytodyne Technologies, Inc.*, Case No. GIC 768364, [2003 WL 21283814], California Superior Court, San Diego County, (Judge Ronald L. Styn), asserting claims under the Unfair Competition Laws (Business and Professions Code §§ 17200 and 17500) in which a total judgment of $18,080,742.14 in restitution, attorneys' fees and costs, and additional prohibitive injunctive relief was obtained on behalf of the certified class after a 7 week trial.

7. I have also acted as lead or co-lead counsel on behalf of plaintiffs in class action involving the litigation of employment law claims resulting in significant recoveries in the following recent cases:

(1) *Marine v. Interstate Distributor Co.*, Case No. RG07358277, Alameda Superior Court (Judge Winifred Y. Smith) (represented employees of Interstate Distributor Co. in the position of local hourly driver, and obtained a settlement of $2,650,000 in 2016.

(2) *4G Wireless Wage and Hour Cases*, JCCP No. 4736, Orange County Superior Court (Judge Gail A. Andler) (represented employees of 4G Wireless in the position of Store Managers, and obtained a settlement of $900,000 for 236 Class members in 2014).

(3) *Jose Alvarez v. Action Freight Services, Inc., et al.*, Case No. FCS036787, Solano County Superior Court (Judge Harry S. Kinnicutt) (obtained a settlement on behalf of 36 truck drivers that delivered products to National Tire Warehouse who were classified as independent contractors in 2013);

(4) *Marshall Brewer, et al. v. Hennessey's Tavern, Inc.*, Case No. 37-2008-00090677, San Diego Superior Court (Judge Jeffrey B. Barton) (represented employees of Hennessey's Tavern in the position of Assistant Manager in an action asserting violations of the California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a settlement of $1,637,000 for 29 Class and 54 Release Sub-Class members in 2012)

(5) *Frank Stanndard, et al. v. Southern California Edison Company*, Case No. 97-CV-1116 TW (JAH), United States District Court, Southern District of California (Judge Thomas Whelan) (sealed settlement reached on behalf of an opt-in class of employees in an action asserting violations of FLSA in 2010).

(6) *In re LivHome, Inc. Wage and Hour Cases*, JCCP 4570, San Diego Superior Court, Central Division (Judge Jeffrey B. Barton)(represented employees of LivHome in the position of Caregiver in an action asserting violations of the California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a settlement which provided 1,019 claimants *with a net recovery of 100%* of the value of their claims in 2010).

(7) *Ann Baskall v. KFC U.S. Properties, Inc.*, Case No. 37-2007-00084348-CU-OE-CTL, San Diego Superior Court, Central District (Judge Steven R. Denton) (represented employees of KFC in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-made settlement of $4.75 million for 1,963 class members in 2009)

(8) *Griselda Patterson, et al. v. Best American Hospitality, Inc.*, Case No. BC377173, Los Angeles Superior Court (Judge Charles F. Palmer) (represented employees of Best American Hospitality, Inc. in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-made settlement of $2.5 million for class members in 2009).

(9) *Fontenette, et al. v. Certified Tire & Service Centers, Inc.*, Case No. GIC881509, San Diego Superior Court, Central District, (Judge Yuri Hofmann) (represented employees of Certified Tire & Service Centers, Inc. in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-

made settlement of $1.6 million for 459 class members in 2008).

(10) *Kritz, et al. v. Fluid Components, Inc., et al.*, Case No. GIN057142, San Diego Superior Court, North County Division, (Judge Robert P. Dahlquist) (represented employees of Fluid Components Inc. in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-made settlement of $1.5 million for 199 class members in 2008).

(11) *Wathik Sabri, et al. v. GMAC Mortgage Corporation*, Case No. 03CC00423, California Superior Court, Orange County, (Judge Richard L. Bauer) (represented employees of GMAC Mortgage (dba DiTech.com) in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-made settlement of $5 million for class members in 2006).

