# Exhibit A

1    SEYFARTH SHAW LLP
     Diana Tabacopoulos (SBN 128238)
2    dtabacopoulos@seyfarth.com
     2029 Century Park East, Suite 3500
3    Los Angeles, California 90067-3021
     Telephone:   (310) 277-7200
4    Facsimile:   (310) 201-5219

5    SEYFARTH SHAW LLP
     Michael W. Kopp
6    mkopp@seyfarth.com
     400 Capitol Mall, Suite 2350
7    Sacramento, California 95814-4428
     Telephone:   (916) 448-0159
8    Facsimile:   (916) 558-4839

9    Attorneys for Defendants
     PARAXEL INTERNATIONAL,
10   CORPORATION,
     PAREXEL INTERNATIONAL, LLC
11

12                  UNITED STATES DISTRICT COURT

13                SOUTHERN DISTRICT OF CALIFORNIA

14   SCHOULEE CONES, an individual, and       Case No. 16-CV-3084-L-BGS
     DEXTER PASIS, an individual, on behalf
15   of themselves and all others similarly   **DEFENDANT'S RESPONSE TO**
     situated,                                **PLAINTIFFS' FIRST SET OF**
16                                            **REQUESTS FOR ADMISSION**
                        Plaintiffs,
17
              v.
18
     PAREXEL INTERNATIONAL
19   CORPORATION, a Massachusetts
     corporation licensed to do business in the
20   State of California, PAREXEL
     INTERNATIONAL LLC, a Massachusetts
21   limited liability Company licensed to do
     business in the State of California,
22
                        Defendants.
23

24

25   PROPOUNDING PARTY:          SCHOULEE CONES and DEXTER PASIS

26   RESPONDING PARTY:           PAREXEL INTERNATIONAL, LLC

27   SET NO.:                    ONE

28

42800511v.1

1  Defendant, PAREXEL INTERNATIONAL, LLC ("Defendant") by and through its
2  attorneys, respectfully responds to Plaintiffs' First Set of Requests for Admission.

3  **PRELIMINARY STATEMENT**

4  These responses are made solely for the purposes of this action. Each response is
5  subject to all objections as to competence, relevance, materiality, propriety, and
6  admissibility, and all other grounds that would require the exclusion of any statements
7  contained herein, if such statements were made by a witness testifying in court, all of which
8  are expressly reserved and may be interposed at the time of trial. The fact that Defendant
9  has answered part or all of any Request is not intended and shall not be construed to be a
10  waiver of part or all of any objection to any Request. Defendant is not making any
11  incidental or implied admissions.

12  The information contained in each response is based only upon the information
13  currently available to Defendant. Defendant's investigation and discovery in preparation
14  for trial will continue throughout this action. Additional investigation may disclose further
15  information relevant to these responses, including information obtained by Defendant from
16  Plaintiffs or third parties. Defendant fully reserves its right to alter, amend, supplement, or
17  otherwise revise these responses if, for any reason, such revisions or supplements become
18  warranted. Defendant responds to these Requests as it understands them and reserves the
19  right to provide different responses if Plaintiffs later provide a different interpretation.

20  Defendant's responses to these Requests are made without prejudice to its right to
21  introduce any and all evidence of any kind in this action.

22  **REQUESTS FOR ADMISSION**
23  **REQUEST FOR ADMISSIONS NO. 1:**

24  Admit that no person employed as a Clinical Research Associate (CRA) in the
25  positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring
26  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
27  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

28

2

1  within the United States by Parexel International, LLC during the time period from
2  December 22, 2013 through and including the date of YOUR Response was involved the
3  management of Parexel International, LLC.

4  **RESPONSE TO NO. 1:**

5        Defendant objects that the request is vague as to "involved the management."
6  Defendant objects to the request on the grounds it is compound and vague and ambiguous
7  in referring to a "Clinical Research Associate position," and in referring to the multiple and
8  distinct positions of "Clinical Monitoring Associate (In-House CRA),"a "Clinical
9  Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical
10 Research Associate I," a "Clinical Research Associate II," and a "Senior Clinical Research
11 Associate," which do not correspond to PAREXEL International LLC's identification of
12 positions. Defendant objects to this request on the grounds that it is overbroad and unduly
13 burdensome in calling for a response as to every member of the putative class and/or
14 collective, and not proportional to the present needs of the case, where the action has not
15 been certified as a collective or class. Defendant further objects that, at this juncture, the
16 request is overbroad and premature since no class has been certified and Plaintiffs currently
17 represent only themselves, and there have been no opt ins other than the Plaintiffs.
18 Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
19 such discovery measures are likely to produce persuasive information substantiating the
20 class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
21 foregoing objections, Defendant responds as follows: Deny.

22 **REQUEST FOR ADMISSIONS NO. 2:**

23       Admit that no person employed as a Clinical Research Associate (CRA) in the
24 positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
25 Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
26 Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
27 within the United States by Parexel International, LLC during the time period from

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1  December 22, 2013 through and including the date of YOUR response was require to
2  manage the affairs of a customarily recognized department or subdivision of Parexel
3  International, LLC.

4  **RESPONSE TO NO. 2:**

5      Defendant objects that the request is vague as to "manage the affairs." Defendant
6  objects to the request on the grounds it is compound and vague and ambiguous in referring
7  to a "Clinical Research Associate position," and in referring to the multiple and distinct
8  positions of "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
9  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
10  Associate I," a "Clinical Research Associate II," and a "Senior Clinical Research
11  Associate," which do not correspond to PAREXEL International LLC's identification of
12  positions.  Defendant objects to this request on the grounds that it is overbroad and unduly
13  burdensome in calling for a response as to every member of the putative class and/or
14  collective, and not proportional to the present needs of the case, where the action has not
15  been certified as a collective or class. Defendant further objects that, at this juncture, the
16  request is overbroad and premature since no class has been certified and Plaintiffs currently
17  represent only themselves, and there have been no opt ins other than the Plaintiffs.
18  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
19  such discovery measures are likely to produce persuasive information substantiating the
20  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
21  foregoing objections, Defendant responds as follows: Admit.

22  **REQUEST FOR ADMISSIONS NO. 3:**

23      Admit that no person employed as a Clinical Research Associate (CRA) in the
24  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
25  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
26  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
27  within the United States by Parexel International, LLC during the time period from

28

4

42800511v.1

1  December 22, 2013 through and including the date of YOUR response was require [sic] to

2  customarily and regularly direct the work of two or more other employees of Parexel

3  International, LLC.

4  **RESPONSE TO NO. 3:**

5      Defendant objects that the request is vague as to "direct the work." Defendant objects

6  to the request on the grounds it is compound and vague and ambiguous in referring to a

7  "Clinical Research Associate position," and in referring to the multiple and distinct

8  positions of "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

9  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

10  Associate I," a "Clinical Research Associate II," and a "Senior Clinical Research

11  Associate," which do not correspond to PAREXEL International LLC's identification of

12  positions. Defendant objects to this request on the grounds that it is overbroad and unduly

13  burdensome in calling for a response as to every member of the putative class and/or

14  collective, and not proportional to the present needs of the case, where the action has not

15  been certified as a collective or class. Defendant further objects that, at this juncture, the

16  request is overbroad and premature since no class has been certified and Plaintiffs currently

17  represent only themselves, and there have been no opt ins other than the Plaintiffs.

