UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHOULEE CONES, et al.,<br><br>                            Plaintiffs,<br><br>v.<br><br>PAREXEL INTERNATIONAL CORPORATION, et al.,<br><br>                           Defendants. | Case No.: 3:16-cv-03084-L-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL [Doc. 86]** |

Pending before the Court is Plaintiff's motion to file documents under seal [Doc. 120].) Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003). Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id.* at 1178.

Plaintiff's sole argument for filing the documents at issue under seal is the fact that these documents were designated as confidential pursuant to the terms of a protective order. That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing documents which are filed with the Court. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.(Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003). By nature, protective orders are over inclusive, *see Beckman*, 966 F.2d at 476, because prior to signing, the judge typically does not have the opportunity to analyze whether any particular document should be sealed. *See San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at 1133. Whether a document designated as confidential pursuant to a protective order should be sealed must therefore usually be determined *de novo*. *See Weyerhaeuser*, 340 F. Supp. 2d at 1121. Plaintiffs' reliance on the protective order is insufficient to meet the compelling reasons standard for sealing court filings related to a class certification motion.

For the foregoing reasons, Plaintiff's motion is **DENIED**. The exhibits, which were lodged under seal, will not be considered. This denial is without prejudice to refiling the exhibits without sealing or filing a renewed motion to seal that actually presents a proper argument as to why there are compelling reasons to deny public access. Any new application to seal must be filed by April 14, 2018, include the requisite showing, and designate specific portions of the exhibits for sealing.

**IT IS SO ORDERED.**

Dated: April 10, 2018

_____
Hon. M. James Lorenz
United States District Judge