UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHOULEE CONES, et al., | Case No.: 3:16-cv-03084-L-BGS |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL [Doc. 91]** |
| PAREXEL INTERNATIONAL CORPORATION, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's unopposed motion to file documents under seal. Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003). Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking

1

to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id*. at 1178.[1]

Whether a party's proffered reasons for filing documents under seal are compelling is fact specific and left to the "sound discretion of the trial court." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978). If public access to a document might harm a litigant's competitive standing in its business, the Court has discretion to allow a party to file the document under seal. *Id*. at 598–99. Here, Plaintiff seeks to file under seal documents regarding the management of clinical trials and Defendant's internal operating policies and procedures. In support of this motion, Plaintiffs submit declaration testimony from Ron Kraus ("Kraus") one of Defendant's corporate vice presidents. (Kraus Decl. [Doc. 91-1].) In his declaration, Kraus testifies that Defendant safeguards these documents as confidential because their public disclosure would erode a competitive business advantage in successfully conducting clinical trials of pharmaceutical and medical devices. (Id.) Having reviewed Kraus' declaration and the underlying documents, the Court finds that public disclosure of these documents might harm Defendant's competitive standing in its business. The Court therefore **GRANTS** Plaintiff's motion to file these documents under seal.

//
//
//
//

---

[1] Defendant's argues that the "good cause" standard should govern here because a motion for class certification is non-dispositive. Defendant's argument is unpersuasive because, from the fact that a motion is non-dispositive, it does not follow that the lower "good cause" standard (as opposed to the default "compelling reasons" standard) applies. *Center for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Rather, the compelling reasons standard applies to all motions except those that are only "tangentially related to the merits of a case." *Id.* at 1101. Defendant has failed to demonstrate that the present motion for class certification is only tangentially related to the merits of this case. Indeed, the merits of a plaintiff's substantive claim(s) are often highly relevant in determining whether to grant class certification. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011).

**IT IS SO ORDERED.**

Dated:  April 16, 2018

Hon. M. James Lorenz
United States District Judge