# Exhibit A

1  SEYFARTH SHAW LLP
   Diana Tabacopoulos (SBN 128238)
2  dtabacopoulos@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
4  Facsimile:  (310) 201-5219

5  SEYFARTH SHAW LLP
   Michael W. Kopp
6  mkopp@seyfarth.com
   400 Capitol Mall, Suite 2350
7  Sacramento, California 95814-4428
   Telephone:  (916) 448-0159
8  Facsimile:  (916) 558-4839

9  Attorneys for Defendants
   PARAXEL INTERNATIONAL,
10 CORPORATION,
   PAREXEL INTERNATIONAL, LLC

11

12            UNITED STATES DISTRICT COURT

13          SOUTHERN DISTRICT OF CALIFORNIA

14 SCHOULEE CONES, an individual, and        Case No. 16-CV-3084-L-BGS
   DEXTER PASIS, an individual, on behalf
15 of themselves and all others similarly     **DEFENDANT'S RESPONSE TO**
   situated,                                  **PLAINTIFFS' FIRST SET OF**
16                                            **REQUESTS FOR ADMISSION**
                Plaintiffs,
17
          v.
18
   PAREXEL INTERNATIONAL
19 CORPORATION, a Massachusetts
   corporation licensed to do business in the
20 State of California, PAREXEL
   INTERNATIONAL LLC, a Massachusetts
21 limited liability Company licensed to do
   business in the State of California,
22
                Defendants.
23

24

25 PROPOUNDING PARTY:        SCHOULEE CONES and DEXTER PASIS

26 RESPONDING PARTY:         PAREXEL INTERNATIONAL, LLC

27 SET NO.:                  ONE

28

---

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

Defendant, PAREXEL INTERNATIONAL, LLC ("Defendant") by and through its attorneys, respectfully responds to Plaintiffs' First Set of Requests for Admission.

## PRELIMINARY STATEMENT

These responses are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and all other grounds that would require the exclusion of any statements contained herein, if such statements were made by a witness testifying in court, all of which are expressly reserved and may be interposed at the time of trial. The fact that Defendant has answered part or all of any Request is not intended and shall not be construed to be a waiver of part or all of any objection to any Request. Defendant is not making any incidental or implied admissions.

The information contained in each response is based only upon the information currently available to Defendant. Defendant's investigation and discovery in preparation for trial will continue throughout this action. Additional investigation may disclose further information relevant to these responses, including information obtained by Defendant from Plaintiffs or third parties. Defendant fully reserves its right to alter, amend, supplement, or otherwise revise these responses if, for any reason, such revisions or supplements become warranted. Defendant responds to these Requests as it understands them and reserves the right to provide different responses if Plaintiffs later provide a different interpretation.

Defendant's responses to these Requests are made without prejudice to its right to introduce any and all evidence of any kind in this action.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSIONS NO. 1:

Admit that no person employed as a Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

2

42800511v.1

1  within the United States by Parexel International, LLC during the time period from
2  December 22, 2013 through and including the date of YOUR Response was involved the
3  management of Parexel International, LLC.

4  **RESPONSE TO NO. 1:**

5       Defendant objects that the request is vague as to "involved the management."
6  Defendant objects to the request on the grounds it is compound and vague and ambiguous
7  in referring to a "Clinical Research Associate position," and in referring to the multiple and
8  distinct positions of "Clinical Monitoring Associate (In-House CRA),"a "Clinical
9  Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical
10 Research Associate I," a "Clinical Research Associate II," and a "Senior Clinical Research
11 Associate," which do not correspond to PAREXEL International LLC's identification of
12 positions. Defendant objects to this request on the grounds that it is overbroad and unduly
13 burdensome in calling for a response as to every member of the putative class and/or
14 collective, and not proportional to the present needs of the case, where the action has not
15 been certified as a collective or class. Defendant further objects that, at this juncture, the
16 request is overbroad and premature since no class has been certified and Plaintiffs currently
17 represent only themselves, and there have been no opt ins other than the Plaintiffs.
18 Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
19 such discovery measures are likely to produce persuasive information substantiating the
20 class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
21 foregoing objections, Defendant responds as follows: Deny.

22 **REQUEST FOR ADMISSIONS NO. 2:**

23      Admit that no person employed as a Clinical Research Associate (CRA) in the
24 positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
25 Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
26 Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
27 within the United States by Parexel International, LLC during the time period from

28

3

42800511v.1

1  December 22, 2013 through and including the date of YOUR response was require to
2  manage the affairs of a customarily recognized department or subdivision of Parexel
3  International, LLC.

4  **RESPONSE TO NO. 2:**

5       Defendant objects that the request is vague as to "manage the affairs." Defendant
6  objects to the request on the grounds it is compound and vague and ambiguous in referring
7  to a "Clinical Research Associate position," and in referring to the multiple and distinct
8  positions of "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
9  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
10  Associate I," a "Clinical Research Associate II," and a "Senior Clinical Research
11  Associate," which do not correspond to PAREXEL International LLC's identification of
12  positions.  Defendant objects to this request on the grounds that it is overbroad and unduly
13  burdensome in calling for a response as to every member of the putative class and/or
14  collective, and not proportional to the present needs of the case, where the action has not
15  been certified as a collective or class. Defendant further objects that, at this juncture, the
16  request is overbroad and premature since no class has been certified and Plaintiffs currently
17  represent only themselves, and there have been no opt ins other than the Plaintiffs.
18  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
19  such discovery measures are likely to produce persuasive information substantiating the
20  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
21  foregoing objections, Defendant responds as follows: Admit.

22  **REQUEST FOR ADMISSIONS NO. 3:**

23       Admit that no person employed as a Clinical Research Associate (CRA) in the
24  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
25  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
26  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
27  within the United States by Parexel International, LLC during the time period from

28

4

42800511v.1

1  December 22, 2013 through and including the date of YOUR response was require [sic] to
2  customarily and regularly direct the work of two or more other employees of Parexel
3  International, LLC.

4  **RESPONSE TO NO. 3:**

5        Defendant objects that the request is vague as to "direct the work." Defendant objects
6  to the request on the grounds it is compound and vague and ambiguous in referring to a
7  "Clinical Research Associate position," and in referring to the multiple and distinct
8  positions of "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring
9  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
10  Associate I," a "Clinical Research Associate II," and a "Senior Clinical Research
11  Associate," which do not correspond to PAREXEL International LLC's identification of
12  positions. Defendant objects to this request on the grounds that it is overbroad and unduly
13  burdensome in calling for a response as to every member of the putative class and/or
14  collective, and not proportional to the present needs of the case, where the action has not
15  been certified as a collective or class. Defendant further objects that, at this juncture, the
16  request is overbroad and premature since no class has been certified and Plaintiffs currently
17  represent only themselves, and there have been no opt ins other than the Plaintiffs.
18  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
19  such discovery measures are likely to produce persuasive information substantiating the
20  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
21  foregoing objections, Defendant responds as follows: Admit as to Plaintiffs Cones and
22  Pasis.

23  **REQUEST FOR ADMISSIONS NO. 4:**

24        Admit that no person employed as a Clinical Research Associate (CRA) in the
25  positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring
26  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
27  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

28

42800511v.1

1  within the United States by Parexel International, LLC during the time period from

2  December 22, 2013 through and including the date of YOUR response had the authority to

3  hire or fire other Parexel International, LLC employees.

4  **RESPONSE TO NO. 4:**

5        Defendant objects to the request on the grounds it is compound and vague and

6  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

7  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

8  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

9  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

10  PAREXEL International LLC's identification of positions.   Defendant objects to this

11  request on the grounds that it is overbroad and unduly burdensome in calling for a response

12  as to every member of the putative class and/or collective, and not proportional to the

13  present needs of the case, where the action has not been certified as a collective or class.

