UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHOULEE CONES, an individual on behalf of herself and all others similarly situated, and DEXTER PASIS, and individual on behalf of himself and all others similarly situated,<br><br>                            Plaintiffs,<br>v.<br>PAREXEL INTERNATIONAL CORPORATION and PAREXEL INTERNATIONAL, LLC,<br>                            Defendants. | Case No.: 16cv3084 L (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA OF WESTERN & SOUTHERN LIFE INSURANCE COMPANY**<br><br>**(2) DENYING DEFENDANTS' EX PARTE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>[ECF Nos. 70, 79.] |

     Plaintiff Schoulee Cones ("Plaintiff") moves to quash a subpoena served on Western & Southern Life Insurance Company ("Western") by Defendants Parexel International Corporation and Parexel International, LLC. (ECF No. 70.) Defendants have filed an Opposition to the Motion, and Plaintiff has filed a Reply. (ECF Nos. 73, 76.) For the reasons set forth below, the Motion is **GRANTED in part**.

I.    **BACKGROUND**

     Plaintiff is one of two named plaintiffs in this case pursing wage and hour claims on behalf of a putative class. (ECF No. 26.) She alleges that she, and others employed

by Defendants, were misclassified as exempt from overtime compensation and denied meal and rest periods and properly itemized wage statements. (ECF No. 26.)

Defendants served Western with a subpoena seeking "[t]he deposition transcript of Schoulee Cones, and changes made by Schoulee Cones to the deposition transcript, along with all deposition exhibits, taken in *Schoulee Cones v. Western and Southern Life Insurance Company*, United States District Court, Southern District of California, Case No. 3:17-cv-00925-W-SKC[sic]." (Decl. of James Treglio, ¶ 1, Ex. 1 [ECF No. 70-7].) The *Western* case was brought by Plaintiff against Western for failing to pay a medical claim that arose years after she left her employment with Parexel. Her Complaint in that action alleged that in denying coverage, Western had claimed Plaintiff falsely denied having been diagnosed with a stroke. There is no dispute that the deposition transcript covers Plaintiff's medical history because the claims in that case involved her medical history. The case has since settled.

## II. DISCUSSION

### A. Legal Standard

Rule 45 allows a party to subpoena a non-party to produce documents. Fed. R. Civ. P. 45(a)(1)(C); Fed. R. Civ. P. 34(c)("As permitted in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection"). It must meet the same relevancy requirements applicable to any discovery sought. The "scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." *ATS Products, Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) ("The Advisory Committee Notes to Rule 45 state that 'the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules,' which in turn is the same as under Rule 26(b)."); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citing Advisory Committee Notes and finding scope of discovery under Rule 45 is the same as Rule 34).

///

///

Upon a timely motion, the court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). A party cannot simply object "to a subpoena served on a non-party, but rather, must seek a protective order or make a motion to quash." *See Moon*, 232 F.R.D. at 636; *see also Pennwalt Corp. v. Durand-Wayland Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) ("[o]nce the person subpoenaed objects to the subpoena…the provisions of Rule 45(d) come into play. Then the party seeking discovery must obtain a court order directing compliance."). The party moving to quash "bears the 'burden of persuasion'" under Rule 45(d)(3). *ATS Products, Inc.*, 309 F.R.D. at 531 (N.D. Cal. 2015) (quoting *Moon*, 232 F.R.D. at 637).

**B.     Analysis**

Plaintiff moves to quash the subpoena arguing it seeks private medical information that is irrelevant to the claims[1] in this wage and hour case. (Mot. at 2.) Defendants oppose the Motion, arguing Plaintiff has waived her privacy rights in her medical information and that her deposition testimony regarding her medical condition is relevant. More specifically, Defendants assert her medical history is relevant to her adequacy to serve as a class representative. Additionally, Defendants argue her credibility is potentially undermined both by Western's claim that Plaintiff made false representations in procuring insurance and Plaintiff seeking expedited proceedings in the Western case based on her medical condition, but not doing so in this case. (Opp'n at 5-6.)

