UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHOULEE CONES, an individual on behalf of herself and all others similarly situated, and DEXTER PASIS, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>PAREXEL INTERNATIONAL CORPORATION and PAREXEL INTERNATIONAL, LLC,<br><br>Defendants. | Case No.: 16cv3084 L (BGS)<br><br>**ORDER ON MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>[ECF 48, 59] |

Plaintiffs and Defendants have each filed unopposed motions to file documents under seal in support of the parties' briefing on a discovery dispute. (ECF Nos. 48, 59.)

The first motion to file under seal was filed in support of a Joint Statement addressing numerous discovery disputes, including Plaintiffs' counsel's objections during Plaintiff Pasis' deposition based on privilege. (ECF 48.) The document Defendants sought to file under seal consisted of portions of Pasis' deposition, primarily those portions when Plaintiffs' counsel instructed Pasis not to answer certain questions. (*Id.*) The Court held a discovery conference and resolved all the other disputes raised in the

Joint Statement, but ordered further briefing on the privilege issue and specifically required Plaintiffs' counsel to provide Defendants' counsel with the relevant provision in any employment agreements Pasis was relying on as a basis for not answering the questions and to provide the same to the Court. (ECF 55.) The Court also specifically ordered the disclosure would be subject to the parties' Stipulated Protective Order. (*Id.*) In filing their briefing on this issue, Defendants sought to have two employment agreements filed under seal based, in part, on the confidential nature of the facts and materials disclosed in the confidentiality agreements between Pasis and a third party. (ECF 59.) The Court issued a tentative decision, agreed to by the parties, on this discovery dispute during a discovery conference. (ECF 64.)

Because their requests were filed regarding a discovery dispute unconnected to any potentially dispositive motion, they are subject to a showing of good cause. *See Kamankana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2003) (distinguishing between filing documents under seal in support of a non-dispositive discovery motion, subject to good cause, and filing documents under seal in support of dispositive motion, subject to compelling reasons standard); *see also In re Midland Nat'l. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) and *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-37 (9th Cir. 2003).

The Court has reviewed the filings the parties seek to file under seal and also considered the parties' reasons for sealing. Defendants filed the motion to file the deposition excerpts under seal, (ECF 48), but it is clear from the filing that Defendants did not think the document should be filed under seal, but made the request based on an obligation under the Protective Order. There is no good cause given for filing it under seal and in the Court's own review of it, good cause for sealing it is not readily apparent. Pasis answers very few questions because his counsel is instructing him not to answer and the answers he does provide do not appear to be of a confidential or privileged nature. As to the employment agreements submitted at the Court's request, the Motion to seal provides good cause to file them under seal.

Based on the foregoing, the Motion to file the deposition transcript under seal, (ECF 48), is **DENIED**.  If Plaintiffs believe they can show good cause to file it under seal, they may file a renewed motion to file it under seal by **June 29, 2018**.  If a motion is not filed by June 29, 2018, the Court will order it filed in the public docket.  The Motion to file the employment agreements under seal, (ECF 59), is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  June 21, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

3

16cv3084 L (BGS)