SEYFARTH SHAW LLP
Diana Tabacopoulos (SBN 128238)
dtabacopoulos@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

SEYFARTH SHAW LLP
Michael W. Kopp
mkopp@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:   (916) 448-0159
Facsimile:   (916) 558-4839

Attorneys for Defendants
PAREXEL INTERNATIONAL CORPORATION
and PAREXEL INTERNATIONAL, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHOULEE CONES, an individual, and DEXTER PASIS, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAREXEL INTERNATIONAL CORPORATION, a Massachusetts corporation licensed to do business in the State of California; and PAREXEL INTERNATIONAL, LLC, a Massachusetts limited liability company licensed to do business in the State of California,<br><br>Defendants. | Case No. 3:16-cv-03084-L-BGS<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF THEIR MOTION FOR CONDITIONAL CLASS CERTIFICATION UNDER FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(B); AND FOR CLASS CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23**<br><br>Date:     May 14, 2018 (continued with no new date assigned)<br><br>Judge:    Hon. M. James Lorenz<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

Defendants PAREXEL INTERNATIONAL CORPORATION and PAREXEL INTERNATIONAL, LLC ("Defendants") hereby object to the evidence submitted by Plaintiffs SCHOULEE CONES and DEXTER PASIS ("Plaintiffs") in support of their Motion to Conditional Class Certification, as follows:

## I.    Objections to David Gortler Declaration[1]

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| 1.   Declaration of David Gortler in its entirety | **Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; *Williams v. Lockheed Martin Corp.*, 2011 WL 2200631, at *15 (S.D. Cal. 2011); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996); *Dairy America, Inc. v. New York Marine and Gen. Ins. Co.*, 2009 WL 2184547, 4-5 (E.D. Cal. 2009) ("Legal conclusions (i.e., opinions on an ultimate issue of law) cannot properly assist the trier of fact to understand the evidence or to determine a fact in issue and thus are not otherwise admissible."); *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005)<br><br>**Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza v. PetSmart, Inc.*, 2013 WL 1490667, at *3 (C.D. Cal. 2013); |  |

[1] All cited deposition testimony is attached to the Declaration of Michael Kopp filed in support of Defendants' Opposition to Plaintiffs' Motion for Class/Conditional Certification.

1

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993); *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 541 (C.D. Cal. 2012); *Casida v. Sears Holdings Corp.*, 2012 WL 3260423, at *28 (E.D. Cal. 2012); *Sinohui v. CEC Entertainment, Inc.*, 2016 WL 3475321, at *6 (C.D. Cal. 2016); *Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 948 (9th Cir. 2011). (See Deposition of David Gortler ("Gortler Tr.") 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Relevance (Fed. R. Evid. 401, 402)** Gortler's declaration does not pertain to any class certification issues. *Dobrosky v. Arthur J. Gallagher Service Company, LLC*, 2014 WL 10988092, at *3 (C.D. Cal. 2014). He also admitted in deposition that he has no knowledge about the actual job duties performed or expected to be performed by CRAs or CMAs at PAREXEL, which is the relevant inquiry in this exemption case. (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23- | |

2

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | 85:5, Gortler Errata Sheet) *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Lacks foundation (Fed. R. Evid. 901)**. | |
| 2.     Gortler Decl., ¶ 19<br><br>"The issues that are presented regarding the duties of a clinical research associate and conducting high-quality clinical trials are within my realm of expertise, as I have both authored and provided clinical/scientific oversight on clinical trials. I have also managed a team of clinical research associates as a routine part of my managerial duties." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)**. Gortler provides no information about his alleged "experience" with "clinical research associates," let alone how this experience extends to CRAs and CMAs at PAREXEL. The last time he had any interaction with "clinical research associates" anywhere was in approximately 2011, further establishing Gortler's inability to lay the requisite foundation facts to support his opinions.  (Gortler Tr. 34:14-24) | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | **Relevance (Fed. R. Evid. 401, 402)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed or expected to be performed by CRAs or CMAs at PAREXEL, which is the relevant inquiry in this exemption case. (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. | |
| 3.      Gortler Decl. ¶ 22  "At Pfizer Inc., I designed and proctored investigational medicine studies. As a scientist and manager, I utilized a team of one or more clinical research associate (CRAs). The duties of a CRA are that of a research assistant. Much like a medical assistant, nurse's assistant or pharmacy technician, the duties are almost all clerical/technical in nature." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)  **Lacks foundation (Fed. R. Evid. 901)**; Gortler's conclusory statement is unsupported by any facts establishing the job duties performed by the "clinical research associates" at Pfizer, let alone how they relate to the job | |

4

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | duties of CRAs and CMAs at PAREXEL.<br><br>**Relevance (Fed. R. Evid. 401, 402)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL, which is the relevant inquiry in this exemption case.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. | |
| 4.      Gortler Decl. ¶ 22<br><br>"…but as one would not expect a pharmacy technician to evaluate and recommend clinical pharmacology dosing guidelines, one would also not expect a CRA to divert from clinical/scientific protocols, as a CRA's training is not to divert from clinical/scientific protocols." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)**; Gortler's statement is unsupported by any facts that would allow a trier of fact to | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | reasonably extend this opinion to CRAs and CMAs at PAREXEL.<br><br>**Relevance (Fed. R. Evid. 401, 402)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL, which is the relevant inquiry in this exemption case.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**.  Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |
| 5.       Gortler Decl. ¶ 23<br><br>"CRAs coordinate the collection, distribution and storage of data obtained during clinical research trials, such as those which | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| test drugs and medical products." | F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901);  Speculation/lacks personal knowledge (Fed. R. Evid. 602)**  Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |
| 6.      Gortler Decl. ¶ 23<br><br>"It is my understanding that PAREXEL's CRA and CMA did not meet with or speak to testing participants who participated in or who might participate in any clinical trial speak or their family members. They also maintain databases of patient information, draft correspondence and gather data used in grant proposals and budgeting." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza,* 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901); Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Gortler admitted in | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |
| 7.     Gortler Decl. ¶ 25<br><br>"A CRA's job may, for instance, include documentation of any deviations, but they would need a scientist or clinical manager to approve any changes." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901); speculation/lacks personal knowledge (Fed. R. Evid. 602).**  Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet)<br><br>**Relevance (Fed. R. Evid. 401, 402).** Gortler admitted in | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |
| 8.      Gortler Decl. ¶ 26  "While CRAs are important to maintaining data integrity, they do not make clinical decisions or decisions on protocol deviations." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**;  *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)  **Lacks foundation (Fed. R. Evid. 901)**  Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet)  **Speculation/lacks personal knowledge (Fed. R. Evid. 602)** | |

