# Exhibit HH

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name     Kim Anglin          Signature     K Angl

Date     06 Dec 2017

PAR013214

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)      I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)      My participation in the interview is entirely voluntary.

(c)      I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)      The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)      It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)      **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   *Marnina Appiah*

Date   *4 Dec 2017*

Signature   _____

PAR013215

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   _Evelyn Bamgbose_          Signature   _Bambygbose_

Date   _05|01|2018_

PAR013216

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   *Pamela W Bazemore*     Signature   *Pamela W Bazemore*

Date   *01 May 2018*

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California. Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a) I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b) My participation in the interview is entirely voluntary.

(c) I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d) The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e) It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f) **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name  *Kathy Benton*          Signature  *X Benton*

Date  *08 DEC 2017*

PAR013218

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   Melissa Bornemann

Signature   Melissa Bornemann

Date   5-Mar-18

39525939v.1

ignore)

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name     Dustin Cantrell          Signature _____

Date     2 May 2018

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name     <u>Lily Chan</u>                     Signature_____

Date     <u>05Mar2018</u>

PAR013221

## DISCLAIMER AND NOTICE OF RIGHTS

   You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

   (a)   I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

   (b)   My participation in the interview is entirely voluntary.

   (c)   I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

   (d)   The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

   (e)   It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

   (f)   I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.


Print Name   _Brandi M. Copling_      Signature   _[signature]_

Date   _06 Dec 2017_

39525939v.1

## <u>DISCLAIMER AND NOTICE OF RIGHTS</u>

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   Cheryl Cox

Signature   Cheryl Cox

Date   2/13/18

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)      I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)      My participation in the interview is entirely voluntary.

(c)      I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)      The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)      It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)      **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   _Keithii Daly_

Date   _C.l.day 2015_

Signature   _[signature]_

395259394 1

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)      I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)      My participation in the interview is entirely voluntary.

(c)      I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)      The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)      It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)      **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   Richard Della Puca MPH          Signature   Richard Della Puca

Date   05-Feb, 2018

PAR013225

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name     Daniel Di Johnson

Signature     _(signature)_

Date     20 Nov 2017

PAR013226

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   _Andrew Endicott_                     Signature _(signature)_

Date   _01-May-2018_

PAR013227

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

**(f)     I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   Kimberly Ewing   Signature _____

Date   2/8/2018

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name     Mason Gay

Signature     _____

Date     09 Jan 2018

39525939v.1

PAR013229

# DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name     Natalia Gruzdova     Signature

Date     15-Nov-2017

39525939v.1

PAR013230

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment.  Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action.  The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit.  However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct.  I understand any decision by me to provide a declaration is purely voluntary.  I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the  information I provide.

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name     *David Howell*

Date     4/30/18

Signature     *[signature]*

PAR013231

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   _Colleen Justine_       Signature   _Arel Kercia_

Date   _5/1/18_

3952593v.1

PAR013232

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   Chandra Lee

Date   2/7/2018

Signature   Chandra Lee

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   _Elizabeth Madden_          Signature _Elizabeth Madden_

Date         _3/2/2016_

PAR013234

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   Terese Mitteness

Signature   [signature]

Date   27APR2018

39525939v.1

PAR013235

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name     Sarah Monteith _____

Signature _Digitally signed by: Monteith, Sarah_ _____
          _Date: 2017.12.01 12:14:24 -05'00'_

Date           01 December 2017 _____

PAR013236

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)    I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)    My participation in the interview is entirely voluntary.

(c)    I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)    The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)    It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)    **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   _Rebecca A. Moser_            Signature _Rebecca A. Moser_

Date         _4 May 2018_

30575070v 1

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)      I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)      My participation in the interview is entirely voluntary.

(c)      I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)      The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)      It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)      **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   Jacqueline Nichols   Signature

Date   30 Jan 2018

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL, by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   Jennifer Pathak

Signature   _Jennifer Pathak_

Date   06 Dec 2017

39525493\ 1

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   _Laurie Richard_

Date   _20 Dec 2017_

Signature   _Fr K RIX_

PAR013240

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   LANesha Sanders   Signature _____

Date   20180220

39525939v.1

PAR013241

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)    I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)    My participation in the interview is entirely voluntary.

(c)    I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)    The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)    It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)    **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name    Cynthia Vikay

Date    6/21/17

Signature _____

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)  I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)  My participation in the interview is entirely voluntary.

(c)  I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)  The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)  It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)  I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name  Hannah Weaver          Signature _____

Date  5/4/18

39525930v1

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)     I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)     My participation in the interview is entirely voluntary.

(c)     I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)     The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)     It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)     **I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.**

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name   Jason T. Zatkovich

Date   04 Jan. 2018

Signature _____

## DISCLAIMER AND NOTICE OF RIGHTS

You have been contacted in relation to litigation filed against PAREXEL by former employees, Schoulee Cones and Dexter Pasis, in which they claim the Company misclassified their positions as exempt from overtime pay (*Schoulee Cones v. PAREXEL International Corporation*, U.S. District Court, Southern District of California, Case No. 3:16-cv-03084-L-BGS). The Plaintiffs claim that they and other clinical monitoring associates and clinical research associates were not paid overtime, denied meal and rest breaks, received inaccurate wage statements, and/or were not timely paid wages upon the termination or resignation of their employment. Plaintiffs seek to certify a class action on behalf of current and former PAREXEL employees in the State of California and to certify a nationwide collective action. The court has not yet determined if this litigation can go forward as a class or collective action, nor has it determined if the claims have any merit. However, PAREXEL takes this matter seriously, and is therefore investigating the claims.

**By signing this document, I acknowledge that, prior to signing any declaration, I was advised of and understood the following:**

(a)    I am a potential member of the class that the Plaintiff seeks to certify in this case and my interests may ultimately be adverse to PAREXEL's interests.

(b)    My participation in the interview is entirely voluntary.

(c)    I may be asked to sign a declaration summarizing the information I provided during the interview and verifying that it was true and correct. I understand any decision by me to provide a declaration is purely voluntary. I understand the declaration would be signed under penalty of perjury.

(d)    The information I share during the interview might compromise my ability to make a wage claim against PAREXEL and the Company may use the declaration in defense of any claim brought by me or other employees.

(e)    It is possible that, as a result of signing a declaration, the parties to the lawsuit may seek to take a deposition from me during the course of the litigation to ask about my duties and responsibilities at PAREXEL.

(f)    I have been advised that PAREXEL cannot and will not retaliate against me, or take any action against me, based upon my decision to participate or not to participate in the interview, or on my decision to sign or not sign a declaration, or on the information I provide.

I also acknowledge that I have not been threatened, coerced or in any way intimidated to participate in the interview or sign a declaration.

Print Name    SAMIR ZUGHNI

Signature _____

Date    2/2/18

39525939v.1