UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHOULEE CONES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAREXEL INTERNATIONAL CORPORATION, et al., <br><br> Defendants. | Case No.: 3:16-cv-03084-L-BGS <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CERTIFICATION OF CLASS AND COLLECTIVE ACTION** |

Pending before the Court is Plaintiffs Shoulee Cones' and Dexter Pasis' (collectively "Plaintiffs") motion for certification of a class and collective action. Plaintiffs allege that Defendant Parexel International Corporation ("Parexel") improperly classified its three Clinical Research Associate ("CRA") positions and its three Clinical Monitoring Associate ("CMA") positions as exempt. In this case, determination of exemption status requires an inquiry into whether employees serving as CRAs and CMAs spend more than half of their time performing exempt tasks, including tasks that require the exercise of discretion and judgment. Wage Order 4-2001(1)(B)(1)(e). Plaintiffs assert this can be done on a class / collective action basis through common proof.

In its Opposition, Parexel submits numerous declarations from CRA and CMA employees suggesting that (1) these employees do exercise discretion and judgment in

1

performing their duties and (2) the amount of time they spend on tasks requiring the exercise of discretion and judgment varies depending upon an employee's job classification and the specific work the employee is performing in a given week. Such declaration testimony ("Declarations") seem highly relevant to the present motion because they tend to suggest that a class / collective action may be inappropriate if an individualized inquiry into each employee is necessary to determine exemption status. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 947 (9th Cir. 2009).

In their Reply, Plaintiffs contend that the Court should strike the Declarations under Federal Rule of Civil Procedure 37(C)(1) because Parexel allegedly did not timely disclose the names of these declarants and thus denied Plaintiffs' counsel the opportunity to depose them. (Reply [Doc. 118] 13–15.) Because this discovery dispute could be outcome determinative, the Court **DENIES** Plaintiffs' motion for class / collective action certification without prejudice. Before refiling, Plaintiffs shall file their motion to strike before Magistrate Judge Bernard G. Skomal.

**IT IS SO ORDERED.**

Dated: August 23, 2018

Hon. M. James Lorenz
United States District Judge