UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHOULEE CONES, an individual on behalf of herself and all others similarly situated, and DEXTER PASIS, and individual on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PAREXEL INTERNATIONAL CORPORATION and PAREXEL INTERNATIONAL, LLC,<br><br>　　　　　　　　　　Defendants. | Case No.: 16cv3084 L (BGS)<br><br>**ORDER GRANTING MOTION TO QUASH PLAINTIFFS' SUBPOENA TO IQVIA (FORMERLY QUINTILES) AND INVENTIV HEALTH CLINICAL**<br><br>[ECF No. 77] |

Defendants Parexel International Corporation and Parexel International, LLC ("Defendants") move to quash Plaintiffs Schoulee Cones and Dexter Pasis' ("Plaintiffs") subpoenas directed to IQVIA and inVentive Health Clinical. (ECF No. 77.) Plaintiffs have filed an Opposition to the Motion, and Defendants have filed a Reply. (ECF Nos. 81-82.) For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

Defendants move to quash subpoenas issued to IQVIA and inVentive Health seeking employee records for two current Parexel employees. The employees were employed by IQVIA and inVentive prior to their employment with Parexel. The subpoenas essentially seek the entirety of each employee's employment records from their respective former employers. Neither individual is a party to this case, but Defendants identified them, in Supplemental Initial Disclosures, as individuals who are "anticipated to have information regarding the various requirements, duties, and performance expectations of the CRA position." (Decl. of James M. Treglio (Treglio Decl.), Ex. 11.) Defendants brief indicates the update was prompted by these individuals providing declarations. (Mot. at 2.)

The subpoenas were emailed to Defendants' counsel on March 8, 2018 and were received by mail by Defendants' counsel on March 13, 2018. (Decl. of Michael Kopp ¶ 4.) The subpoenas demanded a response by March 19, 2018. (*Id.*, Ex. A.) The subpoenas were not provided directly to either individual whose records were being sought. (*Id.* at ¶ 4.)

## II. DISCUSSION

### A. Legal Standard

Rule 45 allows a party to subpoena a non-party to produce documents. Fed. R. Civ. P. 45(a)(1)(C); Fed. R. Civ. P. 34(c)("As permitted in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection"). It must meet the same relevancy requirements applicable to any discovery sought. The "scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) ("The Advisory Committee Notes to Rule 45 state that 'the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules,' which in turn is the same as under Rule 26(b)."); *see also Moon v. SCP*

*Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citing Advisory Committee Notes and finding scope of discovery under Rule 45 is the same as Rule 34).

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" giving consideration to numerous factors including the burden of the discovery as compared to its benefit. "A court determining the propriety of a subpoena balances the relevancy of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *ATS Products, Inc.*, 309 F.R.D. at 531 (N.D. Cal. 2015) (quoting *Gonzales v. Google, Inc.*, 234 F.R.D 674, 680 (N.D. Cal. 2006)). "The party moving to quash bears the 'burden of persuasion'" under Rule 45(d)(3). *Id.* (quoting *Moon*, 232 F.R.D. at 637).

Under Rule 45, the court "must quash or modify a subpoena that . . . requires disclosure of privilege or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). To determine whether a subpoena presents an undue burden, courts 'weigh the burden to the subpoenaed party against the value of the information to the serving party.'" *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005); *Moon*, 232 F.R.D. at 637. A party cannot simply object "to a subpoena served on a non-party, but rather, must seek a protective order or make a motion to quash." *See Moon*, 232 F.R.D. at 636; *see also Pennwalt Corp. v. Durand-Wayland Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983).

**B.  Analysis**

Defendants raise numerous challenges to these subpoenas, including failure to properly serve, an unreasonably short response time, lack of relevancy, invasion of privacy, undue burden, overbroad and not proportional to the needs of the case, and

propounded for the improper purpose of harassing these individuals.[1] Plaintiffs argue that Defendants do not have standing to challenge the subpoenas seeking employment records of Defendants' employees and claim the records are relevant because the Court previously indicated during a discovery conference that Plaintiffs' employment records were relevant.[2] Because there are numerous problems with these subpoenas, from service to Plaintiff's relevancy argument, the Court only briefly addresses each issue.