8. I have also acted as lead or co-lead counsel certified on behalf of a plaintiff class resulting in significant recoveries during the last 15 years, in the following cases:

(1) *Eileen Johansson-Dohrmann v. CBR Systems, Inc.*, Case No. 12-cv-01115-MMA-BGS, United States District Court, Southern District of California (Judge Michael M. Anello) (personal information data theft settlement for violations of Confidentiality of Medical Information Act (Civil Code § 56, *et seq.*), Invasion of Privacy, Civil Code § 1798.80*, et seq.,* Breach of Contract, and Business & Professions Code § 17200*, et seq.*, for the benefit of approximately 286,494 consumers in the form of credit monitoring, reimbursement of out-of-pocket expenses, and identity theft reimbursement valued at over $113 million and injunctive relief in 2013).

(2) *Daniel Pepper v. Midland v. Midland Credit Management, Inc.*, Case No. 37-2011-00088752-CU-BT-CTL, San Diego Superior Court, Central Division (Judge Joel R. Wohlfeil) (alleging claims for the illegal recording of telephone calls without consent in violation of the privacy laws of California, Florida, Maryland, Massachusetts, Nevada, New Hampshire, Pennsylvania, and Washington, for the benefit of approximately 1,675,821 Class members in the form of monetary benefits worth over $24 million and addition privacy protections in 2013).

(3) *Maureena Garcia v. New York & Company, Inc.*, Case No. 37-2010-00060893, San Diego Superior Court, North County (Judge Robert P. Dahlquist) (settlement for violations of California privacy laws for the benefit of approximately 289,000 consumers in the form of cash vouchers and injunctive relief in 2012)

(4) *Rosemary Cohorst, et al. v. BRE Properties, Inc., et al.*, Case N. 10-cv-2666-JM, United States District Court, Southern District of California (Judge Jeffrey T. Miller) (settlement for violations of California Penal Code § 630 and Business & Professions Code § 17200, and obtained a settlement of $5.5 million in 2012)

(5) *Blue Cross of California Website Security Cases*, JCCP 4647, Orange County Superior Court (Judge Ronald L. Bauer) (settlement for violations of Civil Code § 56, Invasion of Privacy, Civil Code § 1798.80, and Business & Professions Code § 17200, for the benefit of approximately 641,769 consumers

in the form of credit monitoring in 2012).

(6) *Nancy Fogelstrom, et al. v. Tween Brands, Inc.*, Lead Case No. 37-2008-00060767-CU-BT-NC, San Diego Superior Court, North County Division (Judge Robert P. Dahlquist) (settlement for violations of California privacy laws for the benefit of over 3 million consumers in the form of cash vouchers and injunctive relief that will restrain the future conduct of Defendant in 2010).

(7) *Michael Piscitelli, et al. v. Winn & Sims, APC*, Case No. 37-2007-00056054-CU-BT-NC, San Diego Superior Court, North County Division (Judge William S. Dato) (settlement for $838,365 for violations of the TCPA and injunctive relief that will restrain the future conduct of Defendant in 2009).

(8) *Darren Pedersen v. Ford Motor Company,* Case No. GIC 821797, Superior Court for the State of California, San Diego County, (Judge Jeffrey B. Barton)(represented a class of persons who purchased or leased a new model year 2000 or 2001 Ford F-150 truck equipped with either the Class III Trailer Towing Group option or the Heavy-Duty Electrical/Cooling Group option and not equipped with the 7700 lbs Payload Group option from Ford Motor Company directly or through one of its authorized dealerships), and obtained a settlement of (1) a cash award of up to $100 per Class Vehicle; or (2) reimbursement for prior out-of-pocket or notice period radiator replacements for nearly 100,000 class members in 2007).

(9) *Wathik Sabri, et al. v. GMAC Mortgage Corporation*, Case No. 03CC00423, California Superior Court, Orange County, (Judge Richard L. Bauer) (represented employees of GMAC Mortgage (dba DiTech.com) in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-made settlement of $5 million to class members in 2006).

(10) *Malek v. Blue Cross of California*, Case No. BC271992, California Superior Court, Los Angeles County, (Judge Anthony J. Mohr) (settlement of $5 million on behalf of the class of insureds in California governmental health care plans and prohibitive injunctive relief in 2005).