18  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that

19  such discovery measures are likely to produce persuasive information substantiating the

20  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the

21  foregoing objections, Defendant responds as follows: Admit as to Plaintiffs Cones and

22  Pasis.

23  **REQUEST FOR ADMISSIONS NO. 4:**

24      Admit that no person employed as a Clinical Research Associate (CRA) in the

25  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

26  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

27  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

28

42800511v.1

1   within the United States by Parexel International, LLC during the time period from
2   December 22, 2013 through and including the date of YOUR response had the authority to
3   hire or fire other Parexel International, LLC employees.

4   **RESPONSE TO NO. 4:**

5          Defendant objects to the request on the grounds it is compound and vague and
6   ambiguous in referring to a "Clinical Research Associate position," and in referring to the
7   multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
8   "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
9   Associate II," and a "Senior Clinical Research Associate," which do not correspond to
10  PAREXEL International LLC's identification of positions.   Defendant objects to this
11  request on the grounds that it is overbroad and unduly burdensome in calling for a response
12  as to every member of the putative class and/or collective, and not proportional to the
13  present needs of the case, where the action has not been certified as a collective or class.
14  Defendant further objects that, at this juncture, the request is overbroad and premature since
15  no class has been certified and Plaintiffs currently represent only themselves, and there
16  have been no opt ins other than the Plaintiffs. Plaintiffs have not met the prima facie
17  showing of Rule 23's prerequisites or shown that such discovery measures are likely to
18  produce persuasive information substantiating the class action allegations. *Mantolete v.*
19  *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant
20  responds as follows: Admit.

21  **REQUEST FOR ADMISSIONS NO. 5:**

22         Admit that no person employed as a Clinical Research Associate (CRA) in the
23  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
24  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
25  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
26  within the United States by Parexel International, LLC during the time period from
27  December 22, 2013 through and including the date of YOUR response was required to be

28

6

4280051lv.1

1  licensed in the practice of law, medicine, dentistry, optometry, architecture, engineering,
2  teaching, or accounting.

3  **RESPONSE TO NO. 5:**

4      Defendant objects to the request on the grounds it is compound and vague and
5  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
6  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
7  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
8  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
9  PAREXEL International LLC's identification of positions. Defendant objects to this
10 request on the grounds that it is overbroad and unduly burdensome in calling for a response
11 as to every member of the putative class and/or collective, and not proportional to the
12 present needs of the case, where the action has not been certified as a collective or class.
13 Defendant further objects that, at this juncture, the request is overbroad and premature since
14 no class has been certified and Plaintiffs currently represent only themselves, and there
15 have been no opt ins other than the Plaintiffs. Plaintiffs have not met the prima facie
16 showing of Rule 23's prerequisites or shown that such discovery measures are likely to
17 produce persuasive information substantiating the class action allegations. *Mantolete v.*
18 *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant
19 responds as follows: Admit.

20 **REQUEST FOR ADMISSIONS NO. 6:**

21     Admit that no person employed as a Clinical Research Associate (CRA) in the
22 positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
23 Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
24 Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
25 within the United States by Parexel International, LLC during the time period from
26 December 22, 2013 through and including the date of YOUR response was required to be

7

42800511v.1

1 | certified in the practice of law, medicine, dentistry, optometry, architecture, engineering,
2 | teaching, or accounting.

3 | **RESPONSE TO NO. 6:**

4 | Defendant objects to the request on the grounds it is compound and vague and
5 | ambiguous in referring to a "Clinical Research Associate position," and in referring to the
6 | multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
7 | "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
8 | Associate II," and a "Senior Clinical Research Associate," which do not correspond to
9 | PAREXEL International LLC's identification of positions.  Defendant objects to this
10 | request on the grounds that it is overbroad and unduly burdensome in calling for a response
11 | as to every member of the putative class and/or collective, and not proportional to the
12 | present needs of the case, where the action has not been certified as a collective or class.
13 | Defendant further objects that, at this juncture, the request is overbroad and premature since
14 | no class has been certified and Plaintiffs currently represent only themselves, and there
15 | have been no opt ins other than the Plaintiffs. Plaintiffs have not met the prima facie
16 | showing of Rule 23's prerequisites or shown that such discovery measures are likely to
17 | produce persuasive information substantiating the class action allegations. *Mantolete v.*
18 | *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant
19 | responds as follows: Admit.

20 | **REQUEST FOR ADMISSIONS NO. 7:**

21 | Admit that no person employed as a Clinical Research Associate (CRA) in the
22 | positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
23 | Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
24 | Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
25 | within the United States by Parexel International, LLC during the time period from
26 | December 22, 2013 through and including the date of YOUR response was required to be

27
28

42800511v.1

1    primarily engaged in the practice of law, medicine, dentistry, optometry, architecture,

2    engineering, teaching, or accounting.

3    **RESPONSE TO NO. 7:**

4          Defendant objects to the request on the grounds it is compound and vague and

5    ambiguous in referring to a "Clinical Research Associate position," and in referring to the

6    multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

7    "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

8    Associate II," and a "Senior Clinical Research Associate," which do not correspond to

9    PAREXEL International LLC's identification of positions. Defendant further objects that

10   the request is vague as to "primarily engaged in the practice of . . . medicine." Defendant

11   objects to this request on the grounds that it is overbroad and unduly burdensome in calling

12   for a response as to every member of the putative class and/or collective, and not

13   proportional to the present needs of the case, where the action has not been certified as a

14   collective or class. Defendant further objects that, at this juncture, the request is overbroad

15   and premature since no class has been certified and Plaintiffs currently represent only

16   themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met

17   the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

18   are likely to produce persuasive information substantiating the class action allegations.

19   *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,

20   Defendant responds as follows:  to the extent this request is referring to employees in the

21   above enumerated positions performing medical services directly on a patient, admit.  To

22   the extent this request for admission is referring to performing critical monitoring functions

23   directly related to and impacting patient safety and the integrity of pharmaceutical and

24   medical device studies involving patients in various medical care facilities, deny.

25   **REQUEST FOR ADMISSIONS NO. 8:**

26         Admit that no person employed as a Clinical Research Associate (CRA) in the

27   positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

28

9

42800511v.1

1  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
2  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
3  within the United States by Parexel International, LLC during the time period from
4  December 22, 2013 through and including the date of YOUR response had authority to
5  commit Parexel International, LLC in matters that have significant financial impact.

6  **RESPONSE TO NO. 8:**

7       Defendant objects to the request on the grounds it is compound and vague and
8  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
9  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
10  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
11  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
12  PAREXEL International LLC's identification of positions. Defendant further objects to
13  this request on the grounds it is vague and ambiguous as to the term "significant financial
14  impact." Defendant objects to this request on the grounds that it is overbroad and unduly
15  burdensome in calling for a response as to every member of the putative class and/or
16  collective, and not proportional to the present needs of the case, where the action has not
17  been certified as a collective or class. Defendant further objects that, at this juncture, the
18  request is overbroad and premature since no class has been certified and Plaintiffs currently
19  represent only themselves, and there have been no opt ins other than the Plaintiffs.
20  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
21  such discovery measures are likely to produce persuasive information substantiating the
22  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
23  foregoing objections, Defendant responds as follows: Deny.

24  **REQUEST FOR ADMISSIONS NO. 9:**

25       Admit that no person employed as a Clinical Research Associate (CRA) in the
26  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
27  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

28

10

42800511v.1

1 | Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
2 | within the United States by Parexel International, LLC during the time period from
3 | December 22, 2013 through and including the date of YOUR response had authority to
4 | negotiate for and bind Parexel International, LLC on matters that have significant financial
5 | impact.