14  Defendant further objects that, at this juncture, the request is overbroad and premature since

15  no class has been certified and Plaintiffs currently represent only themselves, and there

16  have been no opt ins other than the Plaintiffs. Plaintiffs have not met the prima facie

17  showing of Rule 23's prerequisites or shown that such discovery measures are likely to

18  produce persuasive information substantiating the class action allegations. *Mantolete v.*

19  *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant

20  responds as follows: Admit.

21  **REQUEST FOR ADMISSIONS NO. 5:**

22        Admit that no person employed as a Clinical Research Associate (CRA) in the

23  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

24  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

25  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

26  within the United States by Parexel International, LLC during the time period from

27  December 22, 2013 through and including the date of YOUR response was required to be

28

6

4280051lv.1

1  licensed in the practice of law, medicine, dentistry, optometry, architecture, engineering,

2  teaching, or accounting.

3  **RESPONSE TO NO. 5:**

4      Defendant objects to the request on the grounds it is compound and vague and

5  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

6  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

7  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

8  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

9  PAREXEL International LLC's identification of positions. Defendant objects to this

10  request on the grounds that it is overbroad and unduly burdensome in calling for a response

11  as to every member of the putative class and/or collective, and not proportional to the

12  present needs of the case, where the action has not been certified as a collective or class.

13  Defendant further objects that, at this juncture, the request is overbroad and premature since

14  no class has been certified and Plaintiffs currently represent only themselves, and there

15  have been no opt ins other than the Plaintiffs. Plaintiffs have not met the prima facie

16  showing of Rule 23's prerequisites or shown that such discovery measures are likely to

17  produce persuasive information substantiating the class action allegations. *Mantolete v.*

18  *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant

19  responds as follows: Admit.

20  **REQUEST FOR ADMISSIONS NO. 6:**

21      Admit that no person employed as a Clinical Research Associate (CRA) in the

22  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

23  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

24  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

25  within the United States by Parexel International, LLC during the time period from

26  December 22, 2013 through and including the date of YOUR response was required to be

27

28

7

42800511v.1

1  certified in the practice of law, medicine, dentistry, optometry, architecture, engineering,
2  teaching, or accounting.

3  **RESPONSE TO NO. 6:**

4      Defendant objects to the request on the grounds it is compound and vague and
5  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
6  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
7  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
8  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
9  PAREXEL International LLC's identification of positions.   Defendant objects to this
10  request on the grounds that it is overbroad and unduly burdensome in calling for a response
11  as to every member of the putative class and/or collective, and not proportional to the
12  present needs of the case, where the action has not been certified as a collective or class.
13  Defendant further objects that, at this juncture, the request is overbroad and premature since
14  no class has been certified and Plaintiffs currently represent only themselves, and there
15  have been no opt ins other than the Plaintiffs. Plaintiffs have not met the prima facie
16  showing of Rule 23's prerequisites or shown that such discovery measures are likely to
17  produce persuasive information substantiating the class action allegations. *Mantolete v.*
18  *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant
19  responds as follows: Admit.

20  **REQUEST FOR ADMISSIONS NO. 7:**

21      Admit that no person employed as a Clinical Research Associate (CRA) in the
22  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
23  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
24  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
25  within the United States by Parexel International, LLC during the time period from
26  December 22, 2013 through and including the date of YOUR response was required to be

27

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1  primarily engaged in the practice of law, medicine, dentistry, optometry, architecture,
2  engineering, teaching, or accounting.

3  **RESPONSE TO NO. 7:**

4      Defendant objects to the request on the grounds it is compound and vague and
5  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
6  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
7  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
8  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
9  PAREXEL International LLC's identification of positions.  Defendant further objects that
10  the request is vague as to "primarily engaged in the practice of . . . medicine." Defendant
11  objects to this request on the grounds that it is overbroad and unduly burdensome in calling
12  for a response as to every member of the putative class and/or collective, and not
13  proportional to the present needs of the case, where the action has not been certified as a
14  collective or class. Defendant further objects that, at this juncture, the request is overbroad
15  and premature since no class has been certified and Plaintiffs currently represent only
16  themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met
17  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
18  are likely to produce persuasive information substantiating the class action allegations.
19  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,
20  Defendant responds as follows:  to the extent this request is referring to employees in the
21  above enumerated positions performing medical services directly on a patient, admit.  To
22  the extent this request for admission is referring to performing critical monitoring functions
23  directly related to and impacting patient safety and the integrity of pharmaceutical and
24  medical device studies involving patients in various medical care facilities, deny.

25  **REQUEST FOR ADMISSIONS NO. 8:**

26      Admit that no person employed as a Clinical Research Associate (CRA) in the
27  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

28

9

42800511v.1

1    Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

2    Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

3    within the United States by Parexel International, LLC during the time period from

4    December 22, 2013 through and including the date of YOUR response had authority to

5    commit Parexel International, LLC in matters that have significant financial impact.

6    **RESPONSE TO NO. 8:**

7         Defendant objects to the request on the grounds it is compound and vague and

8    ambiguous in referring to a "Clinical Research Associate position," and in referring to the

9    multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

10   "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

11   Associate II," and a "Senior Clinical Research Associate," which do not correspond to

12   PAREXEL International LLC's identification of positions. Defendant further objects to

13   this request on the grounds it is vague and ambiguous as to the term "significant financial

14   impact." Defendant objects to this request on the grounds that it is overbroad and unduly

15   burdensome in calling for a response as to every member of the putative class and/or

16   collective, and not proportional to the present needs of the case, where the action has not

17   been certified as a collective or class. Defendant further objects that, at this juncture, the

18   request is overbroad and premature since no class has been certified and Plaintiffs currently

19   represent only themselves, and there have been no opt ins other than the Plaintiffs.

20   Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that

21   such discovery measures are likely to produce persuasive information substantiating the

22   class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the

23   foregoing objections, Defendant responds as follows: Deny.

24   **REQUEST FOR ADMISSIONS NO. 9:**

25        Admit that no person employed as a Clinical Research Associate (CRA) in the

26   positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

27   Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

28

10

42800511v.1

1    Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

2    within the United States by Parexel International, LLC during the time period from

3    December 22, 2013 through and including the date of YOUR response had authority to

4    negotiate for and bind Parexel International, LLC on matters that have significant financial

5    impact.

6    **RESPONSE TO NO. 9:**

7           Defendant objects to the request on the grounds it is compound and vague and

8    ambiguous in referring to a "Clinical Research Associate position," and in referring to the

9    multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

10   "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

11   Associate II," and a "Senior Clinical Research Associate," which do not correspond to

12   PAREXEL International LLC's identification of positions. Defendant further objects to

13   this request on the grounds it is vague and ambiguous as to the term "significant financial

14   impact." Defendant objects to this request on the grounds that it is overbroad and unduly

15   burdensome in calling for a response as to every member of the putative class and/or

16   collective, and not proportional to the present needs of the case, where the action has not

17   been certified as a collective or class. Defendant further objects that, at this juncture, the

18   request is overbroad and premature since no class has been certified and Plaintiffs currently

19   represent only themselves, and there have been no opt ins other than the Plaintiffs.

20   Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that

21   such discovery measures are likely to produce persuasive information substantiating the

22   class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the

23   foregoing objections, Defendant responds as follows: Deny.

24   **REQUEST FOR ADMISSIONS NO. 10:**

25          Admit that no person employed as a Clinical Research Associate (CRA) in the

26   positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

27   Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

28

11

42800511v.1

1   Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

2   within the United States by Parexel International, LLC during the time period from

3   December 22, 2013 through and including the date of YOUR response provided

4   consultation or expert advice to management of Parexel International, LLC.