**1.     Standing**

As an initial matter, the Court finds Plaintiff does have standing to challenge the subpoena under Rule 45(d)(3)(A)(iii) based on disclosure of potentially privileged or protected matter. A party that is not the recipient of a subpoena has standing to challenge

---

[1] Discovery in this case was bifurcated between class and merits discovery. (ECF No. 43 at 2.) The parties were only allowed to conduct class discovery at the time this subpoena was issued. In this respect, the discovery would also need to be relevant to class certification to be within the scope of discovery authorized at that time.

the subpoena "where its challenge asserts that the information is privileged or protected to itself." *See Diamond State Ins. Co. v. Rebel Oil Co., Inc.,* 157 F.R.D. 691, 695 (D. Nev. 1994) (distinguishing a challenge based on privilege or protected matter from a vagueness challenge) (citations omitted); *Knoll v. Moderno, Inc.*, No. 12-mc-80193 SI, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) ("[A] party moving to quash a non-party subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed."). Because Plaintiff claims the subpoena requires disclosure of potentially protected matter, her medical history, she has standing to challenge the subpoena on that basis under Rule 45(d)(3)(iii).[2] *See* Fed. R. Civ. P. 45(d)(3)(A); *see also Chevron v. Donzinger*, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013); *see also Third Degree Films, Inc. v. Does 1-108*, No. DKC 11-3007, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012)

## 2. Waiver

Although the parties dispute whether Plaintiff has waived her right of privacy in her medical information, they agree that a plaintiff could waive their right of privacy in their medical history[3] by bringing claims that put their medical history at issue.

---

[2] Plaintiff additionally challenges the subpoena based on undue burden. Defendants argue she does not have standing to challenge the subpoena based on under burden under Rule 45(d)(3)(A)(iv). Because the Court finds Plaintiff can challenge the subpoena based on Rule 45(d)(3)(A)(iii) based on disclosure of "privileged or protected matter," and grants the motion to quash on that basis, the Court need not address whether Plaintiff has standing to raise undue burden or reach that analysis.

[3] Defendants do not dispute in any substantive argument or analysis that Plaintiff has a right of privacy in her medical history. This is understakable as courts do recognize individuals have a right of privacy in their medical history. *EEOC v. Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995); *Anderson v. Abercrombie and Fitch Stores, Inc.*, 06CV991-WQH (BLM), 2007 WL 1994059, at *4 (S.D. Cal. July 2, 2007); *Wilkins v. Maricopa Cnty*, CV-09-1380-PHX-LOA, 2010 WL 2231909, *3 (D. Ariz. June 2, 2010); *see also Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.").

Defendants argue a "plaintiff waives his or her rights to preclude discovery of private information when that information is 'directly relevant to the plaintiff's claim and essential to the fair resolution of the lawsuit.'" (Opp'n at 8 (citing *Vinson v. Sup. Crt.*, 43 Cal. 3d 833, 842 (1987)).) Plaintiff, although arguing there was not a waiver here, agrees that it could be waived if the claims asserted put Plaintiff's medical history at issue. (Mot. at 6.)

The Court agrees that a plaintiff can waive their privacy right in their medical history by putting that medical history at issue in a case or when it is directly relevant to the litigation. *See EEOC v Cheesecake Factory, Inc.*, 2017 WL 3887460, *7 (Sept. 6, 2017 W.D. Wash.) (summarizing district court decisions finding "the right to privacy in medical records is waived when the plaintiff's medical condition is 'at issue' in the lawsuit."); *Tylo v. Superior Court*, 55 Cal. App. 4th 1379, 1387 (Cal. Ct. App. 1993) ("[T]he court must construe the concept of waiver narrowly and a compelling public interest is demonstrated only where the material sought it directly relevant to the litigation.") (citations omitted). A waiver generally occurs when a plaintiff asserts a claim or seeks damages that put their physical or mental health at issue. *See Doe v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999) (finding a plaintiff relying on her emotional health to seek severe emotional distress damages put her emotional health at issue, waiving patient-psychotherapist privilege); *Vinson v. Superior Court*, 43 Cal. 3d 833, 842 (1987) (A plaintiff waives his or her rights to preclude the discovery of private information when that information is directly relevant to the plaintiff's claim and essential to the fair resolution of the lawsuit.") (citations omitted). The party seeking the constitutionally protected information bears the burden of establishing that the information is directly relevant to the claims at issue.[4] *Tylo*, 55 Cal. App. 4th at 1387.