9

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| 9.   Gortler Decl. ¶ 26<br><br>"PAREXEL's CRA and CMA job descriptions do not require a specific college degree or education to perform duties and responsibilities of the positions." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Relevance (Fed. R. Evid. 401, 402)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL, which is the relevant inquiry in this exemption case.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. | |
| 10.   Gortler Decl. ¶ 26<br><br>"Due to the varied backgrounds that CRAs possess, it would be unethical for one to ask a CRA to conduct a statistical, safety or clinical analysis or | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**;  *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

47210588v.2                                                                 3:16-cv-03084-L-BGS

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| make a clinical or protocol deviation decision, as they are not statisticians, scientists, safety experts or clinicians." | WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)**<br><br>**Relevance (Fed. R. Evid. 401, 402)** This statement does not pertain to the actual job duties performed by CRAs or CMAs at PAREXEL, which is the relevant inquiry in this exemption case. *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL, which is the relevant inquiry in this exemption case. (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| 11.　　Gortler Decl. ¶ 27<br><br>"[The job descriptions for CRAs and CMAs] do not list statistical, clinical or protocol deviation type-decisions as a duty or responsibility of CRAs or CMAs." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Relevance (Fed. R. Evid. 401, 402)**  The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed by the CRAs and CMAs at PAREXEL. *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. | |
| 12.　　Gortler Decl. ¶ 27<br><br>"The senior most job descriptions of CRAs or CMAs do not list conducting research as a prerequisite or expected duties of the position, except in terms of site data management (i.e., data integrity)" | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.) | |
| | **Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and expected to be performed by the CRAs and CMAs at PAREXEL. *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. | |
| 13.     Gortler Decl. ¶ 28<br><br>"There are no mandatory licensure or clinical degrees as educational prerequisites for any of the CRA/CMA positions." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702**); *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed by the CRAs and CMAs at PAREXEL. *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, | |

13

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. | |
| 14.    Gortler Decl. ¶ 28<br><br>"Much like a sales representative from a drug company, without a clinical degree, one cannot opine on investigational or an off-label (i.e., off protocol) implementation of a drug (or investigational product)." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza,* 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)**. Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL, and cannot establish the foundational facts to support this statement.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet)<br><br>**Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed by the CRAs and CMAs at PAREXEL and if those tasks were exempt.  *See Casida*, 2012 | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** | |
| 15.　Gortler Decl. ¶ 28<br><br>"Likewise, one without a clinical degree (physician, pharmacy or nursing degree), a non-clinician is cannot be held responsible for legitimately recommending clinical, statistical, safety or fundamental investigational protocol design decisions." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)**  Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL, and cannot establish the foundational facts to support this statement.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet)<br><br>**Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | and are expected to be performed by the CRAs and CMAs at PAREXEL. *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. **Speculation/lacks personal knowledge (Fed. R. Evid. 602)** | |
| 16.   Gortler Decl. ¶29 "In contrast to the duties of a CRA, the duties of a medical scientist are more rigorous and scientifically/academically substantial." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.) **Lacks foundation (Fed. R. Evid. 901)**.  There are no facts that would establish why the position of "medical scientist" is an appropriate comparator to the CRA position at PAREXEL. **Relevance (Fed. R. Evid. 401, 402)**  Whether a "medical scientist's" duties are "more rigorous and 'scientifically/academically substantial" has no bearing on what job duties were actually | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
|  | performed by CRAs and CMAs at PAREXEL, which is the relevant inquiry in an exemption case.  *See Casida*, 2012 WL 3260423 at \*28; *Sinohui*, 2016 WL 3475321 at \*6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**.  Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) |  |
| 17.      Gortler Decl. ¶ 29<br><br>"As is detailed below, the duties of the medical scientist are robustly scientific and involve FDA regulation, research and data analysis. The duties also include state of the art study design, analysis of clinical trial data, testing, developing hypotheses and experiments, and making design implementations and adaptations." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at \*3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at \*28; *Sinohui*, 2016 WL 3475321 at \*6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)** There are no facts that would establish why the position of "medical scientist" is |  |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | an appropriate comparator to the CRA position at PAREXEL.<br><br>**Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed by the CRAs and CMAs at PAREXEL and if those tasks were exempt. *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL. (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |
| 18.     Gortler Decl. ¶ 30<br><br>"Medical scientist positions have been described as doing the following as part of their jobs: Design and conduct studies that investigate both human diseases and methods to prevent and treat them; Prepare and analyze medical samples and data to investigate causes and treatment of toxicity, | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, | |

18

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| pathogens, or chronic diseases; Standardize drug potency, doses, and methods to allow for the mass manufacturing and distribution of drugs and medicinal compounds; Create and test medical devices; Develop programs that improve health outcomes, in partnership with health departments, industry personnel, and physicians; Write research grant proposals and apply for funding from government agencies and private funding sources; Follow procedures to avoid contamination and maintain safety" | 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)** There are no facts that would establish why the position of "medical scientist" is an appropriate comparator to the CRA position at PAREXEL.<br><br>**Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed by the CRAs and CMAs at PAREXEL. *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL. (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet)<br><br>**Hearsay (Fed. R. Evidence 801, 802)** | |
| 19.       Gortler Decl. ¶ 31<br><br>"Many medical scientists form hypotheses and develop experiments, with little | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, | |

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| supervision. They often lead teams of technicians and, sometimes, students, who perform support tasks. For example, a medical scientist working in a university laboratory may have undergraduate assistants take measurements and make observations for the scientist's research similar to the way a clinical trial scientist uses a CRA or CMA to assist with clinical trial research." | 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)** There are no facts that would establish why the position of "medical scientist" is an appropriate comparator to the CRA position at PAREXEL.<br><br>**Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed by the CRAs and CMAs at PAREXEL.  *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24- | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
47210588v.2                                                                     3:16-cv-03084-L-BGS