As a threshold issue, the return time on the subpoenas, 4 business days and six total days, was unreasonable. Under Rule 45(3)(A)(1), "the court . . . must quash or modify a subpoena that fails to allow a reasonable time to comply." Plaintiffs fail to address this issue at all, providing no explanation for the unreasonably short response time or any indication why they waited almost a month after receiving this disclosure to subpoena these records. Based on the record before the Court and the absence of any explanation from Plaintiffs, it appears any urgency in the return time was of Plaintiffs' own making. On this ground alone, the subpoenas can be quashed.

---

[1] Defendants also argue the subpoenas should be quashed because Plaintiffs have refused to meet and confer on this issue despite repeated attempts by Defendants' counsel to do so. As the Court explained in a prior order issued after this Motion had been filed, the Court will not quash the subpoenas on this basis given there may have been some confusion on this point. However, the Court expects counsel will meet and confer regarding any issue either party intends to raise with the Court before raising it with the Court as required by Chambers Rules.

[2] Plaintiffs Opposition also includes a footnote that begins "[i]t should also be noted" that references document requests they believe Defendants have not properly responded to that may relate to these witnesses. (Pls' Opp'n at 9, n.3.) However, the only issue before this Court is whether to quash the two subpoenas. Document requests have not been raised with the Court. Even assuming it would be proper to rule on an issue raised for the first time via a footnote in an opposition, there is not sufficient information for the Court to address it. Putting aside the absence of analysis or law (other than reference to Rule 37), Plaintiffs do not indicate when this issue became ripe, why they did not timely raise it with the Court pursuant to the undersigned's Chambers Rules, or provide sufficient information for the Court to address it.

As to service, Plaintiffs' assertion that the individuals were served is not persuasive. Plaintiffs do not argue they were not obligated to serve them, but rather claim that providing them to Defendants' counsel constituted proper service. Plaintiffs rely on a statement in Defendants' Supplemental Initial Disclosures indicating that "Parexel requests that individuals it employs be contacted through its counsel of record." (Treglio Decl., Ex. 11.) Plaintiffs interpret this language to mean that Defendants' counsel is both representing them and accepting service on their behalf.[3] However, Plaintiffs cite no authority for the proposition that this request by Defendants' counsel in a supplement to its initial disclosures that does not address legal representation or service constitutes these individuals choosing to retain Defendants' counsel to represent them or consent to Defendants' counsel accepting service on their behalf. Nor do Plaintiffs explain why they ignored Defendants' counsel's advisement that they were not properly served. Accordingly, mailing these subpoenas to Defendants' counsel did not constitute service of either individual. In the same vein, Plaintiffs' reliance on the lack of objection or a motion to quash from the individuals, as opposed to Defendants, to suggest they do not have the concerns raised is misplaced. It is not surprising that individuals whose employment records were sought did not move to quash themselves when they were not served.

Additionally, as noted above, "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45 advisory committee's note. And, the Court has a duty to control discovery and ensure discovery does not exceed the scope dictated in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of

---

[3] Defendants' counsel indicated in his Reply that he informed Plaintiffs' counsel that service was not proper the day after receipt and that he could not accept service on behalf of these individuals along with other deficiencies, but received no response from Plaintiffs' counsel. (Reply Declaration of Michael Kopp ¶ 2.) This Motion followed very shortly thereafter given the short return time on the subpoenas.

5

16cv3084 L (BGS)

discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).") Defendants argue that these subpoenas were issued to harass these individuals into not being witnesses in this case. More specifically, that the records sought by the subpoenas are completely irrelevant.[4] Plaintiffs' argue that because Plaintiffs' employment records with another employer were relevant these potential witnesses' employment records must be equally relevant.[5] Plaintiffs emphasize the parties' respective positions previously taken regarding Plaintiffs' employment records.[6] However, Plaintiffs fail to address how the employment records of these individuals are relevant to this case, or even draw a parallel

---

[4] Because the Court finds Plaintiffs have failed to make any showing that the records they are seeking are relevant, the Court does not address the issue of these individuals' privacy rights in their employment records. The Court does, however, note that some courts have found that employment records require a specific showing as to relevance before they are deemed discoverable. *See, e.g., Paananen v. Cellco P'ship*, 2009 WL 2057048 at *3 (W.D. Wash. July 14, 2009). And, production of employment records may be denied or narrowly tailored to balance the needs of the case against an individual's reasonable expectation of privacy. *Prof'l Recovery Servs., Inc. v. Gen. Elec. Capital Corp.*, 2009 WL 137326, *4 (D. N.J. Jan. 15, 2009).