(11) *Jean Hargis v. Metabolife International, Inc.*, Case No. GIC797521, California Superior Court, San Diego County, (Judge John S. Meyer) (settlement of an uncapped monetary recovery on behalf of the class of every purchaser of Metabolife's ephedrine products over 4 year period and prohibitive injunctive relief in 2005).

(12) *Gordon v. Reliant Energy Inc. et al.*, Case No. 00-CV-2525 BTM(RBB), U.S. District Court, Southern District of California, (Judge Barry Ted Moskowitz) antitrust case (settlement with one electricity market participant for $150 million in cash consideration in 2002).

(13) *National Metals, Inc. v. Sumitomo Corporation, et al.*, Case No. GIC734001, *Heliotrope General, Inc., et al. v. Sumitomo, et al.*, Case Nos. 701679 and 701680, California Superior Court, San Diego County, (Judge J. Michael Bollman) ($15.75 million settlement in 2002).

(14) *Jorge Reinoza v. Syntrax Innovations, Inc. et al.*, Case No. GIC757535, California Superior Court, San Diego County, (Judge Patricia Cowett) (case settled for settlement value of $1.58 million in 2002).

9. I do not have a pre-existing business, personal, social, familial or financial relationship with Plaintiff and have never represented Plaintiff before this case. I have no conflicts of interest with the Class or with Plaintiffs. I am not related to the Plaintiffs. I have not previously represented any of Defendants in any matter. I know of no other known pending actions similar to this action. There are no opposing factions within the Class and I do not represent opposing factions within the Class in that all claims are predicated upon the same theories of liability and benefit all class members equally. I have personally worked with Plaintiffs, formulated legal theories and strategies, drafted pleadings, prepared and answered discovery, and interviewed witnesses and I have taken the depositions of Defendants' key witnesses, Karen Chu, Meaghan Marnell, Jamie Langley, Alison Moyer, and Cynthia Vibar.

10. True and correct copies of following described documents are, as indicated, either (1) attached hereto as the following exhibits; or (2) documents are submitted under seal pursuant to the Parties' Stipulated Protective Order (Dkt. No. 31), entered on October 26, 2017. For the convenience of the parties and the Court, documents previously marked as number exhibits in witness depositions previously taken in this litigation have been used. All other documents are marked as alphabetical exhibits. The following described documents are referred to in Plaintiffs' accompanying memorandum.

Exhibit A: Defendant's Response to Plaintiffs' First Set of Requests for Admission, dated November 30, 2017;

Exhibit B: Defendant's Supplemental Response to Plaintiffs' First Set of Interrogatories, dated November 6, 2017;

Exhibit C: Standard Operating Procedure, PAR000558-PAR000598 **[Filed Under Seal]**;

Exhibit D: Standard Operating Procedure, PAR000599-PAR000641 **[Filed Under Seal]**;

Exhibit E: Standard Operating Procedure, PAR000642-PAR000681 **[Filed Under Seal]**;

Exhibit F: Standard Operating Procedure, PAR000682-PAR000747 **[Filed Under Seal]**;

Exhibit G: Standard Operating Procedure, PAR000761-PAR000838 **[Filed Under Seal]**;

Exhibit H: Standard Operating Procedure, PAR000839-PAR000881 **[Filed Under Seal]**;

Exhibit I: Standard Operating Procedure, PAR002949-PAR002966 **[Filed Under Seal]**;

Exhibit J: Standard Operating Procedure, PAR001019-PAR001053 **[Filed Under Seal]**;

Exhibit K: Standard Operating Procedure, PAR002706-PAR002740 **[Filed Under Seal]**;

Exhibit L: Standard Operating Procedure, PAR002741-PAR002780 **[Filed Under Seal]**;

Exhibit M: Standard Operating Procedure, PAR003027-PAR003045 **[Filed Under Seal]**;

Exhibit N: Standard Operating Procedure, PAR003075-PAR003121 **[Filed Under Seal]**;

Exhibit O: Standard Operating Procedure, PAR003279-PAR003296 **[Filed Under Seal]**;