6 | **RESPONSE TO NO. 9:**

7 | Defendant objects to the request on the grounds it is compound and vague and
8 | ambiguous in referring to a "Clinical Research Associate position," and in referring to the
9 | multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
10 | "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
11 | Associate II," and a "Senior Clinical Research Associate," which do not correspond to
12 | PAREXEL International LLC's identification of positions. Defendant further objects to
13 | this request on the grounds it is vague and ambiguous as to the term "significant financial
14 | impact." Defendant objects to this request on the grounds that it is overbroad and unduly
15 | burdensome in calling for a response as to every member of the putative class and/or
16 | collective, and not proportional to the present needs of the case, where the action has not
17 | been certified as a collective or class. Defendant further objects that, at this juncture, the
18 | request is overbroad and premature since no class has been certified and Plaintiffs currently
19 | represent only themselves, and there have been no opt ins other than the Plaintiffs.
20 | Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
21 | such discovery measures are likely to produce persuasive information substantiating the
22 | class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
23 | foregoing objections, Defendant responds as follows: Deny.

24 | **REQUEST FOR ADMISSIONS NO. 10:**

25 | Admit that no person employed as a Clinical Research Associate (CRA) in the
26 | positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
27 | Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
28 |

11

42800511v.1

1  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
2  within the United States by Parexel International, LLC during the time period from
3  December 22, 2013 through and including the date of YOUR response provided
4  consultation or expert advice to management of Parexel International, LLC.

5  **RESPONSE TO NO. 10:**

6       Defendant objects to the request on the grounds it is compound and vague and
7  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
8  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
9  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
10  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
11  PAREXEL International LLC's identification of positions. Defendant further objects to
12  this request on the grounds it is vague and ambiguous as to the phrase "provided
13  consultation or expert advice." Defendant objects to this request on the grounds that it is
14  overbroad and unduly burdensome in calling for a response as to every member of the
15  putative class and/or collective, and not proportional to the present needs of the case, where
16  the action has not been certified as a collective or class. Defendant further objects that, at
17  this juncture, the request is overbroad and premature since no class has been certified and
18  Plaintiffs currently represent only themselves, and there have been no opt ins other than
19  the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites
20  or shown that such discovery measures are likely to produce persuasive information
21  substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir.
22  1985). Subject to the foregoing objections, Defendant responds as follows: Deny.

23  **REQUEST FOR ADMISSIONS NO. 11:**

24       Admit that no person employed as a Clinical Research Associate (CRA) in the
25  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
26  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
27  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

28

12

42800511v.1

1 | within the United States by Parexel International, LLC during the time period from
2 | December 22, 2013 through and including the date of YOUR response was involved in
3 | planning long-term business objectives of Parexel International, LLC.

4 | **RESPONSE TO NO. 11:**

5 | Defendant objects to the request on the grounds it is compound and vague and
6 | ambiguous in referring to a "Clinical Research Associate position," and in referring to the
7 | multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
8 | "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
9 | Associate II," and a "Senior Clinical Research Associate," which do not correspond to
10 | PAREXEL International LLC's identification of positions. Defendant objects that the
11 | request is vague and ambiguous as to the phrase "long-term business objectives."
12 | Defendant objects to this request on the grounds that it is overbroad and unduly
13 | burdensome in calling for a response as to every member of the putative class and/or
14 | collective, and not proportional to the present needs of the case, where the action has not
15 | been certified as a collective or class. Defendant further objects that, at this juncture, the
16 | request is overbroad and premature since no class has been certified and Plaintiffs currently
17 | represent only themselves, and there have been no opt ins other than the Plaintiffs.
18 | Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
19 | such discovery measures are likely to produce persuasive information substantiating the
20 | class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
21 | foregoing objections, Defendant responds as follows: To the extent the request is referring
22 | to the duty to plan and manage performance at multiple sites, and to manage compliance,
23 | patient safety, data integrity in connection with the core business function and business
24 | objectives of PAREXEL, deny.

25 | **REQUEST FOR ADMISSIONS NO. 12:**

26 | Admit that no person employed as a Clinical Research Associate (CRA) in the
27 | positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

28 |

13

42800511v.1

1 | Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
2 | Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
3 | within the United States by Parexel International, LLC during the time period from
4 | December 22, 2013 through and including the date of YOUR response was involved in
5 | planning short-term business objectives of Parexel International, LLC.

6 | **RESPONSE TO NO. 12:**

7 |     Defendant objects to the request on the grounds it is compound and vague and
8 | ambiguous in referring to a "Clinical Research Associate position," and in referring to the
9 | multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA)," a
10 | "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
11 | Associate II," and a "Senior Clinical Research Associate," which do not correspond to
12 | PAREXEL International LLC's identification of positions. Defendant objects to the
13 | request on the grounds that it is vague as to "business objectives."  Defendant objects to
14 | this request on the grounds that it is overbroad and unduly burdensome in calling for a
15 | response as to every member of the putative class and/or collective, and not proportional
16 | to the present needs of the case, where the action has not been certified as a collective or
17 | class. Defendant further objects that, at this juncture, the request is overbroad and
18 | premature since no class has been certified and Plaintiffs currently represent only
19 | themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met
20 | the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
21 | are likely to produce persuasive information substantiating the class action allegations.
22 | *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,
23 | Defendant responds as follows: To the extent the request is referring to the duty to plan
24 | and manage performance at multiple sites, and to manage compliance, patient safety, data
25 | integrity in connection with the core business function and business objectives of
26 | PAREXEL, deny.

14

**REQUEST FOR ADMISSIONS NO. 13:**

Admit that no person employed as a Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate" within the United States by Parexel International, LLC during the time period from December 22, 2013 through and including the date of YOUR response was a member of an Institutional Review Board (IRB) or an Independent Ethics Committee (IEC) for any clinical trials on which they performed any LABOR as an EMPLOYEE of Parexel International, LLC.

**RESPONSE TO NO. 13:**

Defendant objects to the request on the grounds it is compound and vague and ambiguous in referring to a "Clinical Research Associate position," and in referring to the multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA)," a "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate II," and a "Senior Clinical Research Associate," which do not correspond to PAREXEL International LLC's identification of positions. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome in calling for a response as to every member of the putative class and/or collective, and not proportional to the present needs of the case, where the action has not been certified as a collective or class. Defendant further objects that, at this juncture, the request is overbroad and premature since no class has been certified and Plaintiffs currently represent only themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that such discovery measures are likely to produce persuasive information substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant responds as follows:  Admit.

15

4280051v.1

**REQUEST FOR ADMISSIONS NO. 14:**

Admit that no person employed as a Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate" within the United States by Parexel International, LLC during the time period from December 22, 2013 through and including the date of YOUR response gave medical care to any subjects of any clinical trials on which they performed any LABOR as an EMPLOYEE of Parexel International, LLC.

**RESPONSE TO NO. 14:**

Defendant objects to the request on the grounds it is compound and vague and ambiguous in referring to a "Clinical Research Associate position," and in referring to the multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate II," and a "Senior Clinical Research Associate," which do not correspond to PAREXEL International LLC's identification of positions. Defendant objects that the request is vague as to "gave medical care." Defendant objects to this request on the grounds that it is overbroad and unduly burdensome in calling for a response as to every member of the putative class and/or collective, and not proportional to the present needs of the case, where the action has not been certified as a collective or class. Defendant further objects that, at this juncture, the request is overbroad and premature since no class has been certified and Plaintiffs currently represent only themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that such discovery measures are likely to produce persuasive information substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant responds as follows:  to the extent this request is referring to employees in the above enumerated positions performing

16

42800511v.1

1  medical care services directly on a patient, admit.  To the extent this request for admission

2  is referring to performing critical monitoring functions directly related to and impacting

3  patient safety and the integrity of pharmaceutical and medical device studies involving

4  patients in various medical care facilities, deny.