5   **RESPONSE TO NO. 10:**

6         Defendant objects to the request on the grounds it is compound and vague and

7   ambiguous in referring to a "Clinical Research Associate position," and in referring to the

8   multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

9   "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

10  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

11  PAREXEL International LLC's identification of positions. Defendant further objects to

12  this request on the grounds it is vague and ambiguous as to the phrase "provided

13  consultation or expert advice." Defendant objects to this request on the grounds that it is

14  overbroad and unduly burdensome in calling for a response as to every member of the

15  putative class and/or collective, and not proportional to the present needs of the case, where

16  the action has not been certified as a collective or class. Defendant further objects that, at

17  this juncture, the request is overbroad and premature since no class has been certified and

18  Plaintiffs currently represent only themselves, and there have been no opt ins other than

19  the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites

20  or shown that such discovery measures are likely to produce persuasive information

21  substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir.

22  1985). Subject to the foregoing objections, Defendant responds as follows: Deny.

23  **REQUEST FOR ADMISSIONS NO. 11:**

24        Admit that no person employed as a Clinical Research Associate (CRA) in the

25  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

26  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

27  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

28

12

42800511v.1

1 | within the United States by Parexel International, LLC during the time period from
2 | December 22, 2013 through and including the date of YOUR response was involved in
3 | planning long-term business objectives of Parexel International, LLC.

4 | **RESPONSE TO NO. 11:**

5 | Defendant objects to the request on the grounds it is compound and vague and
6 | ambiguous in referring to a "Clinical Research Associate position," and in referring to the
7 | multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA)," a
8 | "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
9 | Associate II," and a "Senior Clinical Research Associate," which do not correspond to
10 | PAREXEL International LLC's identification of positions. Defendant objects that the
11 | request is vague and ambiguous as to the phrase "long-term business objectives."
12 | Defendant objects to this request on the grounds that it is overbroad and unduly
13 | burdensome in calling for a response as to every member of the putative class and/or
14 | collective, and not proportional to the present needs of the case, where the action has not
15 | been certified as a collective or class. Defendant further objects that, at this juncture, the
16 | request is overbroad and premature since no class has been certified and Plaintiffs currently
17 | represent only themselves, and there have been no opt ins other than the Plaintiffs.
18 | Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
19 | such discovery measures are likely to produce persuasive information substantiating the
20 | class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
21 | foregoing objections, Defendant responds as follows: To the extent the request is referring
22 | to the duty to plan and manage performance at multiple sites, and to manage compliance,
23 | patient safety, data integrity in connection with the core business function and business
24 | objectives of PAREXEL, deny.

25 | **REQUEST FOR ADMISSIONS NO. 12:**

26 | Admit that no person employed as a Clinical Research Associate (CRA) in the
27 | positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring

28 |

42800511v.1

1 Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
2 Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
3 within the United States by Parexel International, LLC during the time period from
4 December 22, 2013 through and including the date of YOUR response was involved in
5 planning short-term business objectives of Parexel International, LLC.

6 **RESPONSE TO NO. 12:**

7       Defendant objects to the request on the grounds it is compound and vague and
8 ambiguous in referring to a "Clinical Research Associate position," and in referring to the
9 multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
10 "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
11 Associate II," and a "Senior Clinical Research Associate," which do not correspond to
12 PAREXEL International LLC's identification of positions. Defendant objects to the
13 request on the grounds that it is vague as to "business objectives." Defendant objects to
14 this request on the grounds that it is overbroad and unduly burdensome in calling for a
15 response as to every member of the putative class and/or collective, and not proportional
16 to the present needs of the case, where the action has not been certified as a collective or
17 class. Defendant further objects that, at this juncture, the request is overbroad and
18 premature since no class has been certified and Plaintiffs currently represent only
19 themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met
20 the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
21 are likely to produce persuasive information substantiating the class action allegations.
22 *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,
23 Defendant responds as follows: To the extent the request is referring to the duty to plan
24 and manage performance at multiple sites, and to manage compliance, patient safety, data
25 integrity in connection with the core business function and business objectives of
26 PAREXEL, deny.

27

28

42800511v.1

1    **REQUEST FOR ADMISSIONS NO. 13:**

2        Admit that no person employed as a Clinical Research Associate (CRA) in the

3 positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

4 Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

5 Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

6 within the United States by Parexel International, LLC during the time period from

7 December 22, 2013 through and including the date of YOUR response was a member of

8 an Institutional Review Board (IRB) or an Independent Ethics Committee (IEC) for any

9 clinical trials on which they performed any LABOR as an EMPLOYEE of Parexel

10 International, LLC.

11    **RESPONSE TO NO. 13:**

12        Defendant objects to the request on the grounds it is compound and vague and

13 ambiguous in referring to a "Clinical Research Associate position," and in referring to the

14 multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

15 "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

16 Associate II," and a "Senior Clinical Research Associate," which do not correspond to

17 PAREXEL International LLC's identification of positions. Defendant objects to this

18 request on the grounds that it is overbroad and unduly burdensome in calling for a response

19 as to every member of the putative class and/or collective, and not proportional to the

20 present needs of the case, where the action has not been certified as a collective or class.

21 Defendant further objects that, at this juncture, the request is overbroad and premature since

22 no class has been certified and Plaintiffs currently represent only themselves, and there

23 have been no opt ins other than the Plaintiffs. Plaintiffs have not met the prima facie

24 showing of Rule 23's prerequisites or shown that such discovery measures are likely to

25 produce persuasive information substantiating the class action allegations. *Mantolete v.*

26 *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant

27 responds as follows: Admit.

28

4280051 1v.1

1  **REQUEST FOR ADMISSIONS NO. 14:**

2      Admit that no person employed as a Clinical Research Associate (CRA) in the
3  positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring
4  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
5  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
6  within the United States by Parexel International, LLC during the time period from
7  December 22, 2013 through and including the date of YOUR response gave medical care
8  to any subjects of any clinical trials on which they performed any LABOR as an
9  EMPLOYEE of Parexel International, LLC.

10  **RESPONSE TO NO. 14:**

11      Defendant objects to the request on the grounds it is compound and vague and
12  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
13  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
14  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
15  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
16  PAREXEL International LLC's identification of positions. Defendant objects that the
17  request is vague as to "gave medical care." Defendant objects to this request on the grounds
18  that it is overbroad and unduly burdensome in calling for a response as to every member
19  of the putative class and/or collective, and not proportional to the present needs of the case,
20  where the action has not been certified as a collective or class. Defendant further objects
21  that, at this juncture, the request is overbroad and premature since no class has been
22  certified and Plaintiffs currently represent only themselves, and there have been no opt ins
23  other than the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's
24  prerequisites or shown that such discovery measures are likely to produce persuasive
25  information substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416
26  (9th Cir. 1985). Subject to the foregoing objections, Defendant responds as follows:  to the
27  extent this request is referring to employees in the above enumerated positions performing

28

42800511v.1

1   medical care services directly on a patient, admit.  To the extent this request for admission

2   is referring to performing critical monitoring functions directly related to and impacting

3   patient safety and the integrity of pharmaceutical and medical device studies involving

4   patients in various medical care facilities, deny.

5   **REQUEST FOR ADMISSIONS NO. 15:**

6       Admit that no person employed as a Clinical Research Associate (CRA) in the

7   positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

8   Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

9   Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

10  within the United States by Parexel International, LLC during the time period from

11  December 22, 2013 through and including the date of YOUR response had the authority

12  from Parexel International, LLC to give medical care to any subjects of any clinical trials

13  on which they performed any LABOR as an EMPLOYEE of Parexel International, LLC.