---

[4] Neither party specifically addresses whether state or federal privilege law applies in this instance where there are both federal and state claims asserted and there is no assertion that the privilege information is connected to any of the claims in the case. However, the distinction is not critical here. As discussed more fully below, the Court finds that to the

However, even when there is a waiver, its scope is limited to what is at issue in the case or directly relevant to the litigation. *Id.* at 570 (limiting scope to that information "essential to a fair trial"); *Wilkins v. Maricopa Cnty.*, No. CV-09-1380-PHX-LOA, 2010 WL 2231909, *3 (D. Ariz. June 2, 2010) ("[A] litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to the private information that is relevant to the lawsuit."). The waiver should be construed narrowly. *Anderson*, 2007 WL 1994059, *4 ("Where one party claims his opponent has waived this protection by filing suit, the court must construe the concept of waiver narrowly and a compelling public interest is demonstrated only where the material sought is directly relevant to the litigation") (citations and quotations omitted).

### a) Waiver Based on Claims

Here, there is no waiver based on Plaintiff's claims. Plaintiff's wage and hours claims do not put her medical history at issue. She is not seeking damages for any emotional distress or any asserting any claims that result in any physical injury or disability that might out her medical history at issue. Defendants do not attempt to argue her medical history is relevant to her claims.[5] Rather, Defendants primarily argue Plaintiff has put her medical history at issue by seeking to represent a class.

### b) Waiver Based on Adequacy to Represent Class

Defendants argue Plaintiff's medical history is relevant, or put at issue in this case, because she is seeking to represent a class and her adequacy to do so depends on her health and her credibility. Plaintiff argues a plaintiff's health and credibility are not considerations in determining if a plaintiff is adequate to represent a class.

---

extent there is any waiver based on adequacy for class certification, its scope is limited to the extent it is "put at issue" or "directly relevant" to Plaintiff's ability to prosecute the case.

[5] The Court addresses separately Defendants' assertion, in an *Ex Parte* Request to file a Sur-Reply, that Plaintiff's deposition in the *Western* case included testimony about her employment at Parexel.

Class certification requires, in addition to other requirements, named plaintiffs that "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Evon v. Law Office of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Defendants do not cite any authority from the Ninth Circuit or any district courts finding waiver of a plaintiff's privacy rights in their medical history based on a plaintiff seeking to serve as a class representative. In this respect, Defendants have moved beyond waiver by asserting claims that put medical history at issue into waiver based solely on seeking to represent a class. However, Defendants do cite two cases that suggest a plaintiff's health and life span could impact their adequacy to serve as a class representative. In *Sloan v. BorgWarner, Inc.*, the court rejected one of three class representatives based on the representative's testimony that "he was 'in bad health,' can't hardly handle' traveling long distances, and was 'not able to' serve as a class representative in a prior related case in 2006 due to a heart condition." 263 F.R.D. 470, 475 (E.D. Mich. 2009). And , in *Trautz v. Weisman*, the court found a plaintiff's death "render[ed] him incapable of satisfying the adequacy requirements." 846 F. Supp. 1160, 1162 (S.D. N.Y. 1994). Plaintiff cites cases finding plaintiffs adequate despite serious health issues. The court in *In re Countrywide Financial Corp. Securities Litigation* found a plaintiff adequate despite chronic health problems, including a medically induced coma that delayed both his deposition and the close of class certification discovery. 273 F.R.D. 586, 606-608 (C.D. Cal. 2009). In *Connor v. Automated Accounts, Inc.*, the court found a plaintiff adequate to represent the class despite poor memory and health because she understood her role as a class representative and was willing to participate. 202 F.R.D. 265, 270 (E.D. Wash. 2001). And, in *Steiner v. Ideal Basic Indus., Inc.*, the court found a