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | 73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet)<br><br>**Hearsay (Fed. R. Evidence 801, 802)** | |
| 20.    Gortler Decl. ¶ 32<br><br>"Medical scientists study the causes of diseases and other health problems. For example, a medical scientist who does cancer research might put together a combination of drugs that could slow the cancer's progress. A clinical trial may be done to test the drugs. A medical scientist may work with licensed physicians to test the new combination on patients who are willing to participate in the study, with the clerical/technical assistance of a CRA or CMA." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)** A "medical scientist's" duties have no bearing on what job duties were actually performed by CRAs and CMAs at PAREXEL, which is the relevant inquiry in an exemption case.<br><br>**Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed by the CRAs and CMAs at PAREXEL.  *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
|  | 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL. (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet)<br><br>**Hearsay (Fed. R. Evidence 801, 802)** |  |
| 21.      Gortler Decl. ¶ 33<br><br>"Performing clerical/technical aspects of a scientist's design might be by a CRA or CMA." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza,* 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)** There are no facts establishing that this statement is applicable, generally, to individuals who hold the job title of "clinical research associate" |  |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | or "clinical monitoring associate," much less to PAREXEL CRAs and CMAs. Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet)<br><br>**Relevance (Fed. R. Evid. 401, 402)**  The relevant inquiry in an exemption case is what job duties are actually performed and expected to be performed by the CRAs and CMAs at PAREXEL. *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. The statement also does not pertain to any class certification issues.  *Dobrosky*, 2014 WL 10988092 at *3.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**<br><br>**Hearsay (Fed. R. Evidence 801, 802)** | |
| 22.      Gortler Decl. ¶ 34<br><br>"Medical scientists analyze the data from all of the patients in the clinical trial, to see how the trial drug performed. They compare | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| the results with those obtained from the control group that took the placebo, and they analyze the attributes of the participants. After they complete their analysis, medical scientists may write about and publish their findings. Medical writers may assist with editing the draft of such a report but not analyze the potential pharmacogenomics implications of a sample population. PAREXEL's CRA and CMA job descriptions do not require to perform any of these duties." | 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)** There are no facts that would establish why the position of "medical scientist" is an appropriate comparator to the CRA position at PAREXEL.<br><br>**Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed by the CRAs and CMAs at PAREXEL.  *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| 23.    Gortler Decl. ¶ 35<br><br>"Medical scientists do research both to develop new treatments and to try to prevent health problems. For example, they may study the link between smoking and lung cancer or between diet and diabetes. The CRA/CMA positions are not required to be academically qualified to assess or make such an epidemiological correlation." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)** There are no facts that would establish why the position of "medical scientist" is an appropriate comparator to the CRA position at PAREXEL.<br><br>**Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed by the CRAs and CMAs at PAREXEL.  *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at | |

25

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | PAREXEL. (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |
| 24. Gortler Decl. ¶ 36 "Medical scientists who work in private industry usually have to research the topics that benefit their company the most, rather than investigate their own interests. Although they may not have the pressure of writing grant proposals to get money for their research, they may have to explain complicated research plans to nonscientist managers or executives. The CRA/CMA positions are not required to perform any of these duties." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.) **Lacks foundation (Fed. R. Evid. 901)** There are no facts that would establish why the position of "medical scientist" is an appropriate comparator to the CRA position at PAREXEL. **Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed by the CRAs and CMAs at PAREXEL. *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | **Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL. (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |
| 25.    Gortler Decl. ¶ 37 "Medical scientists usually specialize in an area of research within the broad area of understanding and improving human health. Medical scientists may engage in basic and translational research that seeks to improve the understanding of, or strategies for, improving health. They may also choose to engage in clinical research that studies specific experimental treatments. The CRA/CMA positions do not require and are unlikely to have any meaningful/applicable academic basic science/clinical research/experimental training in their academic training." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.) **Lacks foundation (Fed. R. Evid. 901)** There are no facts that would establish why the position of "medical scientist" is an appropriate comparator to the CRA position at PAREXEL. **Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed | |

27

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | by the CRAs and CMAs at PAREXEL and if those tasks were exempt.  *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |
| 26.      Gortler Decl. ¶ 38<br><br>"Per PAREXEL's job descriptions, a postgraduate science degree or academic experience in research methodology is not a minimum educational requirement for a I, II or Senior CRA or CMA positions." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Relevance (Fed. R. Evid. 401, 402)** The relevant inquiry in an exemption case is what job duties are actually performed and are expected to be performed | |

28

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | by the CRAs and CMAs at PAREXEL. *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL. (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |
| 27.      Gortler Decl. ¶ 39  "In summary, as someone who has worked for two decades in investigational medicine, I have lead many teams of CRAs, including CRAs and CMAs." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)  **Lacks foundation (Fed. R. Evid. 901)**.  Gortler's "experience" with "clinical research associates" is dated and was not at PAREXEL and he has no knowledge regarding the actual job duties performed by CRAs and CMAs at PAREXEL. (See Gortler Tr. 30:23-31:23, | |

29

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet)<br><br>**Relevance (Fed. R. Evid. 401, 402)** Gortler admitted in deposition that he has no knowledge about the actual job duties performed or expected to be performed by CRAs or CMAs at PAREXEL, which is the relevant inquiry in this exemption case.  (See Gortler Tr. 30:23-31:23, 34:14-24, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet)  *See Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948. | |
| 28.   Gortler Decl. ¶ 39<br><br>"It is my belief that CRAs and CMAs provide important technical and monitoring services before, during and after investigational medicine trials. However, the CRA/CMA positions are not required to have the requisite educational training of a medical scientist, per PARAXEL's job descriptions, and therefore, the CRA/CMA positions cannot be held responsible for conducting of any | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)**  There are no facts | |

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| scientific or clinical research, i.e. they cannot be held responsible for legitimately recommending or making any clinical, statistical, safety or fundamental investigational protocol design decisions." | supporting Gortler's "belief" or how it is allegedly applicable to CRAs and CMAs at PAREXEL. **Relevance (Fed. R. Evid. 401, 402)** Gortler's "belief" about the "services" CRAs and CMAs at PAREXEL provided and his discussion about specific tasks that CRAs and CMAs do not perform are irrelevant, because the relevant inquiry in this case is what job duties CRAs and CMAs actually performed and are expected to perform. Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL, and cannot establish the foundational facts to support this statement. (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) This statement does not pertain to any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3. **Speculation/lacks personal knowledge (Fed. R. Evid. 602)** **Calls for a legal conclusion/Improper Opinion (Fed. R. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, | |

31

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042. | |
| 29.    Gortler Decl. ¶ 40<br><br>"The contents of this declaration represent my opinion to a reasonable degree of professional certainty." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Cholakyan*, 281 F.R.D. at 541; *Casida*, 2012 WL 3260423 at *28; *Sinohui*, 2016 WL 3475321 at *6; *Marlo*, 639 F.3d at 948.  (*See* Gortler Tr. 29:3-31:23, 34:14-24, 44:18-46:98, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 76:2-24, 79:18-23, 83:17-21, 84:23-85:5, 87:2-20.)<br><br>**Lacks foundation (Fed. R. Evid. 901)**; *Daubert II*, 43 F.3d at 1316.<br><br>**Relevance (Fed. R. Evid. 401, 402)**  Gortler admitted in deposition that he has no knowledge about the actual job duties performed by CRAs or CMAs at PAREXEL.  (See Gortler Tr. 30:23-31:23, 34:14-16, 48:16-52:22, 53:7-16, 65:1-8, 72:24-73:5, 79:18-23, 83:17-21; 84:23-85:5, Gortler Errata Sheet) | |