[5] The Court does not address at this time Plaintiffs' argument that these records might be relevant to an industry standard defense. At the time this subpoena was issued, the parties were limited to discovery related to class certification and Plaintiffs have not explained in their briefing how this defense would be related to class certification.

[6] Plaintiffs also argue this Court must treat these witnesses' employment records from a prior employer the same way it treated Plaintiffs' employment records from a subsequent employer. Plaintiff's suggestion that the Court ruled on their relevancy and reliance on a single statement by the Court is, at best, misinformed. (Pls' Opp'n at 1; 1, n.1; 7-8.) The selective quotation ignores the following 11 pages of transcript in which the Court hears argument on the issue and brokers a compromise both counsel agreed to as to production of Plaintiffs' employment records from a subsequent employer. (ECF 61 at 39-51.) Equally troubling is counsel's incomplete quotation of the Court early in this 11-page discussion. (Pls' Opp'n at 1, n.1.) Plaintiff quotes the following: "'So if I – if I serve a subpoena on the two witnesses I deposed in Boston for their former employers, then that's fair game?' To which the Court replied, 'you do whatever you need to do.'" (*Id.*) Plaintiffs' counsel conveniently excises "I'm not making any rulings" from the middle of the quote. (ECF 61 at 40.)

between Plaintiffs and these individuals. Plaintiffs essentially argue that because Plaintiffs' employment records were relevant, employment records of anyone must be relevant. This does not make any sense. There are likely many differences, but the Court notes two that seem particularly critical. First, Plaintiffs are plaintiffs, not witnesses. Plaintiffs have filed this case and made allegations in this case regarding their job duties at Parexel and their representations to subsequent employers, about what they did at Parexel might cast doubt on the veracity of those allegations and might undermine their adequacy to serve as a class representative. Second, Defendants sought Plaintiffs' employment records from a *subsequent* employer. Plaintiffs are seeking employment records from these individuals' *prior* employers. Even if witnesses and parties were equivalent, these individuals would not have made representations about their employment with Parexel to potentially be undermined by their employment records because they worked for them *before* they worked for Parexel. Given the absence of any other basis for relevancy from Plaintiffs,[7] the Court could only speculate how their employment records before they worked for Parexel would be in anyway relevant to this litigation.

Finally, while the subpoenas list categories of documents, these subpoenas essentially seek these individuals' entire employment files. In this respect, the demands are overbroad. *See Lewin v. Nackard*, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010); *Belling v. DDP Holdings, Inc.*, 2013 WL 12140986, at *3 (C.D Cal. May 30, 2013). If Plaintiffs attempt to cure the deficiencies noted above and obtain any employment

---

[7] Plaintiffs' brief requests that if the Court finds these subpoenaed documents are not relevant, it prohibit Defendants from using Plaintiffs' employment records. This is based on Plaintiffs' inaccurate assertion that the Court issued a ruling on the relevancy of Plaintiff's employment records and Plaintiffs' argument, rejected above, that all employment records of anyone have the same relevancy to this case as Plaintiffs' employment records with a subsequent employer. Given the Court's conclusion that there are critical differences in the relevancy of Plaintiffs' employment records with a subsequent employer and these nonparties' records, the Court denies that request.

records from these individuals' prior employers at any point in this litigation, they should narrow the request, giving due consideration to the relevancy of the documents sought rather than broadly treating all employment records the same.

## CONCLUSION

The Motion to Quash is **GRANTED**.

Dated: August 24, 2018

_____
Hon. Bernard G. Skomal
United States Magistrate Judge