Exhibit P: Standard Operating Procedure, PAR003460-PAR003495 **[Filed Under Seal]**;

Exhibit Q: Declaration of Matthew Weaver, dated April 8, 2018 **[Filed Under Seal];**

Exhibit R: Declaration of Sarah Kenneweg, dated April 6, 2018 **[Filed Under Seal]**;

Exhibit S: Declaration of Matthew O'Gorden, dated April 5, 2018 **[Filed Under Seal]**;

Exhibit T: Excerpts of the Deposition Transcript of Dexter Pasis, taken on November 20, 2017;

Exhibit U: Excerpts of the Deposition Transcripts of Schoulee Cones, taken on November 28, 2017, Vol. I

Exhibit V: Excerpts of the Deposition Transcript of Schoulee Cones, taken on December 1, 2017, Vol. II **[Filed Under Seal]**;

Exhibit W: Excerpts to the Deposition Transcript of Karen J. Chu, taken on December 7, 2017;

Exhibit X: Excerpts of the Deposition Transcript of Meaghan Marnell, taken on December 8, 2017;

Exhibit Y: Excerpts of the Deposition Transcript of Jamie Langley, taken on January 12, 2018;

Exhibit Z: Excerpts of the Deposition of Alison Moyer, taken on January 15, 2018;

Exhibit AA: Excerpts of the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 2: Redacted Offer of Employment Letter to Mr. Pasis', PAR-000036-PAR-000038, attached as Exhibit 2 to the Deposition Transcript of Dexter Pasis, taken on November 20, 2017;

Exhibit 9: Job Description for Clinical Monitoring Associate II (CMA II), attached as Exhibit 9 to the Deposition Transcript of Dexter Pasis, taken on November 20, 2017;

Exhibit 10: Parexel Time Records for Dexter Pasis, PAR000072-PAR000112, attached as Exhibit 10 to the Deposition Transcript of Dexter Pasis, taken on November 20, 2017;

Exhibit 11: Meal and Rest Period Policy, PAR001094-PAR001102, attached as Exhibit 11 to the Deposition Transcript of Dexter Pasis, taken on November 20, 2017;

Exhibit 12: Redacted Resignation Letter of Dexter Pasis, PAR000015, attached as Exhibit 12 to the Deposition Transcript of Dexter Pasis, taken on November 20, 2017;

Exhibit 25: Parexel Time Records for Schoulee Cones, CONES0026-CONES0033, attached as Exhibit 25 to the Deposition Transcript of Schoulee Cones, taken on December 1, 2017;

Exhibit 26: Timekeeping and Overtime Policy, PAR001098-PAR001102, attached as Exhibit 26 to the Deposition Transcript of Schoulee Cones, taken on December 1, 2017;

Exhibit 27: Parexel Meal and Rest Period Policy, PAR001094-PAR001097, attached as Exhibit 27 to the Deposition Transcript of Schoulee Cones, taken on December 1, 2017;

Exhibit 32: Email to Schoulee Cones Re Today's Meeting, PAR001151, attached as Exhibit 32 to the Deposition Transcript of Schoulee Cones, taken on December 1, 2017;

Exhibit 35: Email from Schoulee Cones Re Background Checks, PAR001177-PAR001178, attached as Exhibit 35 to the Deposition Transcript of Schoulee Cones, taken on December 1, 2017;

Exhibit 37: Job Description for Senior Clinical Research Associate (Sr. CRA), PAR000312-PAR000315, attached as Exhibit 37 to the Deposition Transcript of Schoulee Cones, taken on December 1, 2017 **[Filed Under Seal]**;

Exhibit 38: Plaintiffs' Amended Notice of Deposition of Karen Chu and Request for Production of Documents at Deposition, attached as Exhibit 38 to the Deposition Transcript of Karen Chu, taken on December 7, 2017;

Exhibit 39: Curriculum Vitae for Karen Chu, CHU 000001-CHU 000003; CHU 000013-CHU 000026, attached as Exhibit 39 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 [**Filed Under Seal**];