5  **REQUEST FOR ADMISSIONS NO. 15:**

6  Admit that no person employed as a Clinical Research Associate (CRA) in the

7  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

8  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

9  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

10  within the United States by Parexel International, LLC during the time period from

11  December 22, 2013 through and including the date of YOUR response had the authority

12  from Parexel International, LLC to give medical care to any subjects of any clinical trials

13  on which they performed any LABOR as an EMPLOYEE of Parexel International, LLC.

14  **RESPONSE TO NO. 15:**

15  Defendant objects to the request on the grounds it is compound and vague and

16  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

17  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

18  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

19  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

20  PAREXEL International LLC's identification of positions. Defendant objects that the

21  request is vague as to "give medical care." Defendant objects to this request on the grounds

22  that it is overbroad and unduly burdensome in calling for a response as to every member

23  of the putative class and/or collective, and not proportional to the present needs of the case,

24  where the action has not been certified as a collective or class. Defendant further objects

25  that, at this juncture, the request is overbroad and premature since no class has been

26  certified and Plaintiffs currently represent only themselves, and there have been no opt ins

27  other than the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's

28

17

42800511v.1

1  prerequisites or shown that such discovery measures are likely to produce persuasive
2  information substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416
3  (9th Cir. 1985). Subject to the foregoing objections, Defendant responds as follows:  to the
4  extent this request is referring to employees in the above enumerated positions performing
5  medical care services directly on a patient, admit.  To the extent this request for admission
6  is referring to performing critical monitoring functions directly related to and impacting
7  patient safety and the integrity of pharmaceutical and medical device studies involving
8  patients in various medical care facilities, deny.

9  **REQUEST FOR ADMISSIONS NO. 16:**

10      Admit that no person employed as a Clinical Research Associate (CRA) in the
11  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
12  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
13  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
14  within the United States by Parexel International, LLC during the time period from
15  December 22, 2013 through and including the date of YOUR response made medical
16  decisions on behalf of any subjects of any clinical trials on which they performed any
17  LABOR as an EMPLOYEE of Parexel International, LLC.

18  **RESPONSE TO NO. 16:**

19      Defendant objects to the request on the grounds it is compound and vague and
20  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
21  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
22  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
23  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
24  PAREXEL International LLC's identification of positions. Defendant objects that the
25  request is vague and ambiguous as to "made medical decisions." Defendant objects to this
26  request on the grounds that it is overbroad and unduly burdensome in calling for a response
27  as to every member of the putative class and/or collective, and not proportional to the

28

42800511v.1

1  present needs of the case, where the action has not been certified as a collective or class.

2  Defendant further objects that, at this juncture, the request is overbroad and premature since

3  no class has been certified and Plaintiffs currently represent only themselves, and there

4  have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie

5  showing of Rule 23's prerequisites or shown that such discovery measures are likely to

6  produce persuasive information substantiating the class action allegations. *Mantolete v.*

7  *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, to the extent

8  the request refers to "medical decisions" of a health care provider regarding medical

9  treatment Defendant responds as follows: Admit.  To the extent this request for admission

10  is referring to performing critical monitoring functions directly related to and impacting

11  patient safety and the integrity of pharmaceutical and medical device studies involving

12  patients in various medical care facilities, deny.

13  **REQUEST FOR ADMISSIONS NO. 17:**

14  Admit that no person employed as a Clinical Research Associate (CRA) in the

15  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

16  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

17  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

18  within the United States by Parexel International, LLC during the time period from

19  December 22, 2013 through and including the date of YOUR response had the authority

20  from Parexel International, LLC to make medical decisions on behalf of any subjects of

21  any clinical trials on which they performed any LABOR as an EMPLOYEE of Parexel

22  International, LLC.

23  **RESPONSE TO NO. 17:**

24  Defendant objects to the request on the grounds it is compound and vague and

25  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

26  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

27  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

28

19

42800511v.1

1   Associate II," and a "Senior Clinical Research Associate," which do not correspond to
2   PAREXEL International LLC's identification of positions.  Defendant objects that the
3   request is vague as to "make medical decisions." Defendant objects to this request on the
4   grounds that it is overbroad and unduly burdensome in calling for a response as to every
5   member of the putative class and/or collective, and not proportional to the present needs of
6   the case, where the action has not been certified as a collective or class. Defendant further
7   objects that, at this juncture, the request is overbroad and premature since no class has been
8   certified and Plaintiffs currently represent only themselves, and there have been no opt ins
9   other than the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's
10  prerequisites or shown that such discovery measures are likely to produce persuasive
11  information substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416
12  (9th Cir. 1985).  Subject to the foregoing objections, to the extent the request refers to
13  "medical decisions" of a health care provider regarding medical treatment Defendant
14  responds as follows: Admit.  To the extent this request for admission is referring to
15  performing critical monitoring functions directly related to and impacting patient safety
16  and the integrity of pharmaceutical and medical device studies involving patients in various
17  medical care facilities, deny.

18  **REQUEST FOR ADMISSIONS NO. 18:**

19      Admit that all persons employed as a Clinical Research Associate (CRA) in the
20  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
21  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
22  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
23  within the United States by Parexel International, LLC during the time period from
24  December 22, 2013 through and including the date of YOUR response conduct site
25  monitoring responsibilities for clinical trials according to PAREXEL's Standard Operating
26  Procedures, at qualification visits (QV), site initiation visits (SIV) and monitoring visits
27  (MV) at assigned clinical sites.

28

42800511v.1

1  **RESPONSE TO NO. 18:**

2        Defendant objects to the request on the grounds it is compound and vague and

3  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

4  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

5  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

6  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

7  PAREXEL International LLC's identification of positions. Defendant objects to this

8  request on the grounds it is vague and ambiguous as to the phrase "according to."

9  Defendant objects to this request on the grounds that it is overbroad and unduly

10  burdensome in calling for a response as to every member of the putative class and/or

11  collective, and not proportional to the present needs of the case, where the action has not

12  been certified as a collective or class. Defendant further objects that, at this juncture, the

13  request is overbroad and premature since no class has been certified and Plaintiffs currently

14  represent only themselves, and there have been no opt ins other than the Plaintiffs.

15  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that

16  such discovery measures are likely to produce persuasive information substantiating the

17  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). The request

18  is also unintelligible, compound, and assumes facts not in evidence, as the Plaintiffs did

19  not perform the run of site visits collectively identified in this request.  Subject to the

20  foregoing objections, Defendant responds as follows:  Deny.

21  **REQUEST FOR ADMISSIONS NO. 19:**

22        Admit that all persons employed as a Clinical Research Associate (CRA) in the

23  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

24  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

25  Associate 1," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

26  within the United States by Parexel International, LLC during the time period fi-om

27  December 22, 2013 through and including the date of YOUR response conduct site

28                                    21

42800511v.1

1  monitoring responsibilities for clinical trials according to ICH guidelines and Good Clinic

2  Practices (GCP) at qualification visits (QV), site initiation visits (SIV) and monitoring

3  visits (MV) at assigned clinical sites.

4  **RESPONSE TO NO. 19:**

5      Defendant objects to the request on the grounds it is compound and vague and

6  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

7  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

8  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

9  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

10 PAREXEL International LLC's identification of positions. Defendant objects to this

11 request on the grounds it is vague and ambiguous as to the phrase "according to."