14  **RESPONSE TO NO. 15:**

15      Defendant objects to the request on the grounds it is compound and vague and

16  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

17  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

18  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

19  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

20  PAREXEL International LLC's identification of positions. Defendant objects that the

21  request is vague as to "give medical care." Defendant objects to this request on the grounds

22  that it is overbroad and unduly burdensome in calling for a response as to every member

23  of the putative class and/or collective, and not proportional to the present needs of the case,

24  where the action has not been certified as a collective or class. Defendant further objects

25  that, at this juncture, the request is overbroad and premature since no class has been

26  certified and Plaintiffs currently represent only themselves, and there have been no opt ins

27  other than the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's

28

42800511v.1

1  prerequisites or shown that such discovery measures are likely to produce persuasive

2  information substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416

3  (9th Cir. 1985). Subject to the foregoing objections, Defendant responds as follows:  to the

4  extent this request is referring to employees in the above enumerated positions performing

5  medical care services directly on a patient, admit.  To the extent this request for admission

6  is referring to performing critical monitoring functions directly related to and impacting

7  patient safety and the integrity of pharmaceutical and medical device studies involving

8  patients in various medical care facilities, deny.

9  **REQUEST FOR ADMISSIONS NO. 16:**

10  Admit that no person employed as a Clinical Research Associate (CRA) in the

11  positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring

12  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

13  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

14  within the United States by Parexel International, LLC during the time period from

15  December 22, 2013 through and including the date of YOUR response made medical

16  decisions on behalf of any subjects of any clinical trials on which they performed any

17  LABOR as an EMPLOYEE of Parexel International, LLC.

18  **RESPONSE TO NO. 16:**

19  Defendant objects to the request on the grounds it is compound and vague and

20  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

21  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

22  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

23  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

24  PAREXEL International LLC's identification of positions. Defendant objects that the

25  request is vague and ambiguous as to "made medical decisions." Defendant objects to this

26  request on the grounds that it is overbroad and unduly burdensome in calling for a response

27  as to every member of the putative class and/or collective, and not proportional to the

28

18

42800511v.1

1 | present needs of the case, where the action has not been certified as a collective or class.

2 | Defendant further objects that, at this juncture, the request is overbroad and premature since

3 | no class has been certified and Plaintiffs currently represent only themselves, and there

4 | have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie

5 | showing of Rule 23's prerequisites or shown that such discovery measures are likely to

6 | produce persuasive information substantiating the class action allegations. *Mantolete v.*

7 | *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, to the extent

8 | the request refers to "medical decisions" of a health care provider regarding medical

9 | treatment Defendant responds as follows: Admit.  To the extent this request for admission

10 | is referring to performing critical monitoring functions directly related to and impacting

11 | patient safety and the integrity of pharmaceutical and medical device studies involving

12 | patients in various medical care facilities, deny.

13 | **REQUEST FOR ADMISSIONS NO. 17:**

14 | Admit that no person employed as a Clinical Research Associate (CRA) in the

15 | positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

16 | Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

17 | Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

18 | within the United States by Parexel International, LLC during the time period from

19 | December 22, 2013 through and including the date of YOUR response had the authority

20 | from Parexel International, LLC to make medical decisions on behalf of any subjects of

21 | any clinical trials on which they performed any LABOR as an EMPLOYEE of Parexel

22 | International, LLC.

23 | **RESPONSE TO NO. 17:**

24 | Defendant objects to the request on the grounds it is compound and vague and

25 | ambiguous in referring to a "Clinical Research Associate position," and in referring to the

26 | multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

27 | "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

28 |

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

Associate II," and a "Senior Clinical Research Associate," which do not correspond to PAREXEL International LLC's identification of positions. Defendant objects that the request is vague as to "make medical decisions." Defendant objects to this request on the grounds that it is overbroad and unduly burdensome in calling for a response as to every member of the putative class and/or collective, and not proportional to the present needs of the case, where the action has not been certified as a collective or class. Defendant further objects that, at this juncture, the request is overbroad and premature since no class has been certified and Plaintiffs currently represent only themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that such discovery measures are likely to produce persuasive information substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985).  Subject to the foregoing objections, to the extent the request refers to "medical decisions" of a health care provider regarding medical treatment Defendant responds as follows: Admit.  To the extent this request for admission is referring to performing critical monitoring functions directly related to and impacting patient safety and the integrity of pharmaceutical and medical device studies involving patients in various medical care facilities, deny.

## REQUEST FOR ADMISSIONS NO. 18:

Admit that all persons employed as a Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate" within the United States by Parexel International, LLC during the time period from December 22, 2013 through and including the date of YOUR response conduct site monitoring responsibilities for clinical trials according to PAREXEL's Standard Operating Procedures, at qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV) at assigned clinical sites.

42800511v.1

1  **RESPONSE TO NO. 18:**

2      Defendant objects to the request on the grounds it is compound and vague and

3  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

4  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

5  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

6  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

7  PAREXEL International LLC's identification of positions. Defendant objects to this

8  request on the grounds it is vague and ambiguous as to the phrase "according to."

9  Defendant objects to this request on the grounds that it is overbroad and unduly

10  burdensome in calling for a response as to every member of the putative class and/or

11  collective, and not proportional to the present needs of the case, where the action has not

12  been certified as a collective or class. Defendant further objects that, at this juncture, the

13  request is overbroad and premature since no class has been certified and Plaintiffs currently

14  represent only themselves, and there have been no opt ins other than the Plaintiffs.

15  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that

16  such discovery measures are likely to produce persuasive information substantiating the

17  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). The request

18  is also unintelligible, compound, and assumes facts not in evidence, as the Plaintiffs did

19  not perform the run of site visits collectively identified in this request.  Subject to the

20  foregoing objections, Defendant responds as follows:  Deny.

21  **REQUEST FOR ADMISSIONS NO. 19:**

22      Admit that all persons employed as a Clinical Research Associate (CRA) in the

23  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

24  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

25  Associate 1," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

26  within the United States by Parexel International, LLC during the time period fi-om

27  December 22, 2013 through and including the date of YOUR response conduct site

28

21

42800511v.1

1  monitoring responsibilities for clinical trials according to ICH guidelines and Good Clinic

2  Practices (GCP) at qualification visits (QV), site initiation visits (SIV) and monitoring

3  visits (MV) at assigned clinical sites.

4  **RESPONSE TO NO. 19:**

5    Defendant objects to the request on the grounds it is compound and vague and

6  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

7  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

8  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

9  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

10  PAREXEL International LLC's identification of positions. Defendant objects to this

11  request on the grounds it is vague and ambiguous as to the phrase "according to."

12  Defendant objects to this request on the grounds that it is overbroad and unduly

13  burdensome in calling for a response as to every member of the putative class and/or

14  collective, and not proportional to the present needs of the case, where the action has not

15  been certified as a collective or class. Defendant further objects that, at this juncture, the

16  request is overbroad and premature since no class has been certified and Plaintiffs currently

17  represent only themselves, and there have been no opt ins other than the Plaintiffs.

18  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that

19  such discovery measures are likely to produce persuasive information substantiating the

20  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). The request

21  is also unintelligible, compound, and assumes facts not in evidence, as the Plaintiffs did

22  not perform the run of site visits collectively identified in this request. Subject to the

23  foregoing objections. Deny, specifically as to Plaintiff Cones, who never qualified to

24  perform (and never did perform) a site qualification visit, site initiation visit, or site

25  monitoring visit, and deny as to Plaintiff Pasis, who never performed qualification visits or

26  site initiation visits. Defendant admits that ICH guidelines and GCP apply to qualification

27  visits, site initiation visits, and monitoring visits.