plaintiff undergoing dialysis every other day whose deposition had to be taken in his home because he was unable to travel was adequate despite those limitations. 127 F.R.D. 192, 195 (D. Colo. 1987). These cases were all addressing whether plaintiffs were adequate representatives, rather than whether defendants were entitled to a plaintiff's medical history based on adequacy. However, they are instructive in that they indicate that a court might consider a plaintiff's health for purposes of adequacy when it interferes with their ability to prosecute a class action. This suggests a plaintiff might be putting their health at issue, at least to some extent, based on the adequacy inquiry. However, as discussed more fully below, the scope of that inquiry is limited.

Putting aside the case addressing the death of a plaintiff, in each case the court considered a plaintiff's health issues in the context of delays in the case, ability to sit for a deposition, and ability to travel. Essentially, the courts considered their health to the extent it impacted their ability to participate and do what class representatives need to do.

As a threshold issue, nothing in these cases or any authority provided by Defendants indicates that just seeking to represent a class opens up a plaintiff's entire medical history to a defendant when the claims in the case have no relation to a plaintiff's medical history.[6] Nor have Defendants cited any authority indicating that seeking to represent a class is alone a basis to inquire into a plaintiff's health at all, absent some history of delays or other issues in the case as a result of a plaintiff's health issues. Defendants do not identify any instances where Plaintiff's health has delayed this case. Defendants do not dispute that Plaintiff was deposed in this case over three days or that

---

[6] In *Plumlee v. Pfizer*, the court found a waiver based, in part, on class certification issues, but the case involved a prescribed medication for depression the plaintiff had taken for three years and the plaintiff claimed did not work. Case No. 13CV414 LHK, 2014 WL 690511, at *4 (N.D. Cal. Feb . 21, 2014). The substantive issued identified by the court that the plaintiff's medical history was directly relevant to included typicality, predominance, and whether plaintiff was a member of the class. Id. Her medical history was intertwined with the issues of class certification in a way not present in this wage and hour case.

she traveled from San Diego to Los Angeles for a portion of her deposition.[7]  However, for purposes of this Motion, the Court is willing to assume that even without prior issues or delays related to a plaintiff's health, a plaintiff's health may be put at issue by seeking to represent a class because it might impact their ability to prosecute the case on behalf of a class.

As to the scope of the waiver, even assuming Plaintiff has put her health at issue by seeking to represent a class, any waiver on that basis is not broad enough to encompass the entirety of Plaintiff's deposition in another case that includes medical history well beyond the area put at issue by adequacy, *i.e.* prosecute the case.  For example, Defendants emphasize Plaintiff has indicated in her filings in the *Western* case that she was suffering from an aggressive cancer with a prognosis of six months to live.  But, even assuming the adequacy inquiry puts her life expectancy at issue, any waiver is still only as to matters that bear on adequacy.  If anything, Defendants might be entitled to inquire as to her ability to travel or sit for a deposition despite her illness or treatment.  It does not give Defendants wholesale access to the entirety of Plaintiff's medical history or even the medical history set out in her deposition in the *Western* case where her medical history was very much at issue because of the nature of the claims and defenses at issue in that case.  Any health inquiry must still be tied to Plaintiff's ability to vigorously pursue the case on behalf of a class.

This is evident from the cases discussed above that both parties rely on.  The one case Defendants rely on where the plaintiff is living, as Plaintiff currently is, the court found him inadequate because he could not travel and had been unable to represent a class previously because of a heart condition.  As to those Plaintiff relies on, the courts were clearly only considering the plaintiff's health to the extent it impacted their ability to vigorously pursue the case, including delays in discovery as a result of their health,

---

[7] Based on the briefing, it does not appear the inquiry into her health was prompted by anything she did or did not do in this case.

being deposed, and ability to travel despite health issues. The medical history that goes to these issues is limited. Assuming there is one at all, it is a narrow window. In contrast, the deposition testimony Defendants seek was given in a case where Plaintiff's medical history was a significant issue, far exceeding the limited inquiry that might be appropriate in assessing whether Plaintiff will live to the completion of the case or her health issues will hamper her participation in the case going forward. This means Defendants are seeking medical history in excess of any waiver based on adequacy.