32

## II.   Objections to Malcolm Cohen Declaration

| | EVIDENCE | OBJECTION | RULING |
|---|---|---|---|
| 30. | Declaration of Malcolm Cohen in its entirety | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702**); *Pedroza,* 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz v. Fortune Magazine*, 193 F.R.D. 144, 147 (S.D.N.Y. 2000) (expert testimony excluded because it was not generated based on an specialized knowledge, but rather involved basic calculations); *see also Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740, at *5, fn. 8 (C.D. Cal. 2016) *Sirko*, 2014 WL 4452699, *5; *Langlands v. JK & T Wings, Inc.*, 2016 WL 4073548, at *4 (E.D. Mich. 2016). Cohen admits his calculations would be based on "simple arithmetic" and assumes maximum liability and that the putative class members' time records are accurate and complete, even though Cones alleged otherwise.  (Deposition of Malcolm Cohen ("Cohen Tr.") 33:5-16, 36:24-37:6 ; 40:25-41:9; 51:24-52:24; 54:14-55:12; 57:8-23, 82:16-20; 85:23-86:1; 91:6-11, 256:19-259:2; Cohen Decl. ¶ 31, 9:23-25; ¶ 38, 10:21-23.) **Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at | |

33

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042.<br><br>**Relevance (Fed. R. Evid. 401, 402)** Cohen's declaration does not address any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3.  It is also premature. | |
| 31.       Cohen Decl. ¶ 13<br><br>"It is my understanding that even though putative class members were treated as exempt employees, records were kept of the actual hours they worked." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Lacks foundation (Fed. R. Evid. 901)**<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** | |
| 32.       Cohen Decl. ¶ 16<br><br>"As a result of improperly classifying plaintiffs and the putative FLSA class as exempt, PAREXEL failed to compensate plaintiffs and the putative FLSA class for overtime." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042. Cohen admits repeatedly that his calculations are "simple arithmetic" and that all he has done is assume full liability and maximum damages without regard to any defenses. (Cohen Tr. 33:5-16, 51:24-52:24; 82:16-20; 85:23-86:1; 91:6-11)<br><br>**Lacks foundation (Fed. R. Evid. 901)** Cohen's calculations rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified otherwise (Cohen Tr. 36:24-37:6 ; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption. Cohen Tr. 9:23-25; 10:21-23; 51:24-52:22; 54:14-55:12; 57:8-23.)<br><br>**Relevance (Fed. R. Evid. 401, 402)** This statement does not | |

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | address any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**. Cohen admitted he made no determination on the exempt status of PAREXEL's CRAs and CMAs. (Cohen Tr. 18:8-19.) | |
| 33.      Cohen Decl. ¶ 20<br><br>"Using the methodology described in this section, I would be able to determine the amount of unpaid overtime per employee and in total for the putative FLSA class."<br><br>Cohen Decl. ¶ 26<br><br>"Using the methodology described in this section, I would be able to determine the amount of unpaid overtime per employee and in total for the class." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042.  Cohen admits repeatedly that his calculations are "simple arithmetic" and that all he has done is assume full liability and maximum damages without regard to any defenses.  (Cohen Tr. 33:5-16, 51:24-52:24; 82:16-20; 85:23-86:1; 91:6-11) | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
|  | **Lacks foundation (Fed. R. Evid. 901)** Cohen's calculations rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified otherwise (Cohen Dep: 36:24-37:6 ; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption.  Cohen Decl. ¶ 31, 9:23-25; ¶ 38, 10:21-23; Cohen Tr. 51:24-52:22; 54:14-55:12; 57:8-23.) |  |
|  | **Relevance (Fed. R. Evid. 401, 402)** This statement does not address any class certification issues.  *Dobrosky*, 2014 WL 10988092 at *3.  It is also premature. |  |
|  | **Speculation/lacks personal knowledge (Fed. R. Evid. 602)** Cohen assumes that the putative class members' time records are accurate. |  |
| 34.     Cohen Decl. ¶ 28 "If an employer does not provide a duty-free 30-minute meal period as required, the employer shall | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza,* 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL |  |

37

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| pay the employee a meal period premium wage…" | 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042. This statement is simply an attempt to recite to law. | |
| 35.      Cohen Decl. ¶ 29<br><br>"It is my understanding that defendants did not maintain records of meal breaks." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Lacks foundation (Fed. R. Evid. 901)** Cohen admits repeatedly that his calculations are "simple arithmetic" and that all he has done is assume full liability and maximum damages without regard to any defenses. (Cohen Tr. 33:5-16, 51:24-52:24; 82:16-20; 85:23-86:1; 91:6-11). His calculations rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified | |

38

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | otherwise (Cohen Dep: 36:24-37:6; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption.  Cohen Decl. ¶ 31, 9:23-25; ¶ 38, 10:21-23; Cohen Tr. 51:24-52:22; 54:14-55:12; 57:8-23.) **Relevance (Fed. R. Evid. 401, 402)** This statement does not address any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3. | |
| 36.      Cohen Decl. ¶ 30 "The meal period premium wage for violations of the applicable meal period order will be calculated by determining the regular rate of compensation from pay records, and determining the number of days on which putative California sub-class members should have been able to take a 30-minute-duty free-meal period but did not receive one." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702**); *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4. **Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704**); *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The* | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

47210588v.2                                                                                               3:16-cv-03084-L-BGS

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | *Pinal Creek Group*, 352 F. Supp. 2d at 1042.<br><br>**Lacks foundation (Fed. R. Evid. 901)**<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**<br><br>**Relevance (Fed. R. Evid. 401, 402)** This statement does not address any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3. It is also premature. | |
| 37.     Cohen Decl. ¶ 31<br><br>"Under the Plaintiffs' argument that a violation occurred in each work day where more than six hours were worked, the calculation of damages would be straightforward, simply one hour of pay at the regular rate of compensation for each work day with a violation." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042.  Cohen admits repeatedly that his calculations would be based on "simple arithmetic" and that all he has | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | done is assume full liability and maximum damages without regard to any defenses.  (Cohen Tr. 33:5-16, 51:24-52:24; 82:16-20; 85:23-86:1; 91:6-11)  His calculations would rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified otherwise (Cohen Dep: 36:24-37:6; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption.  Cohen Decl. ¶ 31, 9:23-25; ¶ 38, 10:21-23; Cohen Tr. 51:24-52:22; 54:14-55:12; 57:8-23.)  **Lacks foundation (Fed. R. Evid. 901)**  Cohen's proposed calculations rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified otherwise (Cohen Dep: 36:24-37:6; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption.  Cohen Decl. ¶ 31, | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | 9:23-25; ¶ 38, 10:21-23; Cohen Tr. 51:24-52:22; 54:14-55:12; 57:8-23.)<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**<br><br>**Relevance (Fed. R. Evid. 401, 402)** This statement does address any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3.  It is also premature. | |
| 38.      Cohen Decl. ¶ 33<br><br>"Using the methodology described in this section, I would be able to determine the damages related to meal periods for each employee and in total for the class." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042.  Cohen admits repeatedly that his proposed calculations would be based on "simple arithmetic" and that all he has done is assume full liability and maximum damages without regard to any defenses.  (Cohen | |