Exhibit 40: Defendant's Objections and Response to Plaintiffs' Amended Notice of Deposition of Karen Chu and Request for Production of Documents at Deposition, attached as Exhibit 40 to the Deposition Transcript of Karen Chu, taken on December 7, 2017;

Exhibit 41: Defendant's Initial Disclosures, attached as Exhibit 41 to the Deposition Transcript of Karen Chu, taken on December 7, 2017;

Exhibit 42: Memo to Clinical Operations CMA, CRA, and CTS Staff Re: Clinical Operations Expectations and Guidelines to Help You Succeed at PAREXEL, PAR000245-PAR000254, attached as Exhibit 42 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 43: PowerePoint Re Impact Harmony Introduction, D000301-D000328, attached as Exhibit 43 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 44: Site Visit Report and Issues Guidance; Issue and Action Documentation, PAR000371-PAR000374, attached as Exhibit 44 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 45: PAREXEL International Monitoring Plan, D000238-D000300, attached as Exhibit 45 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 46: Clinical Operations Employee Guidelines, PAR000204-PAR000244, attached as Exhibit 46 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 47: Job Description for Clinical Monitoring Associate I (CMA I), PAR000316-PAR000319, attached as Exhibit 47 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 48: Job Description for Clinical Monitoring Associate II (CMA II), PAR000320-PAR000323, attached as Exhibit 48 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 49: Job Description for Senior Clinical Monitoring Associate (Sr. CMA), PAR000324-PAR000327, attached as Exhibit 49 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 50: Job Description for Clinical Research Associate (CRA) I, PAR000296-PAR000299, attached as Exhibit 50 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 51: Job Description for Clinical Research Associate (CRA) II, PAR000304-PAR000307, attached as Exhibit 51 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 52: Job Description for Senior Clinical Research Associate (Sr. CRA), PAR000312-PAR000315, attached as Exhibit 52 to the Deposition Transcript of Karen Chu, taken on December 7, 2017 **[Filed Under Seal]**;

Exhibit 53: Plaintiffs' Amended Notice of Deposition of Meaghan Marnell and Request for Production of Documents at Deposition, attached as Exhibit 53 to the Deposition Transcript of Meaghan Marnell, taken on December 8, 2017;

Exhibit 54: Defendant's Objections and Response to Plaintiffs' Amended Notice of Deposition of Meaghan Marnell and Request for Production of Documents at Deposition, attached as Exhibit 54 to the Deposition Transcript of Meaghan Marnell, taken on December 8, 2017;

Exhibit 55: Curriculum Vitae for Meaghan Marnell, MARNELL 000001-MARNELL 000002, attached as Exhibit 55 to the Deposition Transcript of Meaghan Marnell, taken on December 8, 2017 **[Filed Under Seal]**;

Exhibit 56: Job Description for Associate Director GRO, One Site Monitoring, MARNELL 000002-MARNELL 000004, attached as Exhibit 56 to the Deposition Transcript of Meaghan Marnell, taken on December 8, 2017 **[Filed Under Seal]**;

Exhibit 57: Defendant's Amended Response to Plaintiffs' First Set of Requests for Admission, attached as Exhibit 57 to the Deposition Transcript of Meaghan Marnell, taken on December 8, 2017;

Exhibit 58: Verifications Executed by Meaghan Marnell, attached as Exhibit 58 to the Deposition Transcript of Meaghan Marnell, taken on December 8, 2017;

Exhibit 69: Job Description for Training Business Partner, LANGLEY 00001-LANGLEY 00003; Curriculum Vitae for Jamie Langley, LANGLEY 00004-LANGLEY 00007; HR Organization, Learning & Organizational Development, LANGLEY 00008-LANGLEY 00009; Regulatory Transcript for Schoulee Cones, LANGLEY 00010-LANGLEY 00018; and Regulatory Transcript of Dexter Pasis, LANGLEY 00019-LANGLEY 00031, attached as Exhibit 69 to the Deposition Transcript of Jamie Langley, taken on January 12, 2018 **[Filed Under Seal]**;

Exhibit 75: SMBT+ Agenda, attached as Exhibit 75 to the Deposition Transcript of Jamie Langley, taken on January 12, 2018;