12 Defendant objects to this request on the grounds that it is overbroad and unduly

13 burdensome in calling for a response as to every member of the putative class and/or

14 collective, and not proportional to the present needs of the case, where the action has not

15 been certified as a collective or class. Defendant further objects that, at this juncture, the

16 request is overbroad and premature since no class has been certified and Plaintiffs currently

17 represent only themselves, and there have been no opt ins other than the Plaintiffs.

18 Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that

19 such discovery measures are likely to produce persuasive information substantiating the

20 class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). The request

21 is also unintelligible, compound, and assumes facts not in evidence, as the Plaintiffs did

22 not perform the run of site visits collectively identified in this request. Subject to the

23 foregoing objections. Deny, specifically as to Plaintiff Cones, who never qualified to

24 perform (and never did perform) a site qualification visit, site initiation visit, or site

25 monitoring visit, and deny as to Plaintiff Pasis, who never performed qualification visits or

26 site initiation visits. Defendant admits that ICH guidelines and GCP apply to qualification

27 visits, site initiation visits, and monitoring visits.

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

4280051 1v.1

**REQUEST FOR ADMISSIONS NO. 20:**

Admit that no person employed as a Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate" within the United States by Parexel International, LLC during the time period from December 22, 2013 through and including the date of YOUR response had the authority from Parexel International, LLC not to follow ICH guidelines and Good Clinic Practices (GCP) at qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV) at assigned clinical sites.

**RESPONSE TO NO. 20:**

Defendant objects to the request on the grounds it is compound and vague and ambiguous in referring to a "Clinical Research Associate position," and in referring to the multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate II," and a "Senior Clinical Research Associate," which do not correspond to PAREXEL International LLC's identification of positions. Defendant objects that the request is vague and ambiguous as to the phrase "to follow." Defendant objects to this request on the grounds that it is overbroad and unduly burdensome in calling for a response as to every member of the putative class and/or collective, and not proportional to the present needs of the case, where the action has not been certified as a collective or class. Defendant further objects that, at this juncture, the request is overbroad and premature since no class has been certified and Plaintiffs currently represent only themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that such discovery measures are likely to produce persuasive information substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985).  The request is also unintelligible, compound, and

23

42800511v.1

1  assumes facts not in evidence, as Cones did not perform any site visits and Pasis did not

2  perform site qualification and site initiation visits. Subject to the foregoing objections,

3  Defendant responds as follows: Admit.

4  **REQUEST FOR ADMISSIONS NO. 21:**

5        Admit that all persons employed as a Clinical Research Associate (CRA) in the

6  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

7  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

8  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

9  within the United States by Parexel International, LLC during the time period from

10  December 22, 2013 through and including the date of YOUR response conduct site

11  monitoring responsibilities for clinical trials according to a SPONSOR's study specific

12  guidelines at qualification visits (QV), site initiation visits (SIV) and monitoring visits

13  (MV) at assigned clinical sites.

14  **RESPONSE TO NO. 21:**

15        Defendant objects to the request on the grounds it is compound and vague and

16  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

17  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

18  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

19  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

20  PAREXEL International LLC's identification of positions. Defendant objects to this

21  request on the grounds it is vague and ambiguous as to "according to." Defendant objects

22  to this request on the grounds that it is overbroad and unduly burdensome in calling for a

23  response as to every member of the putative class and/or collective, and not proportional

24  to the present needs of the case, where the action has not been certified as a collective or

25  class. Defendant further objects that, at this juncture, the request is overbroad and

26  premature since no class has been certified and Plaintiffs currently represent only

27  themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met

28

4280051 lv.1

1  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

2  are likely to produce persuasive information substantiating the class action allegations.

3  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). The request is also unintelligible,

4  compound, and assumes facts not in evidence, as the Plaintiffs did not perform the run of

5  site visits collectively identified in this request. Subject to the foregoing objections: Deny.

6  **REQUEST FOR ADMISSIONS NO. 22:**

7       Admit that no person employed as a Clinical Research Associate (CRA) in the

8  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

9  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

10  Associate I," a "Clinical Research Associate II," or a "Senior Clinical I Research

11  Associate" within the United States by Parexel International, LLC during the  time period

12  from December 22, 2013 through and including the date of YOUR response had the

13  authority from Parexel International, LLC not to follow a SPONSOR's study specific

14  guidelines at qualification visits (QV), site initiation visits (SIV) and monitoring visits

15  (MV) at assigned clinical sites.

16  **RESPONSE TO NO. 22:**

17       Defendant objects to the request on the grounds it is compound and vague and

18  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

19  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

20  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

21  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

22  PAREXEL International LLC's identification of positions. Defendant objects to this

23  request on the grounds it is vague and ambiguous as to "to follow." Defendant objects to

24  this request on the grounds that it is overbroad and unduly burdensome in calling for a

25  response as to every member of the putative class and/or collective, and not proportional

26  to the present needs of the case, where the action has not been certified as a collective or

27  class. Defendant further objects that, at this juncture, the request is overbroad and

28

42800511v.1

1  premature since no class has been certified and Plaintiffs currently represent only

2  themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met

3  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

4  are likely to produce persuasive information substantiating the class action allegations.

5  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,

6  Defendant responds as follows: Deny.

7  **REQUEST FOR ADMISSIONS NO. 23:**

8  Admit that all persons employed as a Clinical Research Associate (CRA)  in the

9  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

10  Associate (In-House CRA) II," a "Clinical  Research Associate," a "Clinical Research

11  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

12  within the United States by Parexel International, LLC during the  time period from

13  December 22, 2013 through and including the date of YOUR response conduct site

14  monitoring responsibilities for clinical trials according to Monitoring Activity Plans or

15  Monitoring Plans at qualification visits (QV), site initiation visits (SIV) and monitoring

16  visits (MV) at assigned clinical sites.

17  **RESPONSE TO NO. 23:**

18  Defendant objects to the request on the grounds it is compound and vague and

19  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

20  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

21  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

22  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

23  PAREXEL International LLC's identification of positions.  Defendant objects to this

24  request on the grounds it is vague and ambiguous as to "according to." Defendant objects

25  to this request on the grounds that it is overbroad and unduly burdensome in calling for a

26  response as to every member of the putative class and/or collective, and not proportional

27  to the present needs of the case, where the action has not been certified as a collective or

28

42800511v.1

1  class. Defendant further objects that, at this juncture, the request is overbroad and

2  premature since no class has been certified and Plaintiffs currently represent only

3  themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met

4  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

5  are likely to produce persuasive information substantiating the class action allegations.

6  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). The request is also unintelligible,

7  compound, and assumes facts not in evidence, as the Plaintiffs did not perform the run of

8  site visits collectively identified in this request. Deny.

9  **REQUEST FOR ADMISSIONS NO. 24:**

10  Admit that no person employed as a Clinical Research Associate (CRA) in the

11  positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring

12  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

13  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

14  within the United States by Parexel International, LLC during the time period from

15  December 22, 2013 through and including the date of YOUR response had the authority

16  from Parexel International, LLC not to follow Monitoring Activity Plans or Monitoring

17  Plans at qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV) at

18  assigned clinical sites.

19  **RESPONSE TO NO. 24:**

20  Defendant objects to the request on the grounds it is compound and vague and

21  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

22  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA)," a

23  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

24  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

25  PAREXEL International LLC's identification of positions. Defendant objects to this

26  request on the grounds it is vague and ambiguous as to "to follow." Defendant objects to

27  this request on the grounds that it is overbroad and unduly burdensome in calling for a

28

42800511v.1

1   response as to every member of the putative class and/or collective, and not proportional
2   to the present needs of the case, where the action has not been certified as a collective or
3   class. Defendant further objects that, at this juncture, the request is overbroad and
4   premature since no class has been certified and Plaintiffs currently represent only
5   themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met
6   the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
7   are likely to produce persuasive information substantiating the class action allegations.
8   *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985).  The request is also unintelligible,
9   compound, and assumes facts not in evidence, as the Plaintiffs did not perform the run of
10  site visits collectively identified in this request. Subject to the foregoing objections. Deny.