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1  **REQUEST FOR ADMISSIONS NO. 20:**

2        Admit that no person employed as a Clinical Research Associate (CRA) in the

3  positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring

4  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

5  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

6  within the United States by Parexel International, LLC during the time period from

7  December 22, 2013 through and including the date of YOUR response had the authority

8  from Parexel International, LLC not to follow ICH guidelines and Good Clinic Practices

9  (GCP) at qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV)

10  at assigned clinical sites.

11  **RESPONSE TO NO. 20:**

12        Defendant objects to the request on the grounds it is compound and vague and

13  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

14  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA)," a

15  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

16  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

17  PAREXEL International LLC's identification of positions. Defendant objects that the

18  request is vague and ambiguous as to the phrase "to follow." Defendant objects to this

19  request on the grounds that it is overbroad and unduly burdensome in calling for a response

20  as to every member of the putative class and/or collective, and not proportional to the

21  present needs of the case, where the action has not been certified as a collective or class.

22  Defendant further objects that, at this juncture, the request is overbroad and premature since

23  no class has been certified and Plaintiffs currently represent only themselves, and there

24  have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie

25  showing of Rule 23's prerequisites or shown that such discovery measures are likely to

26  produce persuasive information substantiating the class action allegations. *Mantolete v.*

27  *Bolger*, 767 F.2d 1416 (9th Cir. 1985).  The request is also unintelligible, compound, and

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1   assumes facts not in evidence, as Cones did not perform any site visits and Pasis did not

2   perform site qualification and site initiation visits. Subject to the foregoing objections,

3   Defendant responds as follows: Admit.

4   **REQUEST FOR ADMISSIONS NO. 21:**

5   Admit that all persons employed as a Clinical Research Associate (CRA) in the

6   positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

7   Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

8   Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

9   within the United States by Parexel International, LLC during the time period from

10  December 22, 2013 through and including the date of YOUR response conduct site

11  monitoring responsibilities for clinical trials according to a SPONSOR's study specific

12  guidelines at qualification visits (QV), site initiation visits (SIV) and monitoring visits

13  (MV) at assigned clinical sites.

14  **RESPONSE TO NO. 21:**

15  Defendant objects to the request on the grounds it is compound and vague and

16  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

17  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

18  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

19  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

20  PAREXEL International LLC's identification of positions. Defendant objects to this

21  request on the grounds it is vague and ambiguous as to "according to." Defendant objects

22  to this request on the grounds that it is overbroad and unduly burdensome in calling for a

23  response as to every member of the putative class and/or collective, and not proportional

24  to the present needs of the case, where the action has not been certified as a collective or

25  class. Defendant further objects that, at this juncture, the request is overbroad and

26  premature since no class has been certified and Plaintiffs currently represent only

27  themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met

28

24

4280051lv.1

1    the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

2    are likely to produce persuasive information substantiating the class action allegations.

3    *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). The request is also unintelligible,

4    compound, and assumes facts not in evidence, as the Plaintiffs did not perform the run of

5    site visits collectively identified in this request. Subject to the foregoing objections: Deny.

6    **REQUEST FOR ADMISSIONS NO. 22:**

7         Admit that no person employed as a Clinical Research Associate (CRA) in the

8    positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring

9    Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

10   Associate I," a "Clinical Research Associate II," or a "Senior Clinical I Research

11   Associate" within the United States by Parexel International, LLC during the time period

12   from December 22, 2013 through and including the date of YOUR response had the

13   authority from Parexel International, LLC not to follow a SPONSOR's study specific

14   guidelines at qualification visits (QV), site initiation visits (SIV) and monitoring visits

15   (MV) at assigned clinical sites.

16   **RESPONSE TO NO. 22:**

17        Defendant objects to the request on the grounds it is compound and vague and

18   ambiguous in referring to a "Clinical Research Associate position," and in referring to the

19   multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA)," a

20   "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

21   Associate II," and a "Senior Clinical Research Associate," which do not correspond to

22   PAREXEL International LLC's identification of positions. Defendant objects to this

23   request on the grounds it is vague and ambiguous as to "to follow." Defendant objects to

24   this request on the grounds that it is overbroad and unduly burdensome in calling for a

25   response as to every member of the putative class and/or collective, and not proportional

26   to the present needs of the case, where the action has not been certified as a collective or

27   class. Defendant further objects that, at this juncture, the request is overbroad and

28

42800511v.1

1  premature since no class has been certified and Plaintiffs currently represent only
2  themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met
3  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
4  are likely to produce persuasive information substantiating the class action allegations.
5  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,
6  Defendant responds as follows: Deny.

7  **REQUEST FOR ADMISSIONS NO. 23:**

8      Admit that all persons employed as a Clinical Research Associate (CRA)  in the
9  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
10  Associate (In-House CRA) II," a "Clinical  Research Associate," a "Clinical Research
11  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
12  within the United States by Parexel International, LLC during the  time period from
13  December 22, 2013 through and including the date of YOUR response conduct site
14  monitoring responsibilities for clinical trials according to Monitoring Activity Plans or
15  Monitoring Plans at qualification visits (QV), site initiation visits (SIV) and monitoring
16  visits (MV) at assigned clinical sites.

17  **RESPONSE TO NO. 23:**

18      Defendant objects to the request on the grounds it is compound and vague and
19  ambiguous in referring to a "Clinical Research Associate position," and in referring to the
20  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
21  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
22  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
23  PAREXEL International LLC's identification of positions.  Defendant objects to this
24  request on the grounds it is vague and ambiguous as to "according to." Defendant objects
25  to this request on the grounds that it is overbroad and unduly burdensome in calling for a
26  response as to every member of the putative class and/or collective, and not proportional
27  to the present needs of the case, where the action has not been certified as a collective or
28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1  class. Defendant further objects that, at this juncture, the request is overbroad and
2  premature since no class has been certified and Plaintiffs currently represent only
3  themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met
4  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
5  are likely to produce persuasive information substantiating the class action allegations.
6  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). The request is also unintelligible,
7  compound, and assumes facts not in evidence, as the Plaintiffs did not perform the run of
8  site visits collectively identified in this request. Deny.

9  **REQUEST FOR ADMISSIONS NO. 24:**

10 Admit that no person employed as a Clinical Research Associate (CRA) in the
11 positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring
12 Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
13 Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
14 within the United States by Parexel International, LLC during the time period from
15 December 22, 2013 through and including the date of YOUR response had the authority
16 from Parexel International, LLC not to follow Monitoring Activity Plans or Monitoring
17 Plans at qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV) at
18 assigned clinical sites.

19 **RESPONSE TO NO. 24:**

20 Defendant objects to the request on the grounds it is compound and vague and
21 ambiguous in referring to a "Clinical Research Associate position," and in referring to the
22 multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA)," a
23 "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
24 Associate II," and a "Senior Clinical Research Associate," which do not correspond to
25 PAREXEL International LLC's identification of positions. Defendant objects to this
26 request on the grounds it is vague and ambiguous as to "to follow." Defendant objects to
27 this request on the grounds that it is overbroad and unduly burdensome in calling for a
28

27

42800511v.1

1  response as to every member of the putative class and/or collective, and not proportional
2  to the present needs of the case, where the action has not been certified as a collective or
3  class. Defendant further objects that, at this juncture, the request is overbroad and
4  premature since no class has been certified and Plaintiffs currently represent only
5  themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met
6  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
7  are likely to produce persuasive information substantiating the class action allegations.
8  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). The request is also unintelligible,
9  compound, and assumes facts not in evidence, as the Plaintiffs did not perform the run of
10 site visits collectively identified in this request. Subject to the foregoing objections. Deny.
11 **REQUEST FOR ADMISSIONS NO. 25:**
12     Admit that all persons, employed as a Clinical Research Associate (CRA) in the
13 positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical  Monitoring
14 Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
15 Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
16 within the United States by Parexel International, LLC during the time period from
17 December 22, 2013 through and including the date of YOUR response conduct site
18 monitoring responsibilities for clinical trials according to Monitoring Visit Report Form
19 Guidelines at qualification visits (QV), site initiation visits (SIV) and monitoring visits
20 (MV) at assigned clinical sites.
21 **RESPONSE TO NO. 25:**
22     Defendant objects to the request on the grounds it is compound and vague and
23 ambiguous in referring to a "Clinical Research Associate position," and in referring to the
24 multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA)," a
25 "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
26 Associate II," and a "Senior Clinical Research Associate," which do not correspond to
27 PAREXEL International LLC's identification of positions.  Defendant objects to this

28                                    28

42800511v.1

1   request on the grounds it is vague and ambiguous as to the phrase "according to."