This raises the question of why Defendants are seeking this information through a third-party subpoena of a deposition given in a different case where Plaintiff's medical history was a significant issue. In moving to quash the subpoena, Plaintiff emphasizes that this issue arose during Plaintiff's deposition.[8] Defendants asked Plaintiff about her medical condition and treatment during her deposition in this case and her counsel objected. Defendants did not pursue it further. In a footnote in their brief, Defendants argue their abandonment of this issue during Plaintiff's deposition did not constitute a waiver of their right to issue a third-party subpoena to obtain her medical history through a deposition in another case. The Court agrees Defendants did not waive their right to pursue this information through a different method of discovery, including this subpoena.

---

[8] Plaintiff relies on the meet and confer that took place regarding Plaintiff's medical history at her deposition as satisfaction of the meet and confer requirement for purposes of the dispute as to the subpoena at issue in this Motion. Defendants accurately note that the undersigned's Chambers Rules regarding resolution of discovery disputes, including the meet and confer requirement, apply to Rule 45, although Defendants' reliance on Civil Local Rule 26.1 is misplaced given it does not apply to Rule 45. However, Plaintiff is also correct that the Court did previously indicate to counsel, when addressing another dispute as to a third-party subpoena, that a motion to quash would be the appropriate course to challenge a third-party subpoena. In doing so, the Court did not intend to suggest that the parties were not still required to meet and confer before filing a motion to quash. Given the confusion, the Court will not deny the Motion on this basis, particularly when it would involve disclosure of Plaintiff's medical history. However, the Court expects counsel will meet and confer regarding any issue before bringing it before the Court.

However, because the subpoena seeks an entire deposition, including significant medical history, beyond the scope of any waiver based on adequacy, it must be quashed.[9]

Defendants also argue Plaintiff has waived her privacy right in her medical history because she has publically disclosed her illness in the *Western* case in bringing that action and in filings in that case, as well as by disclosing her illness to friends, family, and the public. Plaintiff's Complaint in the *Western* case and a filing seeking and earlier date for an Early Neutral Evaluation conference in that case disclosed Plaintiff's diagnosis and prognosis. Plaintiff has also disclosed her illness and some details regarding her condition and treatment to friends, family, and even the public in seeking financial assistance with the cost of her medical care through a gofundme page. However, Defendants have not cited any authority indicating that a disclosure of some medical information outside this case, that she has never relied on in this case, constitutes a waiver as to her entire medical history in this case. This would mean filing a case against an insurer for failing to provide coverage for a specified illness or disclosing you are ill and receiving treatment would open up your entire history to anyone. This is not a situation where Plaintiff has publicized her medical history in a way that benefits her in this case or relied on it in this case in any way and then tried to prevent defendants from getting a fuller picture from a full medical history. Again, the critical inquiry is whether she has put it at issue or that it is directly relevant in *this* case. As discussed above, assuming the adequacy inquiry alone puts her health at issue, then she has implicitly waived her right of medical privacy, but only to the extent of the adequacy inquiry, *i.e.* ability to prosecute the case.

Defendants additionally argue they are entitled to the deposition transcript because it may shed light on Plaintiff's credibility. Again, for purposes of this argument, the

---

[9] Defendants have waived their right to raise a discovery dispute as to Plaintiff objections at her deposition on November 28, 2017. It would be untimely.