42

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | Tr. 33:5-16, 51:24-52:24; 82:16-20; 85:23-86:1; 91:6-11)<br><br>**Lacks foundation (Fed. R. Evid. 901)** Cohen's proposed calculations rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified otherwise (Cohen Dep: 36:24-37:6; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption.  Cohen Decl. ¶ 31, 9:23-25; ¶ 38, 10:21-23; Cohen Tr. 51:24-52:22; 54:14-55:12; 57:8-23.)<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**<br><br>**Relevance (Fed. R. Evid. 401, 402)** This statement does address any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3.  It is also premature. | |
| 39.      Cohen Decl. ¶ 37<br><br>"The rest period premium wage for violations of the applicable rest period order will be calculated by determining the regular rate of compensation from pay | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

47210588v.2                                                                                          3:16-cv-03084-L-BGS

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| records, and determining on which days class members worked 31/2 hours or more." | 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042.<br><br>**Lacks foundation (Fed. R. Evid. 901)**<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**<br><br>**Relevance (Fed. R. Evid. 401, 402)** This statement does address any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3.  It is also premature. | |
| 40.      Cohen Decl. ¶ 38<br><br>"Under the Plaintiffs' argument that a violation occurred in each work day where $3^1/_2$ hours or more were worked, the calculation of damages would be straightforward, simply one hour of pay at the regular rate of compensation for each work day with a violation." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; | |

44

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042.  Cohen admits repeatedly that his proposed calculations are "simple arithmetic" and that all he has done is assume full liability and maximum damages without regard to any defenses.  (Cohen Tr. 33:5-16, 51:24-52:24; 82:16-20; 85:23-86:1; 91:6-11)<br><br>**Lacks foundation (Fed. R. Evid. 901)** Cohen admits repeatedly that his proposed calculations would be based on "simple arithmetic" and that all he has done is assume full liability and maximum damages without regard to any defenses.  (Cohen Tr. 33:5-16, 51:24-52:24; 82:16-20; 85:23-86:1; 91:6-11)  His calculations rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified otherwise (Cohen Dep: 36:24-37:6; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption.  Cohen Decl. ¶ 31, 9:23-25; ¶ 38, 10:21-23; Cohen | |

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | Tr. 51:24-52:22; 54:14-55:12; 57:8-23.)<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**<br><br>**Relevance (Fed. R. Evid. 401, 402)** This statement does address any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3.  It is also premature. | |
| 41.    Cohen Decl. ¶ 39<br><br>"Using the methodology described in this section, I would be able to determine the damages related to rest periods for each employee and in total for the class." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042.  Cohen admits repeatedly that his proposed calculations would be based on "simple arithmetic" and that all he has done is assume full liability and maximum damages without regard to any defenses.  (Cohen | |

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | Tr. 33:5-16, 51:24-52:24; 82:16-20; 85:23-86:1; 91:6-11) **Lacks foundation (Fed. R. Evid. 901)** Cohen admits repeatedly that his proposed calculations would be based on "simple arithmetic" and that all he has done is assume full liability and maximum damages without regard to any defenses. (Cohen Tr. 33:5-16, 51:24-52:24; 82:16-20; 85:23-86:1; 91:6-11) His proposed calculations rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified otherwise (Cohen Dep: 36:24-37:6; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption. Cohen Decl. ¶ 31, 9:23-25; ¶ 38, 10:21-23; Cohen Tr. 51:24-52:22; 54:14-55:12; 57:8-23.) **Speculation/lacks personal knowledge (Fed. R. Evid. 602)** **Relevance (Fed. R. Evid. 401, 402)** This statement does address any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3. It is also premature. | |

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| 42.　Cohen Decl. ¶ 42<br><br>"Using pay records, I would calculate damages for each putative California sub-class member based on Labor Code §226(a) for each pay period deemed to include a violation." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Lacks foundation (Fed. R. Evid. 901)**  Cohen's proposed calculations rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified otherwise (Cohen Dep: 36:24-37:6; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption.  Cohen Decl. ¶ 31, 9:23-25; ¶ 38, 10:21-23; Cohen Tr. 51:24-52:22; 54:14-55:12; 57:8-23.)<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**<br><br>**Relevance (Fed. R. Evid. 401, 402)** This statement does address any class certification issues. | |

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | *Dobrosky*, 2014 WL 10988092 at *3.  It is also premature. | |
| 43.     Cohen Decl. ¶ 45<br><br>"In order to calculate damages, I will analyze information on class members with termination dates, as well as information regarding the pay of the class members. From this information I would be able to determine the total amount of waiting time penalties per employee." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702**); *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.<br><br>**Lacks foundation (Fed. R. Evid. 901)**  Cohen's proposed calculations rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified otherwise (Cohen Dep: 36:24-37:6; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption.  Cohen Decl. ¶ 31, 9:23-25; ¶ 38, 10:21-23; Cohen Tr. 51:24-52:22; 54:14-55:12; 57:8-23.)<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**<br><br>**Calls for a legal conclusion/Improper Opinion** | |

49

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | **(Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042.  Cohen admits repeatedly that his proposed calculations would be based on "simple arithmetic" and that all he has done is assume full liability and maximum damages without regard to any defenses.  (Cohen Tr. 33:5-16, 51:24-52:24; 82:16-20; 85:23-86:1; 91:6-11) **Relevance (Fed. R. Evid. 401, 402)** This statement does address any class certification issues. *Dobrosky*, 2014 WL 10988092 at *3.  It is also premature. | |
| 44.      Cohen Decl. ¶ 47 "The contents of this declaration represent my opinion to a reasonable degree of professional certainty." | **Unqualified as an expert and improper expert testimony (Fed. R. Evid. 702)**; *Pedroza*, 2013 WL 1490667 at *3; *Ellis*, 657 F.3d at 982; *Daubert*, 509 U.S. at 591; *Schwartz*, 193 F.R.D. at 147 *Farmasino Pharmaceuticals (Jiangsu) Co., Ltd.*, 2016 WL 7655740 at *5, fn. 8; *Sirko*, 2014 WL 4452699, *5; *Langlands*, 2016 WL 4073548 at *4.  Cohen admits repeatedly that his proposed calculations would be based on "simple arithmetic" and that all he has done is assume full liability and maximum damages without regard to any defenses. (Cohen Tr. 33:5-16, 51:24-52:24; | |

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| | 82:16-20; 85:23-86:1; 91:6-11) His proposed calculations rely on putative class members' time records, which he assumes to be accurate and complete even though Plaintiff Cones' testified otherwise (Cohen Dep: 36:24-37:6; 40:25-41:9; 256:19-259:2), and he assumes a meal and rest break violation on each day the putative class worked even though PAREXEL's meal and rest break policy and Plaintiffs' and other employees' testimony nullify such an assumption.  Cohen Decl. ¶ 31, 9:23-25; ¶ 38, 10:21-23; Cohen Tr. 51:24-52:22; 54:14-55:12; 57:8-23.)<br><br>**Lacks foundation (Fed. R. Evid. 901)**<br><br>**Calls for a legal conclusion/Improper Opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at \*15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042. | |