Exhibit 81: Site Management Basic Training + Visit Module Flowchart, PAR012083, attached as Exhibit 81 to the Deposition Transcript of Jamie Langley, taken on January 12, 2018 **[Filed Under Seal]**;

Exhibit 200: PowerPoint ORG Chart Clin OPS NA & LA, MOYER 00001-MOYER 00013, attached as Exhibit 200 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018 **[Filed Under Seal]**;

Exhibit 201: Plaintiffs' Amended Notice of Deposition of Alison Moyer and Request for Production of Documents at Deposition, attached as Exhibit 201 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018;

Exhibit 203: Redacted Offer of Employment Letter to Ms. Cones, PAR001119-PAR001121, attached as Exhibit 203 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018;

Exhibit 210: Email to Schoulee Cones Re LMS Assignments, PAR001130-PAR001131, attached as Exhibit 210 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018;

Exhibit 218: Email to Schoulee Cones, PAR001157, attached as Exhibit 218 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018;

Exhibit 219: Email from Schoulee Cones Re Verification of Employment / Background Checks, PAR001159-PAR001169, attached as Exhibit 219 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018;

Exhibit 220: PAREXEL International Pre-Adverse Action Notice to Schoulee Cones, CONES0181, attached as Exhibit 220 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018 **[Filed Under Seal]**;

Exhibit 222: BackTrack Background Report for Schoulee Cones, CONES0183-CONES0189, attached as Exhibit 222 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018 **[Filed Under Seal]**;

Exhibit 223: Redacted Letter Re Pre-Adverse Action Notice, attached as Exhibit 223 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018;

Exhibit 228: Email from Schoulee Cones Re Pre-Adverse Action Letter, PAR001180-PAR001183, attached as Exhibit 228 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018;

Exhibit 229: Email Re Schoulee Cones - Business Concerns, PAR001185-PAR001186, attached as Exhibit 229 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018;

Exhibit 230: Letter Denying Employment Application of Ms. Cones, CONES0051, attached as Exhibit 229 to the Deposition Transcript of Alison Moyer, taken on January 15, 2018;

Exhibit 233: Plaintiffs' Second Amended Notice of Deposition of Cynthia Vibar and Request for Production of Documents at Deposition, attached as Exhibit 233 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018;

Exhibit 234: Curriculum Vitae for Cynthia Vibar, attached as Exhibit 234 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 235: One Notes, PAR013213, attached as Exhibit 235 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 236: One Notes, PAR013212, attached as Exhibit 236 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 237: One Notes, PAR013208-PAR013209, attached as Exhibit 237 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 238: One Notes, PAR013210-PAR013211, attached as Exhibit 238 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 239: Email Re Sample SMC Template, PAR013195-PAR013197, attached as Exhibit 239 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 240: Redacted Transitioning Staff, PAR001104-PAR001105, attached as Exhibit 240 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018;

Exhibit 241: Emails Re Notice: Dexter Pasis has been recognized!, PAR013202-PAR013206, attached as Exhibit 241 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 242: Report, PAR012988-PAR013169, attached as Exhibit 242 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 243: On-Site Initiation, PAR012587-PAR012596, attached as Exhibit 243 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 244: On-Site Qualification, PAR012800-PAR012804, attached as Exhibit 244 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 245: On-Site Monitoring, PAR012791-PAR012799, attached as Exhibit 245 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 246: On-Site Termination, PAR012981-PAR012987, attached as Exhibit 246 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018 **[Filed Under Seal]**;

Exhibit 247: LinkedIn for Cynthia Vibar, attached as Exhibit 247 to the Deposition Transcript of Cynthia Vibar, taken on March 14, 2018;

11. As a partner of the law firm of Keegan & Baker, LLP, I am completely familiar with my firm's file-keeping procedures. All of the exhibits referenced in proceeding paragraphs are true and correct copies taken directly from my firm's files in relation to this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration is executed this 9th day of April, 2018 in Carlsbad, California.

s/ *Patrick N. Keegan*
Patrick N. Keegan, Esq.