11  **REQUEST FOR ADMISSIONS NO. 25:**

12          Admit that all persons, employed as a Clinical Research Associate (CRA) in the
13  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical  Monitoring
14  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
15  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
16  within the United States by Parexel International, LLC during the time period from
17  December 22, 2013 through and including the date of YOUR response conduct site
18  monitoring responsibilities for clinical trials according to Monitoring Visit Report Form
19  Guidelines at qualification visits (QV), site initiation visits (SIV) and monitoring visits
20  (MV) at assigned clinical sites.

21  **RESPONSE TO NO. 25:**

22          Defendant objects to the request on the grounds it is compound and vague and
23  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
24  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
25  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
26  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
27  PAREXEL International LLC's identification of positions.  Defendant objects to this

28
                                            28

1  request on the grounds it is vague and ambiguous as to the phrase "according to."
2  Defendant objects to this request on the grounds that it is overbroad and unduly
3  burdensome in calling for a response as to every member of the putative class and/or
4  collective, and not proportional to the present needs of the case, where the action has not
5  been certified as a collective or class. Defendant further objects that, at this juncture, the
6  request is overbroad and premature since no class has been certified and Plaintiffs currently
7  represent only themselves, and there have been no opt ins other than the Plaintiffs.
8  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
9  such discovery measures are likely to produce persuasive information substantiating the
10  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
11  foregoing objections, Defendant responds as follows:  Deny.

12  **REQUEST FOR ADMISSIONS NO. 26:**

13  Admit that no person employed as a Clinical Research Associate (CRA) in the
14  positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring
15  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
16  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
17  within the United States by Parexel International, LLC during the time period from
18  December 22, 2013 through and including the date of YOUR response had the authority
19  from Parexel International, LLC not to follow Monitoring Visit Report Form Guidelines at
20  qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV) at assigned
21  clinical sites.

22  **RESPONSE TO NO. 26:**

23  Defendant objects to the request on the grounds it is compound and vague and
24  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
25  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA)," a
26  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
27  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

28

29

1   PAREXEL International LLC's identification of positions.  Defendant objects to this
2   request on the grounds it is vague and ambiguous as to "to follow." Defendant objects to
3   this request on the grounds that it is overbroad and unduly burdensome in calling for a
4   response as to every member of the putative class and/or collective, and not proportional
5   to the present needs of the case, where the action has not been certified as a collective or
6   class. Defendant further objects that, at this juncture, the request is overbroad and
7   premature since no class has been certified and Plaintiffs currently represent only
8   themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met
9   the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
10  are likely to produce persuasive information substantiating the class action allegations.
11  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,
12  Defendant responds as follows: Deny.

13  **REQUEST FOR ADMISSIONS NO. 27:**

14      Admit that all persons employed as a Clinical Research Associate (CRA) in the
15  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
16  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
17  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
18  within the United States by Parexel International, LLC during the time period from
19  December 22, 2013 through and including the date of YOUR response conduct site
20  monitoring responsibilities for clinical trials by completing Monitoring Visit Report Forms
21  for qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV) at
22  assigned clinical sites.

23  **RESPONSE TO NO. 27:**

24      Defendant objects to the request on the grounds it is compound and vague and
25  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
26  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
27  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

28

42800511v.1

1   Associate II," and a "Senior Clinical Research Associate," which do not correspond to
2   PAREXEL International LLC's identification of positions. Defendant objects to this
3   request on the grounds that it is overbroad and unduly burdensome in calling for a response
4   as to every member of the putative class and/or collective, and not proportional to the
5   present needs of the case, where the action has not been certified as a collective or class.
6   Defendant further objects that, at this juncture, the request is overbroad and premature since
7   no class has been certified and Plaintiffs currently represent only themselves, and there
8   have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie
9   showing of Rule 23's prerequisites or shown that such discovery measures are likely to
10  produce persuasive information substantiating the class action allegations. *Mantolete v.*
11  *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant
12  responds as follows: Deny.

13  **REQUEST FOR ADMISSIONS NO. 28:**

14      Admit that no person employed as a Clinical Research Associate (CRA) in the
15  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
16  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
17  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
18  within the United States by Parexel International, LLC during the time period from
19  December 22, 2013 through and including the date of YOUR response had the authority
20  from Parexel International, LLC not to complete Monitoring Visit Report Forms for
21  qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV) at assigned
22  clinical sites.

23  **RESPONSE TO NO. 28:**

24      Defendant objects that the request is vague as to "not to complete Monitoring Visit
25  Report Forms." Defendant objects to the request on the grounds it is compound and vague
26  and ambiguous in referring to a "Clinical Research Associate position," and in referring to
27  the multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

28

31

42800511v.1

1  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
2  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
3  PAREXEL International LLC's identification of positions. Defendant objects to this
4  request on the grounds that it is overbroad and unduly burdensome in calling for a response
5  as to every member of the putative class and/or collective, and not proportional to the
6  present needs of the case, where the action has not been certified as a collective or class.
7  Defendant further objects that, at this juncture, the request is overbroad and premature since
8  no class has been certified and Plaintiffs currently represent only themselves, and there
9  have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie
10  showing of Rule 23's prerequisites or shown that such discovery measures are likely to
11  produce persuasive information substantiating the class action allegations. *Mantolete v.*
12  *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant
13  responds as follows: Deny.

14  **REQUEST FOR ADMISSIONS NO. 29:**

15      Admit that all clinical trials on which persons employed as a Clinical Research
16  Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA),"a
17  "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a
18  "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical
19  Research Associate" within the United States performed any LABOR as an EMPLOYEE
20  of Parexel International, LLC from December 22, 2013 through and including the date of
21  YOUR response have established Monitoring Activity Plans or Monitoring Plans that are
22  documented in writing.

23  **RESPONSE TO NO. 29:**

24      Defendant objects to the request on the grounds it is compound and vague and
25  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
26  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
27  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

28

32

1  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
2  PAREXEL International LLC's identification of positions. Defendant objects to this
3  request on the grounds that it is vague and ambiguous as to "established." Defendant
4  objects to this request on the grounds that it is overbroad and unduly burdensome in calling
5  for a response as to every member of the putative class and/or collective, and not
6  proportional to the present needs of the case, where the action has not been certified as a
7  collective or class. Defendant further objects that, at this juncture, the request is overbroad
8  and premature since no class has been certified and Plaintiffs currently represent only
9  themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met
10 the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
11 are likely to produce persuasive information substantiating the class action allegations.
12 *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,
13 Defendant responds as follows:  To the extent this is cumulatively referring to Plaintiffs
14 Cones and Pasis: Deny, as Cones never qualified to perform site work on any study.  As to
15 those studies for which a putative class member performed labor, admit.

16 **REQUEST FOR ADMISSIONS NO. 30:**

17      Admit that all clinical trials on which persons employed as a Clinical Research
18 Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA),"a
19 "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a
20 "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical
21 Research Associate" within the United States performed any LABOR as an EMPLOYEE
22 of Parexel International, LLC from December 22, 2013 through and including the date of
23 YOUR response have established Monitoring Visit Report Form Guidelines that are
24 documented in writing.