2   Defendant objects to this request on the grounds that it is overbroad and unduly

3   burdensome in calling for a response as to every member of the putative class and/or

4   collective, and not proportional to the present needs of the case, where the action has not

5   been certified as a collective or class. Defendant further objects that, at this juncture, the

6   request is overbroad and premature since no class has been certified and Plaintiffs currently

7   represent only themselves, and there have been no opt ins other than the Plaintiffs.

8   Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that

9   such discovery measures are likely to produce persuasive information substantiating the

10  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the

11  foregoing objections, Defendant responds as follows:  Deny.

12  **REQUEST FOR ADMISSIONS NO. 26:**

13      Admit that no person employed as a Clinical Research Associate (CRA) in the

14  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

15  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

16  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

17  within the United States by Parexel International, LLC during the time period from

18  December 22, 2013 through and including the date of YOUR response had the authority

19  from Parexel International, LLC not to follow Monitoring Visit Report Form Guidelines at

20  qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV) at assigned

21  clinical sites.

22  **RESPONSE TO NO. 26:**

23      Defendant objects to the request on the grounds it is compound and vague and

24  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

25  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

26  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

27  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

28

1  PAREXEL International LLC's identification of positions.  Defendant objects to this

2  request on the grounds it is vague and ambiguous as to "to follow." Defendant objects to

3  this request on the grounds that it is overbroad and unduly burdensome in calling for a

4  response as to every member of the putative class and/or collective, and not proportional

5  to the present needs of the case, where the action has not been certified as a collective or

6  class. Defendant further objects that, at this juncture, the request is overbroad and

7  premature since no class has been certified and Plaintiffs currently represent only

8  themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met

9  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

10  are likely to produce persuasive information substantiating the class action allegations.

11  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,

12  Defendant responds as follows: Deny.

13  **REQUEST FOR ADMISSIONS NO. 27:**

14  Admit that all persons employed as a Clinical Research Associate (CRA) in the

15  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

16  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

17  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

18  within the United States by Parexel International, LLC during the time period from

19  December 22, 2013 through and including the date of YOUR response conduct site

20  monitoring responsibilities for clinical trials by completing Monitoring Visit Report Forms

21  for qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV) at

22  assigned clinical sites.

23  **RESPONSE TO NO. 27:**

24  Defendant objects to the request on the grounds it is compound and vague and

25  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

26  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

27  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1 Associate II," and a "Senior Clinical Research Associate," which do not correspond to
2 PAREXEL International LLC's identification of positions. Defendant objects to this
3 request on the grounds that it is overbroad and unduly burdensome in calling for a response
4 as to every member of the putative class and/or collective, and not proportional to the
5 present needs of the case, where the action has not been certified as a collective or class.
6 Defendant further objects that, at this juncture, the request is overbroad and premature since
7 no class has been certified and Plaintiffs currently represent only themselves, and there
8 have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie
9 showing of Rule 23's prerequisites or shown that such discovery measures are likely to
10 produce persuasive information substantiating the class action allegations. *Mantolete v.*
11 *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant
12 responds as follows: Deny.

13 **REQUEST FOR ADMISSIONS NO. 28:**

14     Admit that no person employed as a Clinical Research Associate (CRA) in the
15 positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
16 Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research
17 Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"
18 within the United States by Parexel International, LLC during the time period from
19 December 22, 2013 through and including the date of YOUR response had the authority
20 from Parexel International, LLC not to complete Monitoring Visit Report Forms for
21 qualification visits (QV), site initiation visits (SIV) and monitoring visits (MV) at assigned
22 clinical sites.

23 **RESPONSE TO NO. 28:**

24     Defendant objects that the request is vague as to "not to complete Monitoring Visit
25 Report Forms." Defendant objects to the request on the grounds it is compound and vague
26 and ambiguous in referring to a "Clinical Research Associate position," and in referring to
27 the multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

28

31

4280051lv.1

1   "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
2   Associate II," and a "Senior Clinical Research Associate," which do not correspond to
3   PAREXEL International LLC's identification of positions. Defendant objects to this
4   request on the grounds that it is overbroad and unduly burdensome in calling for a response
5   as to every member of the putative class and/or collective, and not proportional to the
6   present needs of the case, where the action has not been certified as a collective or class.
7   Defendant further objects that, at this juncture, the request is overbroad and premature since
8   no class has been certified and Plaintiffs currently represent only themselves, and there
9   have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie
10   showing of Rule 23's prerequisites or shown that such discovery measures are likely to
11   produce persuasive information substantiating the class action allegations. *Mantolete v.*
12   *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant
13   responds as follows: Deny.

14   **REQUEST FOR ADMISSIONS NO. 29:**

15       Admit that all clinical trials on which persons employed as a Clinical Research
16   Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA),"a
17   "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a
18   "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical
19   Research Associate" within the United States performed any LABOR as an EMPLOYEE
20   of Parexel International, LLC from December 22, 2013 through and including the date of
21   YOUR response have established Monitoring Activity Plans or Monitoring Plans that are
22   documented in writing.

23   **RESPONSE TO NO. 29:**

24       Defendant objects to the request on the grounds it is compound and vague and
25   ambiguous in referring to a "Clinical Research Associate position," and in referring to the
26   multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
27   "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

2  PAREXEL International LLC's identification of positions. Defendant objects to this

3  request on the grounds that it is vague and ambiguous as to "established." Defendant

4  objects to this request on the grounds that it is overbroad and unduly burdensome in calling

5  for a response as to every member of the putative class and/or collective, and not

6  proportional to the present needs of the case, where the action has not been certified as a

7  collective or class. Defendant further objects that, at this juncture, the request is overbroad

8  and premature since no class has been certified and Plaintiffs currently represent only

9  themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met

10  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

11  are likely to produce persuasive information substantiating the class action allegations.

12  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,

13  Defendant responds as follows:  To the extent this is cumulatively referring to Plaintiffs

14  Cones and Pasis: Deny, as Cones never qualified to perform site work on any study.  As to

15  those studies for which a putative class member performed labor, admit.

16  **REQUEST FOR ADMISSIONS NO. 30:**

17      Admit that all clinical trials on which persons employed as a Clinical Research

18  Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA),"a

19  "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a

20  "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical

21  Research Associate" within the United States performed any LABOR as an EMPLOYEE

22  of Parexel International, LLC from December 22, 2013 through and including the date of

23  YOUR response have established Monitoring Visit Report Form Guidelines that are

24  documented in writing.

25  **RESPONSE TO NO. 30:**

26      Defendant objects to the request on the grounds it is compound and vague and

27  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

28

42800511v.1

multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA)," a "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate II," and a "Senior Clinical Research Associate," which do not correspond to PAREXEL International LLC's identification of positions. Defendant objects to this request on the grounds that it is vague and ambiguous as to "established." Defendant objects to this request on the grounds that it is overbroad and unduly burdensome in calling for a response as to every member of the putative class and/or collective, and not proportional to the present needs of the case, where the action has not been certified as a collective or class. Defendant further objects that, at this juncture, the request is overbroad and premature since no class has been certified and Plaintiffs currently represent only themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that such discovery measures are likely to produce persuasive information substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections, Defendant responds as follows: To the extent this is cumulatively referring to Plaintiffs Cones and Pasis: Deny, as Cones never qualified to perform site work on any study.  As to those studies for which a putative class member performed labor, admit.