11

Court will assume that Plaintiff's credibility is even a factor in assessing adequacy.[10] First, Defendants argue her seeking expedited proceedings in the *Western* case based on her diagnosis and prognosis and not doing the same in this case suggests she is lying in one or the other. This is speculative and does not justify access to Plaintiff's entire deposition in a case that is only related to this one in the sense that Plaintiff filed it and it was pending at the same time. Additionally, to the extent there is anything to be drawn seeking expedited proceedings in an individual case seeking coverage for a health issue and not seeking it in a wage and hour class action, Defendants are free to point out this discrepancy as a reflection on Plaintiff's credibility. However, this does not justify access to Plaintiff's entire deposition in an unrelated case. Second, Defendants argue that Western's claim that it denied her medical coverage because she made a misrepresentation on her application for insurance, *i.e.* not disclosing a stroke, goes to her credibility. Again, assuming a Plaintiff's credibility is actually factored into the Ninth Circuit's two-part adequacy inquiry, it does not justify what Defendants are seeking here. Defendants want to review the entirety of Plaintiff's deposition in a case where her medical history was a significant issue to obtain information about a different defendant's

---

[10] Some courts find it is not:
> Credibility is not a requirement of a class representative. Only in <u>very rare</u> circumstances, will a plaintiff's lack of credibility undermine her adequacy as a class representative - petty credibility challenges do not suffice. 'For an assault on the class representative's credibility to succeed, the party mounting the assault must demonstrate that there exists admissible evidence so severely undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims.' The standard is extremely difficult to satisfy, and is typically reserved for 'flagrant cases where putative class representatives 'display an alarming unfamiliarity with the suit, display an unwillingness to learn about the facts underlying their claims, or are so lacking in credibility that they are likely to harm their case.'"

*Romo v. GMRI, Inc.*, 2013 U.S. Dist. LEXIS 56898, *6 (C.D. Cal. Feb. 16, 2013) (quoting *Dubin v. Miller*, 132 F.R.D. 269, 272 (D. Colo. 1990) and *In re Frontier Ins. Grp., Inc. Sec. Litig.*, 172 F.R.D. 31, 47 (E.D.N.Y.1997)).

unproven allegations made in an unrelated, closed, and settled case. Western's unproven allegation that Plaintiff did not disclose a stroke to justify its denial of coverage does not justify giving Defendants in a wage an hour case access to Plaintiff's medical history.

Finally, in the Motion to Quash, Plaintiff asserts that the deposition transcript in the *Western* case was subject to a protective order in that case. Defendant disputes this in Opposition. Plaintiff did not address it further in her Reply brief. The Court is not inclined to attempt to decipher whether Plaintiff's deposition in an unrelated, settled, and closed case was or was not subject to a protective order, particularly when Defendants have not cited any authority indicating that this would alter the waiver analysis above.

### 3. Plaintiff's Testimony as to Parexel

As to Plaintiff's deposition testimony in the *Western* case, Plaintiff concedes that if Plaintiff had described her job duties at Parexel in the deposition, her statements might be relevant. Plaintiff then denies she did. Defendants dispute this and seek to file a sur-reply indicating that counsel for Western has indicated that the transcript contains approximately ten pages of transcript in which Parexel is referenced. (ECF 79.) Although it seems unlikely, these two things are not necessarily contradictory. Plaintiff's deposition transcript could include information about her employment at Parexel without discussing her job duties. Regardless, Defendants are not entitled to the entire transcript demanded in the subpoena on this basis. The sur-reply Defendants seek to file would also not resolve this issue. Defendants would just file a sur-reply that would only provide information about a conversation with another attorney about the substance of Plaintiff's testimony that concern her employment and job duties at Parexel. Given Plaintiff's testimony about her employment at Parexel might be relevant to her claims in this case, Plaintiff shall provide Defendants with a redacted copy of her deposition transcript in the *Western* case that discloses the portions of her testimony that address in any way her

employment with Parexel.[11]  If there is no testimony regarding Parexel, Plaintiff's counsel shall provide Defendants with a declaration to that effect.

**CONCLUSION**

The Motion to Quash is **GRANTED** in part as set forth above.  The *Ex Parte* Request to File a Sur-Reply is **DENIED**.

Dated:  June 20, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[11] The Court notes that because Plaintiff's testimony about her employment at Parexel would not be privileged, Plaintiff lacks standing under Rule 45(d)(3)(iii) to move to quash it.

14