### III.   Objections to Plaintiff's Non-Expert Evidence (Declarations of Schoulee Cones, Dexter Pasis, Matt Weaver, Sarah Kenneweg, Matthew O'Gordon, and Patrick Keegan)

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| 45.   Declaration of Plaintiff Schoulee Cones ("Cones Decl."), ¶ 4<br><br>"Ultimately, I was terminated before being making [sic] any site visits because PAREXEL could not verify my dates of employment.  Although I have over 15 years' experience as a CRA, I spent much of that time as an independent contractor, often being paid through third-party payrolling companies. As a result, verifying my dates of employment can be difficult with other clinical research organizations." | **Relevance (Fed. R. Evid. 401, 402)**.<br><br>**Lacks foundation (Fed. R. Evid. 901)** | |
| 46.     Cones Decl. ¶ 5<br><br>"While employed by PAREXEL, I was required to record all of my hours working each week … All hours that I worked were required to be accurately recorded and reported for billing purposes as either billable or non-billable time." | **Misstates prior deposition testimony.**  Cones testified that her time records are not accurate because she worked more hours than are on her timesheets.  (Cones Tr. 256:19-259:2)<br><br>**Plaintiff cannot contradict prior deposition testimony with a declaration.**  (*Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999); *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009);* | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | *Certain Interested Underwriters at Lloyd's, London v. Bear, LLC*, 260 F.Supp.3d 1271 (S.D. Cal. 2017) | |
| 47.   Cones Decl. ¶ 7<br><br>"I am able and willing to serve as the class representative in this action. I have and continue to be willing and able to fairly and adequately protect the interests of the classes in this action." | **Misstates prior deposition testimony.**  In her deposition, Cones testified that she represented only the Senior CRA position, claiming it is a different position that requires experience that a "regular" CRA would not have and job duties different from the CMA positon. (34:10-35:20; 63:11-23) In her declaration, Cones now purports to represent all three CRA positons (I, II and Senior), notwithstanding that (a) Cones admits she never performed the duties of a Senior CRA and doesn't know how other PAREXEL CRAs performed their jobs because she was in training for the duration of her two-month tenure (246:13-22); and (b) Cones admits that because she failed her exams, she never was permitted to conduct a site visit (initiation through termination), never observed any PAREXEL employee conduct a site visit, and otherwise has no personal knowledge of how any site visit at PAREXEL was conducted. (42:9-12; 248:22-249:2; 290:17-291:9)<br><br>**Plaintiff cannot contradict prior deposition testimony with a declaration.**  (*Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999); *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009); | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | *Certain Interested Underwriters at Lloyd's, London v. Bear, LLC*, 260 F.Supp.3d 1271 (S.D. Cal. 2017) | |
| 48.    Pasis Decl. ¶ 6<br><br>"The training made clear that my job as a CMA II was not to determine what goes into a Sponsor's protocol or to make decisions for clinic sites or the Sponsor, but to monitor and report on a clinic site's performance according to a Sponsor's protocol according to the monitoring plan and SOPs." | **Lacks foundation (Fed. R. Evid. 901)**<br><br>**Hearsay (Fed. R. Evid. 801, 802)**<br><br>**Misstates prior testimony.** (Pasis Tr. 56:15-57:16; 69:21-70:23, 128:15-19, Exh. 7)<br><br>**Plaintiff cannot contradict prior deposition testimony with a declaration.** (*Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999); *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009); *Certain Interested Underwriters at Lloyd's, London v. Bear, LLC*, 260 F.Supp.3d 1271 (S.D. Cal. 2017)<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** | |
| 49.    Pasis Decl. ¶ 15<br><br>"During the time that I worked more than eight hours a day and more than 40 hours a week, the hours worked over eight hours a day and more than 40 hours a week were recorded as unpaid overtime in accordance with PAREXEL's policy." | **Lacks foundation (Fed. R. Evid. 901)**<br><br>**Improper legal conclusion/opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042. | |
| 50.    Pasis Decl. 15 | **Lacks foundation (Fed. R. Evid. 901)** | |

| | | |
|---|---|---|
| "As a result, I was never paid an overtime rate for hours that I worked more than eight hours a day and more than 40 hours a week during any workweek during my employment as a CMA." | **Relevance (Fed. R. Evid. 401, 402)**<br><br>**Improper legal conclusion/opinion (Fed. R. Evid. 701, 702, 704)**; Williams, 2011 WL 2200631 at *15; Crow Tribe of Indians, 87 F.3d 1045; Dairy America, Inc., 2009 WL 2184547 at 4-5; The Pinal Creek Group, 352 F. Supp. 2d at 1042. | |
| 51.　　　Pasis Decl. ¶ 16<br><br>"…, in order to accommodate the schedules of clinical sites throughout the country, I regularly missed meal periods. Additionally, I was unaware of any rest period policy at PAREXEL and did not take any rest periods while employed at PAREXEL." | **Lacks foundation (Fed. R. Evid. 901)**<br><br>**Relevance (Fed. R. Evid. 401, 402)**<br><br>**Improper legal conclusion/opinion (Fed. R. Evid. 701, 702, 704)**; Williams, 2011 WL 2200631 at *15; Crow Tribe of Indians, 87 F.3d 1045; Dairy America, Inc., 2009 WL 2184547 at 4-5; The Pinal Creek Group, 352 F. Supp. 2d at 1042.<br><br>**Misstates prior deposition testimony.** Pasis testified that he "had his own lunch schedule" and nobody from PAREXEL prevented him from taking a meal period. (Pasis Tr. 226:1-6; 227:15-20)<br><br>**Plaintiff cannot contradict prior deposition testimony with a declaration.** (*Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999); *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009); *Certain Interested Underwriters at* | |

| | | |
|---|---|---|
| | *Lloyd's, London v. Bear, LLC*, 260 F.Supp.3d 1271 (S.D. Cal. 2017) | |
| 52.      Pasis Decl. ¶ 17 "I am able and willing to serve as the class representative in this action. I have and continue to be willing and able to fairly and adequately protect the interests of the classes in this action." | **Misstates prior testimony.**  In his deposition, Pasis testified that he does not know the requirements for the CRA position at PAREXEL (260: 3-10) and maintains that CMAs receive different training than CRAs. (97:25-98:11) He was assigned to only one study for the duration of his employment which was in maintenance phase. (79:23-80:2) **Plaintiff cannot contradict prior deposition testimony with a declaration.**  (*Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999); *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009); *Certain Interested Underwriters at Lloyd's, London v. Bear, LLC*, 260 F.Supp.3d 1271 (S.D. Cal. 2017) | |
| 53.      Weaver Decl. ¶ 4;          Kenneweg Decl. ¶ 4;          O'Gordon Decl. ¶ 4 "As set forth in PAREXEL's CRA job description, my job [as a CRA at PAREXEL is/was] to 'perform the clinical monitoring aspect of designated projects in accordance with study specific procedures, applicable SOPs, and regulations" by conducting "qualification, initiation, monitoring, and termination | **Best Evidence Rule (Fed. R. Evid. 1002) and Completeness.** Plaintiffs selectively quote from the job description. **Lacks foundation (Fed. R. Evid. 901)** | |