25 **RESPONSE TO NO. 30:**

26      Defendant objects to the request on the grounds it is compound and vague and
27 ambiguous in referring to a "Clinical Research Associate position," and in referring to the

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
2  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
3  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
4  PAREXEL International LLC's identification of positions. Defendant objects to this
5  request on the grounds that it is vague and ambiguous as to "established." Defendant
6  objects to this request on the grounds that it is overbroad and unduly burdensome in calling
7  for a response as to every member of the putative class and/or collective, and not
8  proportional to the present needs of the case, where the action has not been certified as a
9  collective or class. Defendant further objects that, at this juncture, the request is overbroad
10  and premature since no class has been certified and Plaintiffs currently represent only
11  themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met
12  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
13  are likely to produce persuasive information substantiating the class action allegations.
14  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,
15  Defendant responds as follows: To the extent this is cumulatively referring to Plaintiffs
16  Cones and Pasis: Deny, as Cones never qualified to perform site work on any study.  As to
17  those studies for which a putative class member performed labor, admit.

18  **REQUEST FOR ADMISSIONS NO. 31:**

19      Admit that all clinical trials on which persons employed as a Clinical Research
20  Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA),"a
21  "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a
22  "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical
23  Research Associate" within the United States performed any LABOR as an EMPLOYEE
24  of Parexel International, LLC from December 22, 2013 through and including the date of
25  YOUR response have established Monitoring Visit Report Forms that are documented in
26  writing.

27

28

34

42800511v.1

1  **RESPONSE TO NO. 31:**

2        Defendant objects to the request on the grounds it is compound and vague and

3  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

4  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

5  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

6  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

7  PAREXEL International LLC's identification of positions. Defendant objects to this

8  request on the grounds that it is vague and ambiguous as to "established." Defendant

9  objects to this request on the grounds that it is overbroad and unduly burdensome in calling

10  for a response as to every member of the putative class and/or collective, and not

11  proportional to the present needs of the case, where the action has not been certified as a

12  collective or class. Defendant further objects that, at this juncture, the request is overbroad

13  and premature since no class has been certified and Plaintiffs currently represent only

14  themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met

15  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

16  are likely to produce persuasive information substantiating the class action allegations.

17  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,

18  Defendant responds as follows: To the extent this is cumulatively referring to Plaintiffs

19  Cones and Pasis: Deny, as Cones never qualified to perform site work on any study. As to

20  those studies for which a putative class member performed labor, admit.

21  **REQUEST FOR ADMISSIONS NO. 32:**

22        Admit that all clinical trial information is recorded and stored in Trial Master File

23  for each clinical trial on which persons employed as a Clinical Research Associate (CRA)

24  in the positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical

25  Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical

26  Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research

27  Associate" within the United States performed any LABOR as an EMPLOYEE of Parexel

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1    International, LLC from December 22, 2013 through and including the date of YOUR

2    response.

3    **RESPONSE TO NO. 32:**

4         Defendant objects that the request is vague, compound, overbroad and ambiguous

5    as to "a Trial Master File (TMF) exists for each and every clinical trial on which all persons

6    employed as a Clinical Research Associate (CRA in the positions of a 'Clinical Monitoring

7    Associate (In-House CRA),'a 'Clinical Monitoring Associate (In-House CRA) II,' a

8    'Clinical Research Associate,' a 'Clinical Research Associate I,' a 'Clinical Research

9    Associate II,' and a 'Senior Clinical Research Associate' within the United States by

10   Parexel International, LLC … performed LABOR." Defendant objects to this request on

11   the grounds it is vague and ambiguous as to "all clinical trial information." Defendant

12   objects to this request on the grounds that it is overbroad and unduly burdensome in calling

13   for a response as to every member of the putative class and/or collective, and not

14   proportional to the present needs of the case, where the action has not been certified as a

15   collective or class. Defendant further objects that, at this juncture, the request is overbroad

16   and premature since no class has been certified and Plaintiffs currently represent only

17   themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met

18   the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

19   are likely to produce persuasive information substantiating the class action allegations.

20   Mantolete v. Bolger, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,

21   Defendant responds as follows:  To the extent this is cumulatively referring to Plaintiffs

22   Cones and Pasis: Deny, as Cones never qualified to perform site work on any study. As to

23   those studies for which a class member performed labor, admit.

24   **REQUEST FOR ADMISSIONS NO. 33:**

25        Admit that all clinical trials on which persons employed as a Clinical Research

26   Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA),"a

27   "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1  "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical
2  Research Associate" within the United States performed any LABOR as an EMPLOYEE
3  of Parexel International, LLC from December 22, 2013 through and including the date of
4  YOUR response have established protocols that are documented in writing.

5  **RESPONSE TO NO. 33:**

6      Defendant objects that the request is vague, compound, overbroad and ambiguous
7  as to " all clinical trials on which persons employed ... performed any LABOR as an
8  EMPLOYEE... have established protocols that are documented in writing." Defendant
9  objects to this request on the grounds that it is vague and ambiguous as to "established."
10 Defendant objects to this request on the grounds that it is overbroad and unduly
11 burdensome in calling for a response as to every member of the putative class and/or
12 collective, and not proportional to the present needs of the case, where the action has not
13 been certified as a collective or class. Defendant further objects that, at this juncture, the
14 request is overbroad and premature since no class has been certified and Plaintiffs currently
15 represent only themselves, and there have been no opt ins other than the Plaintiffs.
16 Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
17 such discovery measures are likely to produce persuasive information substantiating the
18 class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
19 foregoing objections, Defendant responds as follows:  The request is overbroad and
20 unintelligible as framed.  Subject to the foregoing objections, Defendant responds as
21 follows: To the extent this is cumulatively referring to Plaintiffs Cones and Pasis: Deny, as
22 Cones never qualified to perform site work on any study.  As to those studies for which a
23 class member performed labor, admit.

24 **REQUEST FOR ADMISSIONS NO. 34:**

25     Admit that the protocols for all clinical trials on which persons employed as a
26 Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate
27 (In-House CRA),"a "Clinical Monitoring Associate (In-House CRA) II," a "Clinical

28                                         37

1  Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate
2  II," or a "Senior Clinical Research Associate" within the United States performed any
3  LABOR as an EMPLOYEE of Parexel International, LLC from December 22, 2013
4  through and including the date of YOUR response were approved by an Institutional
5  Review Board (IRB) and/or an Independent Ethics Committee (IEC).
6  **RESPONSE TO NO. 34:**
7       Defendant objects to the request on the grounds it is compound and vague and
8  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
9  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
10  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
11  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
12  PAREXEL International LLC's identification of positions. Defendant objects to this
13  request on the grounds that it is overbroad and unduly burdensome in calling for a response
14  as to every member of the putative class and/or collective, and not proportional to the
15  present needs of the case, where the action has not been certified as a collective or class.
16  Defendant further objects that, at this juncture, the request is overbroad and premature since
17  no class has been certified and Plaintiffs currently represent only themselves, and there
18  have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie
19  showing of Rule 23's prerequisites or shown that such discovery measures are likely to
20  produce persuasive information substantiating the class action allegations. *Mantolete v.*
21  *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Deny.
22  **REQUEST FOR ADMISSIONS NO. 35:**
23       Admit that the protocols for all clinical trials on which persons employed as a
24  Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate
25  (In-House CRA),"a "Clinical Monitoring Associate (In-House CRA) II," a "Clinical
26  Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate
27  II," or a "Senior Clinical Research Associate" within the United States performed any
28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1   LABOR as an EMPLOYEE of Parexel International, LLC from December 22, 2013

2   through and including the date of YOUR response were approved or given a favorable

3   opinion by an institutional Review Board (IRB) and/or an Independent Ethics Committee

4   (IEC).