**REQUEST FOR ADMISSIONS NO. 31:**

Admit that all clinical trials on which persons employed as a Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA)," a "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate" within the United States performed any LABOR as an EMPLOYEE of Parexel International, LLC from December 22, 2013 through and including the date of YOUR response have established Monitoring Visit Report Forms that are documented in writing.

34

42800511v.1

1  **RESPONSE TO NO. 31:**

2      Defendant objects to the request on the grounds it is compound and vague and

3  ambiguous in referring to a "Clinical Research Associate position," and in referring to the

4  multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

5  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

6  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

7  PAREXEL International LLC's identification of positions. Defendant objects to this

8  request on the grounds that it is vague and ambiguous as to "established." Defendant

9  objects to this request on the grounds that it is overbroad and unduly burdensome in calling

10 for a response as to every member of the putative class and/or collective, and not

11 proportional to the present needs of the case, where the action has not been certified as a

12 collective or class. Defendant further objects that, at this juncture, the request is overbroad

13 and premature since no class has been certified and Plaintiffs currently represent only

14 themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met

15 the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

16 are likely to produce persuasive information substantiating the class action allegations.

17 *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,

18 Defendant responds as follows: To the extent this is cumulatively referring to Plaintiffs

19 Cones and Pasis: Deny, as Cones never qualified to perform site work on any study. As to

20 those studies for which a putative class member performed labor, admit.

21 **REQUEST FOR ADMISSIONS NO. 32:**

22      Admit that all clinical trial information is recorded and stored in Trial Master File

23 for each clinical trial on which persons employed as a Clinical Research Associate (CRA)

24 in the positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical

25 Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical

26 Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research

27 Associate" within the United States performed any LABOR as an EMPLOYEE of Parexel

28

35

4280051 1v.1

1  International, LLC from December 22, 2013 through and including the date of YOUR

2  response.

3  **RESPONSE TO NO. 32:**

4  Defendant objects that the request is vague, compound, overbroad and ambiguous

5  as to "a Trial Master File (TMF) exists for each and every clinical trial on which all persons

6  employed as a Clinical Research Associate (CRA in the positions of a 'Clinical Monitoring

7  Associate (In-House CRA),'a 'Clinical Monitoring Associate (In-House CRA) II,' a

8  'Clinical Research Associate,' a 'Clinical Research Associate I,' a 'Clinical Research

9  Associate II,' and a 'Senior Clinical Research Associate' within the United States by

10 Parexel International, LLC . . . performed LABOR." Defendant objects to this request on

11 the grounds it is vague and ambiguous as to "all clinical trial information." Defendant

12 objects to this request on the grounds that it is overbroad and unduly burdensome in calling

13 for a response as to every member of the putative class and/or collective, and not

14 proportional to the present needs of the case, where the action has not been certified as a

15 collective or class. Defendant further objects that, at this juncture, the request is overbroad

16 and premature since no class has been certified and Plaintiffs currently represent only

17 themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met

18 the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

19 are likely to produce persuasive information substantiating the class action allegations.

20 Mantolete v. Bolger, 767 F.2d 1416 (9th Cir. 1985). Subject to the foregoing objections,

21 Defendant responds as follows: To the extent this is cumulatively referring to Plaintiffs

22 Cones and Pasis: Deny, as Cones never qualified to perform site work on any study. As to

23 those studies for which a class member performed labor, admit.

24 **REQUEST FOR ADMISSIONS NO. 33:**

25 Admit that all clinical trials on which persons employed as a Clinical Research

26 Associate (CRA) in the positions of a "Clinical Monitoring Associate (In-House CRA),"a

27 "Clinical Monitoring Associate (In-House CRA) II," a "Clinical Research Associate," a

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

42800511v.1

1   "Clinical Research Associate I," a "Clinical Research Associate II," or a "Senior Clinical
2   Research Associate" within the United States performed any LABOR as an EMPLOYEE
3   of Parexel International, LLC from December 22, 2013 through and including the date of
4   YOUR response have established protocols that are documented in writing.

5   **RESPONSE TO NO. 33:**

6       Defendant objects that the request is vague, compound, overbroad and ambiguous
7   as to " all clinical trials on which persons employed ... performed any LABOR as an
8   EMPLOYEE... have established protocols that are documented in writing." Defendant
9   objects to this request on the grounds that it is vague and ambiguous as to "established."
10   Defendant objects to this request on the grounds that it is overbroad and unduly
11   burdensome in calling for a response as to every member of the putative class and/or
12   collective, and not proportional to the present needs of the case, where the action has not
13   been certified as a collective or class. Defendant further objects that, at this juncture, the
14   request is overbroad and premature since no class has been certified and Plaintiffs currently
15   represent only themselves, and there have been no opt ins other than the Plaintiffs.
16   Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that
17   such discovery measures are likely to produce persuasive information substantiating the
18   class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the
19   foregoing objections, Defendant responds as follows:   The request is overbroad and
20   unintelligible as framed.   Subject to the foregoing objections, Defendant responds as
21   follows: To the extent this is cumulatively referring to Plaintiffs Cones and Pasis: Deny, as
22   Cones never qualified to perform site work on any study.  As to those studies for which a
23   class member performed labor, admit.

24   **REQUEST FOR ADMISSIONS NO. 34:**

25       Admit that the protocols for all clinical trials on which persons employed as a
26   Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate
27   (In-House CRA),"a "Clinical Monitoring Associate (In-House CRA) II," a "Clinical

28

42800511v.1

1   Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate
2   II," or a "Senior Clinical Research Associate" within the United States performed any
3   LABOR as an EMPLOYEE of Parexel International, LLC from December 22, 2013
4   through and including the date of YOUR response were approved by an Institutional
5   Review Board (IRB) and/or an Independent Ethics Committee (IEC).

6   **RESPONSE TO NO. 34:**

7   Defendant objects to the request on the grounds it is compound and vague and
8   ambiguous in referring to a "Clinical Research Associate position," and in referring to the
9   multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
10  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
11  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
12  PAREXEL International LLC's identification of positions. Defendant objects to this
13  request on the grounds that it is overbroad and unduly burdensome in calling for a response
14  as to every member of the putative class and/or collective, and not proportional to the
15  present needs of the case, where the action has not been certified as a collective or class.
16  Defendant further objects that, at this juncture, the request is overbroad and premature since
17  no class has been certified and Plaintiffs currently represent only themselves, and there
18  have been no opt ins other than the Plaintiffs.  Plaintiffs have not met the prima facie
19  showing of Rule 23's prerequisites or shown that such discovery measures are likely to
20  produce persuasive information substantiating the class action allegations. *Mantolete v.*
21  *Bolger*, 767 F.2d 1416 (9th Cir. 1985). Deny.

22  **REQUEST FOR ADMISSIONS NO. 35:**

23  Admit that the protocols for all clinical trials on which persons employed as a
24  Clinical Research Associate (CRA) in the positions of a "Clinical Monitoring Associate
25  (In-House CRA),"a "Clinical Monitoring Associate (In-House CRA) II," a "Clinical
26  Research Associate," a "Clinical Research Associate I," a "Clinical Research Associate
27  II," or a "Senior Clinical Research Associate" within the United States performed any

28

38

42800511v.1

1   LABOR as an EMPLOYEE of Parexel International, LLC from December 22, 2013
2   through and including the date of YOUR response were approved or given a favorable
3   opinion by an institutional Review Board (IRB) and/or an Independent Ethics Committee
4   (IEC).