| | | |
|---|---|---|
| | of investigational sites in accordance with ICH GCP guidelines" in order "to assess and ensure overall integrity of study implementation and adherence to study protocol at clinical sites" as set forth in the monitoring plan for each clinical trial." | |
| 54. | Weaver Decl. ¶ 4; Kenneweg Decl. ¶ 4<br><br>"CRAs do not actually conduct the clinic trials, or write SOPs, monitoring plans or protocols." | **Lacks foundation (Fed. R. Evid. 901)** No foundation laid for the declarant to speak to the experience of "CRAs" at large.<br><br>**Speculation (Fed. R. Evid. 602)** |
| 55. | O'Gordon Decl. ¶ 4<br><br>"CRAs do not actually conduct the clinical trials." | **Lacks foundation (Fed. R. Evid. 901)** No foundation laid for the declarant to speak to the experience of "CRAs" at large.<br><br>**Vague** as to "conduct the clinical trials." |
| 56. | Weaver Decl. ¶ 5; Kenneweg Decl. ¶ 5; O'Gordon Decl. ¶ 5<br><br>"A significant portion of my job was spent arranging, traveling to and visiting clinical sites." | **Lacks foundation (Fed. R. Evid. 901); vague and ambiguous.** The statement is conclusory; vague as to "significant" portion. |
| 57. | Cones Decl. ¶ 3; Weaver Decl. ¶ 6; | **Lacks foundation (Fed. R. Evid. 901)** No foundation laid for the declarant to speak to intent of |

| | | |
|---|---|---|
| Kenneweg Decl. ¶ 6; O'Gordon Decl. ¶ 6<br><br>"The training made clear that my job as a CRA was not to determine what goes into a Sponsor's protocol or to make decisions for clinic sites or the Sponsor, but to monitor and report on a clinic site's performance according to a Sponsor's protocol according to the monitoring plan and SOPs." | training, and vague as to "according to."<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**. | |
| 58.  Weaver Decl. ¶ 8; Kenneweg Decl. ¶ 8; O'Gordon Decl. ¶ 8<br><br>"I was never responsible for making decisions with respect to the facilities and physicians chosen to conduct the clinical studies as a result of my qualification visits; that was the responsibility of PAREXEL's feasibility group/study management and the Sponsor." | **Lacks foundation (Fed. R. Evid. 901)**. No foundation laid for the declarant to speak to the responsibilities of the feasibility group, study management, and sponsor. | |
| 59.  Weaver Decl. ¶ 10; Kenneweg Decl. ¶ 10; O'Gordon Decl. ¶ 10<br><br>"CRAs are not allowed to enter data on CRFs or in the EDC; as only persons, referred to as investigators or sub-investigators on FDA Form 1572 can enter such data." | **Lacks foundation (Fed. R. Evid. 901)**. No foundation laid for the declarant to speak to the experience of "CRAs" at large. | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

47210588v.2                                                                                          3:16-cv-03084-L-BGS

| | | |
|---|---|---|
| 60.    Weaver Decl. ¶ 15; Kenneweg Decl. ¶ 14; O'Gordon Decl. ¶ 16<br><br>"Additional work time would be spent attending to various PAREXEL required matters such as completion of travel expense reports, home-office expense reports, self-evaluations, weekly line-manager meetings, weekly study team meetings, and PAREXEL mandated training." | **Lacks foundation (Fed. R. Evid. 901).** No foundation laid for the declarant to speak to the experience of "CRAs" at large. | |
| 61.    Cones Decl. ¶ 6; Kenneweg Decl. ¶ 17; O'Gordon Decl. ¶ 18<br><br>"During the time that I worked more than eight hours a day and more than 40 hours a week, the hours worked over eight hours a day and more than 40 hours a week were recorded as unpaid overtime in accordance with PAREXEL's policy classifying my position as exempt." | **Lacks foundation (Fed. R. Evid. 901)**<br><br>**Improper legal conclusion/opinion (Fed. R. Evid. 701, 702, 704)**; *Williams*, 2011 WL 2200631 at *15; *Crow Tribe of Indians*, 87 F.3d 1045; *Dairy America, Inc.*, 2009 WL 2184547 at 4-5; *The Pinal Creek Group*, 352 F. Supp. 2d at 1042. The declaration assumes facts to state a legal conclusion regarding purportedly unpaid overtime, and refers to a time recording system that does not exist. | |
| 62.    Kenneweg Decl., ¶ 18<br><br>"During my monitoring visits for one of the clinic trials I was assigned, I worked together with other CRAs during which PAREXEL's policies and procedures and CRA job | **Hearsay (Fed. R. Evid. 801, 802)**<br><br>**Lacks foundation (Fed. R. Evid. 901)** No foundation laid for the declarant to speak to the experience of "CRAs" at large.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** | |

59

| | | |
|---|---|---|
| duties were discussed. From these discussions, I learned that CRAs followed PAREXEL's uniform policies with respect to job training, duties, reporting and billing procedures for time and labor performed." | | |
| 63.      Kenneweg Decl., ¶ 18<br><br>"I also learned that all W-2 CRAs were classified as exempt and therefore did not receive overtime pay for hours worked more than eight hours in a day or over 40 hours in a workweek, while all contract CRA were paid for each hour worked." | **Hearsay (Fed. R. Evid. 801, 802)**<br><br>**Lacks foundation (Fed. R. Evid. 901)** No foundation laid for the declarant to speak to the experience of "CRAs" at large.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)**<br><br>**Relevance (Fed. R. Evid. 401, 402)**  (Any contract CRA is not at issue). | |
| 64.      Kenneweg Decl., ¶ 18<br><br>"To my knowledge, all W-2 CRAs were routinely working more than forty hours each week as I was." | **Hearsay (Fed. R. Evid. 801, 802)**<br><br>**Lacks foundation (Fed. R. Evid. 901)** No foundation laid for the declarant to speak to the experience of "CRAs" at large.<br><br>**Speculation/lacks personal knowledge (Fed. R. Evid. 602)** | |
| 65.      Keegan Decl. ¶ 10, Exs. C-P, Standard Operating Procedures | **Lacks foundation (Fed. R. Evid. 901)** Exhibits must be properly authenticated and their mere attachment to a declaration does not make them admissible evidence.  Plaintiff has failed to competently establish a foundation. Plaintiffs simply dump thousands of pages of documents in the record, with no foundation, | |