5   **RESPONSE TO NO. 35:**

6         Defendant objects to the request on the grounds it is compound and vague and

7   ambiguous in referring to a "Clinical Research Associate position," and in referring to the

8   multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

9   "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

10   Associate II," and a "Senior Clinical Research Associate," which do not correspond to

11   PAREXEL International LLC's identification of positions. Defendant objects to this

12   request on the grounds that it is overbroad and unduly burdensome in calling for a response

13   as to every member of the putative class and/or collective, and not proportional to the

14   present needs of the case, where the action has not been certified as a collective or class.

15   Defendant further objects on the grounds that it is compound as to the IRB and the IEC as

16   well as to "approved or given a favorable opinion." Defendant further objects that, at this

17   juncture, the request is overbroad and premature since no class has been certified and

18   Plaintiffs currently represent only themselves, and there have been no opt ins other than

19   the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites

20   or shown that such discovery measures are likely to produce persuasive information

21   substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir.

22   1985). Deny.

23   **REQUEST FOR ADMISSIONS NO. 36:**

24         Admit that all persons employed as a Clinical Research Associate (CRA) in the

25   positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

26   Associate (In-House CRA) 11," a "Clinical Research Associate," a "Clinical Research

27   Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

28

42800511v.1

1  within the United States by Parexel International, LLC during the time period from
2  December 22, 2013 through and including the date of YOUR response were required to
3  follow the protocols for all clinical trials on which they performed any LABOR as an
4  EMPLOYEE of Parexel International, LLC.

5  **RESPONSE TO NO. 36:**

6       Defendant objects to the request on the grounds it is compound and vague and
7  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
8  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
9  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
10  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
11  PAREXEL International LLC's identification of positions.  Defendant objects that the
12  request is vague and ambiguous as to "protocols," and "to follow."  Defendant objects to
13  this request on the grounds that it is overbroad and unduly burdensome in calling for a
14  response as to every member of the putative class and/or collective, and not proportional
15  to the present needs of the case, where the action has not been certified as a collective or
16  class. Defendant further objects that, at this juncture, the request is overbroad and
17  premature since no class has been certified and Plaintiffs currently represent only
18  themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met
19  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
20  are likely to produce persuasive information substantiating the class action allegations.
21  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985).  Deny, as CRAs and CMAs are tasked
22  with ensuring the sites were following protocols.

23  **REQUEST FOR ADMISSIONS NO. 37:**

24       Admit that no person employed as a Clinical Research Associate (CRA) in the
25  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
26  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
27  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

28

42800511v.1

1 | within the United States by Parexel International, LLC during the time period from
2 | December 22, 2013 through and including the date of YOUR response had the authority
3 | from Parexel International, LLC not to follow the protocols for all clinical trials on which
4 | they performed any LABOR as an EMPLOYEE of Parexel International, LLC.

5 | **RESPONSE TO NO. 37:**

6 |      Defendant objects that the request is vague as to "not to complete Monitoring Visit
7 | Report Forms." Defendant objects to the request on the grounds it is compound and vague
8 | and ambiguous in referring to a "Clinical Research Associate position," and in referring to
9 | the multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
10 | "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
11 | Associate II," and a "Senior Clinical Research Associate," which do not correspond to
12 | PAREXEL International LLC's identification of positions. Defendant objects that the
13 | request is vague and ambiguous as to "protocols" and "to follow." Defendant objects to
14 | this request on the grounds that it is overbroad and unduly burdensome in calling for a
15 | response as to every member of the putative class and/or collective, and not proportional
16 | to the present needs of the case, where the action has not been certified as a collective or
17 | class. Defendant further objects that, at this juncture, the request is overbroad and
18 | premature since no class has been certified and Plaintiffs currently represent only
19 | themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met
20 | the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
21 | are likely to produce persuasive information substantiating the class action allegations.
22 | *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Deny, as CRAs and CMAs are tasked
23 | with ensuring the sites were following protocols.

24 | **REQUEST FOR ADMISSIONS NO. 38:**

25 |      Admit that all persons employed as a Clinical Research Associate (CRA) in the
26 | positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
27 | Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

28 |

41

42800511v.1

1   Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

2   within the United States by Parexel International, LLC during the time period from

3   December 22, 2013 through and including the date of YOUR response did follow the

4   protocols for all clinical trials on which they performed any LABOR as an EMPLOYEE

5   of Parexel International, LLC.

6   **RESPONSE TO NO. 38:**

7       Defendant objects that the request is vague as to "not to complete Monitoring Visit

8   Report Forms." Defendant objects to the request on the grounds it is compound and vague

9   and ambiguous in referring to a "Clinical Research Associate position," and in referring to

10   the multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

11   "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

12   Associate II," and a "Senior Clinical Research Associate," which do not correspond to

13   PAREXEL International LLC's identification of positions. Defendant objects to this

14   request on the grounds it is vague and ambiguous as to the term "did follow" and

15   "protocols." Defendant objects to this request on the grounds that it is overbroad and

16   unduly burdensome in calling for a response as to every member of the putative class and/or

17   collective, and not proportional to the present needs of the case, where the action has not

18   been certified as a collective or class. Defendant further objects that, at this juncture, the

19   request is overbroad and premature since no class has been certified and Plaintiffs currently

20   represent only themselves, and there have been no opt ins other than the Plaintiffs.

21   Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that

22   such discovery measures are likely to produce persuasive information substantiating the

23   class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the

24   foregoing objections, Defendant responds as follows: Deny.

25

26

27

28

42800511v.1

1    DATED: November 30, 2017              Respectfully submitted,

2                                          SEYFARTH SHAW LLP

3

4                                          By: _____
                                                Diana Tabacopoulos
5                                               Michael W. Kopp
                                                Attorneys for Defendant
6                                          PARAXEL INTERNATIONAL, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

43

42800511v.1

## PROOF OF SERVICE

1

2   I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is 400 Capital Mall, Suite 2350, Sacramento,
3   California 95814. On November 30, 2017, I caused to be served the within document(s):

4   **DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
    ADMISSION;**
5

6   **DEFENDANT'S RESPONSE TO PLAINTIFF DEXTER PASIS' FIRST SET OF
    INTERROGATORIES;**
7

    **DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
8   DOCUMENTS**

9   [X] by placing the document(s) listed above in a sealed envelope with postage thereon fully
        prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento,
10      California, addressed as set forth below.

11  [ ] by placing the document(s) listed above in a sealed envelope or package provided by
        Federal Express, an overnight delivery carrier with postage paid on account and
12      deposited for collection with the overnight carrier at Sacramento, California, addressed as
        set forth below.
13

14  Patrick N. Keegan              *Attorneys for Plaintiff*
    James M. Treglio
15  Keegan & Baker LLP             T: (760) 929-9303
    6156 Innovation Way            F: (760) 929-9260
16  Carlsbad, CA 92009             pkeegan@keeganbaker.com

17  Walter Haines                  T: (310) 234-5678
    The United Employees Law Group F: (562) 256-1006
18  5500 Bolsa Avenue, Suite 201   walter@whaines.com
    Huntington Beach, CA 92649
19

20  I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
21  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
22  meter date is more than one day after date of deposit for mailing in affidavit.

23  I declare that I am employed in the office of a member of the bar of this court whose
direction the service was made. Executed on November 30, 2017, at Sacramento, California.
24

25

26  _____
                                        Linda Ninelist
27

28

_____

3:16-CV-03084-L-BGS

39574277v.1