5   **RESPONSE TO NO. 35:**

6        Defendant objects to the request on the grounds it is compound and vague and
7   ambiguous in referring to a "Clinical Research Associate position," and in referring to the
8   multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
9   "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
10  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
11  PAREXEL International LLC's identification of positions. Defendant objects to this
12  request on the grounds that it is overbroad and unduly burdensome in calling for a response
13  as to every member of the putative class and/or collective, and not proportional to the
14  present needs of the case, where the action has not been certified as a collective or class.
15  Defendant further objects on the grounds that it is compound as to the IRB and the IEC as
16  well as to "approved or given a favorable opinion." Defendant further objects that, at this
17  juncture, the request is overbroad and premature since no class has been certified and
18  Plaintiffs currently represent only themselves, and there have been no opt ins other than
19  the Plaintiffs.  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites
20  or shown that such discovery measures are likely to produce persuasive information
21  substantiating the class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir.
22  1985). Deny.

23  **REQUEST FOR ADMISSIONS NO. 36:**

24       Admit that all persons employed as a Clinical Research Associate (CRA) in the
25  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
26  Associate (In-House CRA) 11," a "Clinical Research Associate," a "Clinical Research
27  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

28

39

42800511v.1

1 within the United States by Parexel International, LLC during the time period from

2 December 22, 2013 through and including the date of YOUR response were required to

3 follow the protocols for all clinical trials on which they performed any LABOR as an

4 EMPLOYEE of Parexel International, LLC.

5 **RESPONSE TO NO. 36:**

6   Defendant objects to the request on the grounds it is compound and vague and

7 ambiguous in referring to a "Clinical Research Associate position," and in referring to the

8 multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

9 "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

10 Associate II," and a "Senior Clinical Research Associate," which do not correspond to

11 PAREXEL International LLC's identification of positions.   Defendant objects that the

12 request is vague and ambiguous as to "protocols," and "to follow."  Defendant objects to

13 this request on the grounds that it is overbroad and unduly burdensome in calling for a

14 response as to every member of the putative class and/or collective, and not proportional

15 to the present needs of the case, where the action has not been certified as a collective or

16 class. Defendant further objects that, at this juncture, the request is overbroad and

17 premature since no class has been certified and Plaintiffs currently represent only

18 themselves, and there have been no opt ins other than the Plaintiffs.  Plaintiffs have not met

19 the prima facie showing of Rule 23's prerequisites or shown that such discovery measures

20 are likely to produce persuasive information substantiating the class action allegations.

21 *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985).  Deny, as CRAs and CMAs are tasked

22 with ensuring the sites were following protocols.

23 **REQUEST FOR ADMISSIONS NO. 37:**

24   Admit that no person employed as a Clinical Research Associate (CRA) in the

25 positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring

26 Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

27 Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

28

40

42800511v.1

1  within the United States by Parexel International, LLC during the time period from
2  December 22, 2013 through and including the date of YOUR response had the authority
3  from Parexel International, LLC not to follow the protocols for all clinical trials on which
4  they performed any LABOR as an EMPLOYEE of Parexel International, LLC.

5  **RESPONSE TO NO. 37:**

6      Defendant objects that the request is vague as to "not to complete Monitoring Visit
7  Report Forms." Defendant objects to the request on the grounds it is compound and vague
8  and ambiguous in referring to a "Clinical Research Associate position," and in referring to
9  the multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a
10  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research
11  Associate II," and a "Senior Clinical Research Associate," which do not correspond to
12  PAREXEL International LLC's identification of positions. Defendant objects that the
13  request is vague and ambiguous as to "protocols" and "to follow." Defendant objects to
14  this request on the grounds that it is overbroad and unduly burdensome in calling for a
15  response as to every member of the putative class and/or collective, and not proportional
16  to the present needs of the case, where the action has not been certified as a collective or
17  class. Defendant further objects that, at this juncture, the request is overbroad and
18  premature since no class has been certified and Plaintiffs currently represent only
19  themselves, and there have been no opt ins other than the Plaintiffs. Plaintiffs have not met
20  the prima facie showing of Rule 23's prerequisites or shown that such discovery measures
21  are likely to produce persuasive information substantiating the class action allegations.
22  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Deny, as CRAs and CMAs are tasked
23  with ensuring the sites were following protocols.

24  **REQUEST FOR ADMISSIONS NO. 38:**

25      Admit that all persons employed as a Clinical Research Associate (CRA) in the
26  positions of a "Clinical Monitoring Associate (In-House CRA),"a "Clinical Monitoring
27  Associate (In-House CRA) II," a "Clinical Research Associate," a "Clinical Research

28

41

1  Associate I," a "Clinical Research Associate II," or a "Senior Clinical Research Associate"

2  within the United States by Parexel International, LLC during the time period from

3  December 22, 2013 through and including the date of YOUR response did follow the

4  protocols for all clinical trials on which they performed any LABOR as an EMPLOYEE

5  of Parexel International, LLC.

6  **RESPONSE TO NO. 38:**

7      Defendant objects that the request is vague as to "not to complete Monitoring Visit

8  Report Forms." Defendant objects to the request on the grounds it is compound and vague

9  and ambiguous in referring to a "Clinical Research Associate position," and in referring to

10  the multiple and distinct positions of "Clinical Monitoring Associate (In-House CRA),"a

11  "Clinical Research Associate," a "Clinical Research Associate I," a "Clinical Research

12  Associate II," and a "Senior Clinical Research Associate," which do not correspond to

13  PAREXEL International LLC's identification of positions. Defendant objects to this

14  request on the grounds it is vague and ambiguous as to the term "did follow" and

15  "protocols." Defendant objects to this request on the grounds that it is overbroad and

16  unduly burdensome in calling for a response as to every member of the putative class and/or

17  collective, and not proportional to the present needs of the case, where the action has not

18  been certified as a collective or class. Defendant further objects that, at this juncture, the

19  request is overbroad and premature since no class has been certified and Plaintiffs currently

20  represent only themselves, and there have been no opt ins other than the Plaintiffs.

21  Plaintiffs have not met the prima facie showing of Rule 23's prerequisites or shown that

22  such discovery measures are likely to produce persuasive information substantiating the

23  class action allegations. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). Subject to the

24  foregoing objections, Defendant responds as follows:  Deny.

25

26

27

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 16-CV-3084-L-BGS

4280051Iv.1

DATED: November 30, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Diana Tabacopoulos
Michael W. Kopp
Attorneys for Defendant
PARAXEL INTERNATIONAL, LLC

43

42800511v.1

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capital Mall, Suite 2350, Sacramento, California 95814. On November 30, 2017, I caused to be served the within document(s):

**DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION;**

**DEFENDANT'S RESPONSE TO PLAINTIFF DEXTER PASIS' FIRST SET OF INTERROGATORIES;**

**DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR DOCUMENTS**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by Federal Express, an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

| | |
|---|---|
| Patrick N. Keegan | *Attorneys for Plaintiff* |
| James M. Treglio | |
| Keegan & Baker LLP | T: (760) 929-9303 |
| 6156 Innovation Way | F: (760) 929-9260 |
| Carlsbad, CA 92009 | pkeegan@keeganbaker.com |
| | |
| Walter Haines | T: (310) 234-5678 |
| The United Employees Law Group | F: (562) 256-1006 |
| 5500 Bolsa Avenue, Suite 201 | walter@whaines.com |
| Huntington Beach, CA 92649 | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made. Executed on November 30, 2017, at Sacramento, California.

_____
Linda Ninelist

39574277v.1