60

| | | | |
|---|---|---|---|
| | | citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*, 2014 WL 99178 (D. Nev. Jan 3, 2014) (accord) | |
| 66. | Keegan Decl. ¶ 10, Exs. T (Excerpts of Deposition Transcript of Dexter Pasis, Schoulee Cones, Vol. I, Schoulee Cones, Vol. II, Karen J. Chu, Meghan Marnell, Jamie Langley, Alison Moyer, and Cynthia Vibar). | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*, 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 67. | Keegan Decl. ¶ 10, Ex. 10 - Parexel Time Records for Dexter Pasis; Ex. 25 - Parexel Time Records for Schoulee Cones | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) | |

61

| | | | |
|---|---|---|---|
| | | ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*, 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' idea that the Court will not perform the work of representing the parties is clear.") | |
| 68. | Keegan Decl. ¶ 10, Ex. 12 - Redacted Resignation Letter of Dexter Pasis | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*, 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' idea that the Court will not perform the work of representing the parties is clear.") | |
| 69. | Keegan Decl. ¶ 10, Ex. 32 - Email to Schoulee Cones Re Today's Meeting; Ex. 35 - Email from Schoulee Cones Re Background Checks | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

47210588v.2                                                                 3:16-cv-03084-L-BGS

| | | | |
|---|---|---|---|
| | | 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*, 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 70. | Keegan Decl. ¶ 10, Ex. 39 - Curriculum Vitae for Karen Chu; Ex. 55 - Curriculum Vitae for Meaghan Marnell; Ex. 234 - Curriculum Vitae for Cynthia Vibar | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*, 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 71. | Keegan Decl. ¶ 10, Ex. 42 - Memo to Clinical Operations CMA, CRA, and CTS Staff Re: Clinical Operations Expectations and | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly* | |

| | | |
|---|---|---|
| Guidelines to Help You Succeed at PAREXEL;<br><br>Ex. 43 - PowerPoint Re Impact Harmony Introduction;<br><br>Ex. 44 - Site Visit Report and Issues Guidance; Issue and Action Documentation<br><br>Ex. 45 - PAREXEL International Monitoring Plan<br><br>Ex. 46 - Clinical Operations Employee Guidelines | *v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.,* 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 72.   Keegan Decl. ¶ 10, Ex. 56 - Job Description for Associate Director GRO, One Site Monitoring | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members.  *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.,* 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' idea that the Court will not perform the work of representing the parties is clear.") | |
| 73.   Keegan Decl. ¶ 10, Ex. 69 - Description for Training Business Partner; | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, | |

64

| | | |
|---|---|---|
| Curriculum Vitae for Jamie Langley, HR Organization, Learning & Organizational Development, Regulatory Transcript for Schoulee Cones, and Regulatory Transcript of Dexter Pasis;<br><br>Ex. 75 - SMBT+ Agenda<br><br>Ex. 81 - Site Management Basic Training + Visit Module Flowchart<br><br>Ex. 200 - PowerPoint ORG Chart Clin OPS NA & LA | with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.,* 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 74.      Keegan Decl. ¶ 10,<br><br>Ex. 203 - Redacted Offer of Employment Letter to Ms. Cones<br><br>Ex. 210 - Email to Schoulee Cones Re LMS Assignments | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.,* 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 75.      Keegan Decl. ¶ 10, Ex. 218 - Email to | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of | |

65

| | | |
|---|---|---|
| Schoulee Cones; Ex. 219 - Email from Schoulee Cones Re Verification of Employment / Background Checks | pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*¸ 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 76.      Keegan Decl. ¶ 10, Ex. 220 - PAREXEL International Pre-Adverse Action Notice to Schoulee Cones; Ex. 222 - BackTrack Background Report for Schoulee Cones Ex. 223 - Redacted Letter Re Pre-Adverse Action Notice Ex. 228 - Email from Schoulee Cones Re Pre-Adverse Action Letter Ex. 229 - Email Re Schoulee Cones - Business Concerns | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*¸ 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |

66

| | | |
|---|---|---|
| Ex. 230 - Letter Denying Employment Application of Ms. Cones | | |
| 77. Keegan Decl. ¶ 10, Ex. 235 - 238 - One Notes | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*, 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 78. Keegan Decl. ¶ 10, Ex. 239 - Email Re Sample SMC Template | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*, 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| | | | |
|---|---|---|---|
| | | metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 79. | Keegan Decl. ¶ 10, Ex. 240 - Redacted Transitioning Staff | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.,* 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 80. | Keegan Decl. ¶ 10, Ex. 241 - Emails Re Notice: Dexter Pasis has been recognized! | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.,* 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| | | | |
|---|---|---|---|
| | | familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 81. | Keegan Decl. ¶ 10, Ex. 242 - Report | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.,* 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 82. | Keegan Decl. ¶ 10, Ex. 243 - On-Site Initiation; Ex. 244 - On-Site Qualification; Ex. 245 - On-Site Monitoring; Ex. 246 - On-Site Termination | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.,* 2014 WL 99178 (D. Nev. | |

DEFENDANTS' OBJECTIONS TO EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

47210588v.2                                                                                                       3:16-cv-03084-L-BGS

| | | |
|---|---|---|
| | Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |
| 83. | Keegan Decl. ¶ 10, Ex. 247 - LinkedIn for Cynthia Vibar | **Lacks foundation (Fed. R. Evid. 901)** Plaintiffs dump hundreds of pages of documents in the record, with no foundation, citation, context, or explanation of the bearing of the records on putative class members. *See, e.g., Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal. April 30, 2008) ("the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties."); *Kraus v. Nevada Mut. Ins. Co.*, 2014 WL 99178 (D. Nev. Jan 3, 2014) ("Whether it is the familiar pigs hunting for truffles metaphor or the 'spaghetti approach' the idea that the Court will not perform the work of representing the parties is clear.") | |

DATED: July 6, 2018

SEYFARTH SHAW LLP

By: */s/ Michael W. Kopp*

Diana Tabacopoulos
Michael W. Kopp
Attorneys for Defendants

1  **CERTIFICATE OF SERVICE**

2  I certify that on July 6, 2018, I filed the foregoing **DEFENDANTS'**

3  **OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF THEIR**

4  **MOTION FOR CONDITIONAL CLASS CERTIFICATION UNDER FAIR**

5  **LABOR STANDARDS ACT, 29 U.S.C. § 216(B); AND FOR CLASS**

6  **CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE**

7  **23,** which was served on counsel of record via the Court's CM/ECF electronic filing

8  system, as reflected on the Notice of Electronic Filing (NEF)

9  DATED:  July 6, 2018                    SEYFARTH SHAW LLP

10

11                                                          By: */s/ Michael W. Kopp*
                                                            ─────────────────────────
12                                                          Diana Tabacopoulos
                                                            Michael W. Kopp
13                                                          Attorneys for Defendants
                                                            PAREXEL INTERNATIONAL
14                                                          CORPORATION and PAREXEL
                                                            INTERNATIONAL LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28